# EXHIBIT 2

DECLARATION OF VIRGINIA VALENTINE

1  Adam Hosmer-Henner (NSBN 12779)
   A.G. Burnett (NSBN 5895)
2  Jane Susskind (NSBN 15099)
   Katrina Weil (NSBN 16152)
3  Cassin Brown (NSBN 15877)
   **McDONALD CARANO LLP**
4  100 West Liberty Street, 10th Floor
   Reno, NV 89501
5  Telephone: (775) 788-2000
   ahosmerhenner@mcdonaldcarano.com
6  agburnett@mcdonaldcarano.com
   jsusskind@mcdonaldcarano.com
7  kweil@mcdonaldcarano.com
   cbrown@mcdonaldcarano.com
8
   *Attorneys for Nevada Resort Association*
9

10                **UNITED STATES DISTRICT COURT**

11                      **DISTRICT OF NEVADA**

| | |
|---|---|
| KALSHIEX, LLC, | Case No.: 2:25-CV-00575-APG-BNW |
| Plaintiff, | **DECLARATION OF VIRGINIA VALENTINE** |
| v. | |
| KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; NEVADA GAMING CONTROL BOARD; JENNIFER TOGLIATTI, in her official capacity as Chair of the Nevada Gaming Commission; ROSA SOLIS-RAINEY, in her official capacity as a Member of the Nevada Gaming Commission; BRIAN KROLICKI, in his official capacity as a Member of the Nevada Gaming Commission; GEORGE MARKANTONIS, in his official capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSION; AARON D. FORD, in his official capacity as Attorney General of Nevada, | |
| Defendants. | |
| vs. | |
| NEVADA RESORT ASSOCIATION, proposed Intervenor-Defendant. | |

I, Virginia Valentine, declare as follows:

1. I am over the age of 18 years and a resident of Clark County, Nevada. I make this declaration based upon personal knowledge, except where stated to be upon information and belief, and as to that information, I believe it to be true. If called upon to testify as to the contents of this declaration, I am legally competent to testify to the contents of this declaration in a court of law.

1. I am the President and CEO of Nevada Resort Association ("NRA").

2. I submit this Declaration in support of the NRA's Emergency Motion to Intervene ("Motion").

3. The NRA was established in 1965 and is the primary advocacy voice for Nevada's largest industry, the gaming and resort hotel industry.

4. In the 2024 fiscal year, Nevada's gaming and resort industry generated $98 billion in total economic impact, accounting for 37% of Nevada's gross domestic product ("GDP"). It also supported 436,600 jobs, which makes up 28% of Nevada's total employment. Moreover, the resort industry's tax contributions in 2024 accounted for 34% of Nevada's general fund.

5. Tasked with representing this important industry, the NRA provides information, perspective, and industry insight for decision makers throughout the state. This includes advocating and adopting policies related to state gaming issues, monitoring government and regulatory activities in Nevada that affect the gaming and resort sector, and providing economic data and industry insights to support the industry's interests and inform public policy.

6. The NRA is a strong champion of Nevada's gaming regulatory system. Recognizing that this system is an integral part of Nevada's success and the standard upon which almost all other national and international gaming regulatory agencies have followed, the NRA advises and advocates for this regulatory scheme.

7. The NRA's membership is widespread and includes over 70 gaming and resort establishments throughout both Northern and Southern Nevada, including several that operate sportsbooks licensed under Nevada law.

/ / /

8. In representing its members' interests and the broader interests of the gaming and resort industry, the NRA has previously intervened in numerous cases in federal and state court. Intervention was necessary in these cases to adequately protect the NRA and its members, who would be directly and adversely affected by potential decisions.

9. Here too, the NRA and its members will be directly and adversely affected by this litigation, as Kalshi presents unprecedented and novel arguments that threaten to disrupt a historically heavily regulated gaming industry. The NRA and its members have an interest in well-regulated sports betting markets to ensure the trust of consumers and have worked tirelessly to build a reputation of public confidence. Kalshi seeks to completely overturn this regulatory regime and poses a threat to the NRA and its members by offering a betting product without any regulatory guardrails or consumer protections. Indeed, Kalshi's actions threaten the state's largest economic driver and endanger the critical economic support that gaming provides.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on: May 14, 2025.

By: */s/ Virginia Valentine*
Virginia Valentine
President, Nevada Resort Association