# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KALSHIEX, LLC, | Case No.: 2:25-cv-00575-APG-BNW |
| Plaintiff | **Order Granting Motion to Intervene** |
| v. | [ECF No. 57] |
| KIRK D. HENDRICK, et al., | |
| Defendants | |

The Nevada Resort Association (NRA) moves to intervene in this case under Federal Rule of Civil Procedure 24. ECF No. 57.  The State defendants are in favor but plaintiff Kalshi opposes.

Courts "construe Rule 24(a) liberally in favor of potential intervenors." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006).  To determine whether intervention as of right is appropriate, I must consider whether (1) the motion is timely; (2) the NRA has a "significantly protectable" interest relating the subject of the action; (3) the disposition of this case may impair or impede the NRA's ability to protect that interest; and (4) the NRA's interest is adequately represented by the State defendants. *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993), abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

The NRA's motion to intervene was timely filed 47 days after Kalsi filed its complaint. No discovery has occurred and no substantive rulings have been made other than my decision on Kalshi's motion for an injunction, which I handled on an expedited basis.  And Kalshi demonstrates no prejudice by allowing the NRA to intervene.

1    The NRA's members have significantly protectable interests in their Nevada gaming

2  licenses that they have spent substantial sums to obtain, maintain, and protect.  If Kalshi prevails

3  in this case, the NRA members likely would be placed at a considerable competitive

4  disadvantage because Kalshi and others like it would not have to comply with Nevada's

5  comprehensive gaming laws, including prohibitions on bettors under 21 and types of bets

6  allowed. *Connecticut v. United States Dep't of the Interior*, 344 F. Supp. 3d 279, 299 (D.D.C.

7  2018) (recognizing "competitor standing" for a casino to intervene because the result of the case

8  would create new competition for the casino).  The NRA members benefit from the well-

9  regulated market of betting in Nevada, and Kalshi's efforts in this case could erode that market

10  and the regulations that make it fair for the public and profitable for licensees.  Thus, the

11  disposition of this case may impair the NRA members' ability to protect their interests.

12    Finally, the NRA's interests may not be adequately represented by the current defendants.

13  "[I]ntervention of right does not require an absolute certainty that . . . existing parties will not

14  adequately represent [the proposed intervenor's] interests." *Citizens for Balanced Use v.*

15  *Montana Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011).  The intervenor need make only a

16  "minimal showing" that the current "defendants' representation 'may' be inadequate." *United*

17  *States v. City of Los Angeles, Cal.*, 288 F.3d 391, 402 (9th Cir. 2002).  Here, the State

18  defendants' interests include enforcing the Nevada gaming laws "to preserve public trust and

19  confidence and to protect the State's reputation." ECF No. 34 at 23.  On the other hand, the

20  NRA's members are concerned about the competitive disadvantages they face if Kalshi is

21  unregulated by states, and they can discuss the impacts on gaming entities licensed in multiple

22  states.  The defendants' pending motion to dismiss demonstrates some of the divergent interests,

23  as it focuses on the defendants' immunities and the peculiar service and party requirements of

suing state officials. ECF No. 50 at 4-9.  Those issues are not relevant to the NRA.  The State defendants admit that "the Nevada Resort Association and its members have a unique interest in the merits of this litigation and can provide the Court with a perspective on the harm caused to licensed entities in Nevada's gaming industry that the Defendants would be unable to fully offer." ECF No. 63 at 2.  The NRA thus qualifies for intervention as of right under Rule 24(a).

Even if the NRA does not qualify for intervention as of right under Rule 24(a), I would grant permissive intervention under Rule 24(b)(1)(B).  "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  The third prong—independent jurisdiction—"drops away" where, as here, the intervener in a federal question case asserts no new claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).  Kalshi opposes permissive intervention only on the timeliness prong. ECF No. 65 at 15.  But as discussed above, the NRA moved to intervene quickly, intervention will not unduly delay this case, and Kalshi will not be prejudiced if the NRA joins.  And the NRA clearly shares common questions of law and fact with this case.  So I would grant permissive intervention even if the NRA did not qualify for intervention as of right.

I THEREFORE ORDER that the NRA's motion to intervene **(ECF No. 57) is granted**.

DATED this 2nd day of June, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE