AARON D. FORD
  Attorney General
Jessica E. Whelan (Bar No. 14781)
  Chief Deputy Solicitor General – Litigation
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3773 (fax)
jwhelan@ag.nv.gov
sclinton@ag.nv.gov

*Attorneys for State Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KALSHIEX, LLC, | Case No. 2:25-cv-00575-APG-BNW |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF** |
| KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; NEVADA GAMING CONTROL BOARD; JENNIFER TOGLIATTI, in her official capacity as Chair of the Nevada Gaming Commission; ROSA SOLIS-RAINEY, in her official capacity as a Member of the Nevada Gaming Commission; BRIAN KROLICKI, in his official capacity as a Member of the Nevada Gaming Commission; GEORGE MARKANTONIS, in his official capacity as a Member of the Nevada Gaming Commission; ABBI SILVER, in her official capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSION; AARON D. FORD, in his official capacity as Attorney General of Nevada, | |
| Defendant(s). | |

**DEFENDANTS' ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF**

Defendants, KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board, CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; NEVADA GAMING CONTROL BOARD; JENNIFER TOGLIATTI, in her official capacity as Chair of the Nevada Gaming Commission, ROSA SOLIS-RAINEY, in her official capacity as a Member of the Nevada Gaming Commission; BRIAN KROLICKI, in his official capacity as a Member of the Nevada Gaming Commission, GEORGE MARKANTONIS, in his official capacity as a Member of the Nevada Gaming Commission; ABBI SILVER, in her official capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSION; and AARON D. FORD, in his official capacity as Attorney General of Nevada (collectively "Defendants"), by and through their attorneys of record, answer Plaintiff's Complaint for Injunction and Declaratory Relief as follows:

## INTRODUCTION

1.  Defendants admit that the Nevada Gaming Control Board ("NGCB") and the Nevada Gaming Commission ("NGC") seek to prevent Plaintiff KalshiEX, LLC ("Kalshi") from offering sports- and political-event wagering contracts in Nevada. Defendants deny the remaining allegations of this paragraph.

2.  Defendants admit that, in 1936, Congress passed the Commodity Exchange Act ("CEA"), which enacted a federal regulatory framework for derivatives, and that in 1974, Congress established a federal agency called the CFTC to oversee it. Defendants deny the remaining allegations of this paragraph.

3.  The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

/ / /

4. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

5. Defendants deny that the NGCB and NGC are "threatening to intrude on the comprehensive federal scheme for regulated designated exchanges." The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

6. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

7. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

8. Defendants deny the allegations of this paragraph.

9. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that Kalshi filed a motion for temporary restraining order/preliminary injunction concurrently with the filing of the Complaint but lack knowledge sufficient to form a belief about the truth the remaining allegations of this paragraph and therefore deny the same.

## **JURISDICTION AND VENUE**

10. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendants admit the allegations of this paragraph.

11. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

12. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendants admit the allegations of this paragraph.

/ / /

/ / /

## PARTIES

13. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

14. Defendants admit the allegations of this paragraph, with the qualification that, on June 23, 2025, Mike Dreitzer assumed the office of Chairman of the Nevada Gaming Control Board.

15. Defendants admit the allegations of this paragraph.

16. Defendants admit the allegations of this paragraph.

17. Defendants deny the allegations of this paragraph.

18. Defendants admit the allegations of this paragraph.

19. Defendants admit the allegations of this paragraph.

20. Defendants admit the allegations of this paragraph.

21. Defendants admit the allegations of this paragraph.

22. Defendants admit the allegations of this paragraph.

23. Defendants deny the allegations of this paragraph.

24. Defendants admit the allegations of this paragraph.

## FACTUAL ALLEGATIONS

25. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

26. Defendants admit that event contracts are traded on an exchange and that traders exchange positions with other traders in the marketplace. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

27. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

28. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

///

29. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

30. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

31. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

32. Defendants admit that futures contracts have been regulated by the federal government and that, in 1936, Congress passed the CEA. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

33. Defendants admit that, in 1974, Congress established the CFTC as the federal agency empowered to oversee and regulate exchanges under the CEA. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

34. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

35. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

36. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

37. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

///

///

38. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

39. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

40. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

41. Defendants admit that, in 2010, Congress amended the CEA. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

42. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

43. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

44. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

45. Defendants admit the allegations of this paragraph.

46. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

47. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

48. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

///

49. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

50. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

51. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

52. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

53. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

54. Defendants lack knowledge sufficient to form a belief about the truth of the allegations of this paragraph and therefore deny the same.

55. This paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

56. This paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

57. This paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

58. Defendants deny the allegations of this paragraph.

59. Defendants admit that, on or about March 13, 2025, the Nevada authorities extended the deadline to respond to the cease-and-desist letter by two weeks, to March 28, 2025.

///

60. Defendants admit that, on March 28, 2025, Kalshi failed to convince the Nevada authorities that Kalshi's event contracts in Nevada were lawful. Defendants admit that Kalshi filed its complaint the same day. Defendants deny the remaining allegations of this paragraph.

**REQUESTS FOR RELIEF**

61. Defendants deny the allegations of this paragraph.

62. Defendants admit that an actual and substantial legal controversy exists between Plaintiff and Defendants. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

63. Defendants admit that, through its Complaint, Plaintiff seeks declaratory and injunctive relief restraining Defendants from enforcing Nevada law. The remaining allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

**COUNT I**
**(Supremacy Clause—Preemption by Commodities Exchange Act)**

64. Defendants incorporate all prior paragraphs by reference.

65. This paragraph purports to quote from a document, which speaks for itself. Defendants deny any allegation that is inconsistent with the document. Defendants admit the remaining allegations of this paragraph.

66. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

67. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

///

68. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

69. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

70. The allegations of this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to properly name the State of Nevada pursuant to NRS 41.031(2) and therefore is void ab initio for failure to invoke the subject matter jurisdiction of this Court.

2. Plaintiff failed to effectuate proper service on Defendants pursuant to NRS 41.031(2).

3. The Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff's claim is barred, in whole or in part, by Eleventh Amendment immunity.

5. Plaintiff's claim is barred, in whole or in part, by official act immunity.

6. Plaintiff's claim is barred, in whole or in part, by discretionary act immunity.

7. Plaintiff's claim is barred by the Tenth Amendment.

8. Plaintiff's claim is barred by the doctrine of judicial estoppel.

9. Plaintiff's claim is barred by the doctrine of collateral estoppel.

10. Plaintiff's claim is barred by the doctrine of unclean hands.

11. Plaintiff cannot show that it will suffer irreparable harm.

12. Plaintiff has failed to mitigate any alleged harm.

///

///

13. Congress did not intend to preempt state gaming laws with the enactment of the Commodity Exchange Act.

14. Nevada State Gaming Laws do not conflict with the Commodity Exchange Act.

15. The presumption against preemption in areas traditionally regulated by the states bars Plaintiff's claim.

16. Defendants incorporate and assert any and all affirmative defenses advanced by Intervenors in this action.

17. Defendants incorporate and assert the affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure.

18. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available for Defendants after reasonable inquiry, and, therefore, Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request:

1. That Plaintiff takes nothing by way of their Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice; and

3. For such other and further relief as this Court deems just and proper.

DATED this 1st day of July, 2025.

                    AARON D. FORD
                    Attorney General

                    By: */s/ Jessica E. Whelan*
                        Jessica E. Whelan (Bar No. 14781)
                         Chief Deputy Solicitor General - Litigation
                        Sabrena K. Clinton (Bar No. 6499)
                         Senior Deputy Attorney General
                        State of Nevada
                        Office of the Attorney General
                        jwhelan@ag.nv.gov
                        sclinton@ag.nv.gov

                    *Attorneys for State Defendants*