| | |
|---|---|
| Dennis L. Kennedy (Bar No. 1462)<br>Paul C. Williams (Bar No. 12524)<br>**BAILEY KENNEDY**<br>8984 Spanish Ridge Avenue<br>Las Vegas, NV 89148<br>Telephone: (702) 562-8820<br>dkennedy@baileykennedy.com<br>pwilliams@baileykennedy.com<br><br>Neal Kumar Katyal (*Pro Hac Vice*)<br>Joshua B. Sterling (*Pro Hac Vice*)<br>William E. Havemann (*Pro Hac Vice*)<br>**MILBANK LLP**<br>1850 K Street, Suite 1100<br>Washington D.C. 20006<br>Telephone: (202) 835-7505<br>nkatyal@milbank.com<br>jsterling@milbank.com<br>whavemann@milbank.com<br><br>*Attorneys for Plaintiff* | AARON D. FORD<br>  Attorney General<br>Jessica E. Whelan (Bar No. 14781)<br>  Chief Deputy Solicitor General<br>Sabrena K. Clinton (Bar No. 6499)<br>  Senior Deputy Attorney General<br>**State of Nevada**<br>**Office of the Attorney General**<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>Telephone: (702) 486-342<br>jwhelan@ag.nv.gov<br>sclinton@ag.nv.gov<br><br>*Attorneys for State Defendants* |

Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)
Cassin Brown (NSBN 15877)
**McDONALD CARANO LLP**
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-2000
ahosmerhenner@mcdonaldcarano.com
agburnett@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kweil@mcdonaldcarano.com
cbrown@mcdonaldcarano.com

*Attorneys for Intervenor*
*Nevada Resort Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KALSHIEX, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming | Case No.: 2:25-CV-00575-APG-BNW<br><br>**DISCOVERY PLAN & SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f)(3) AND LR 26-1**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED PURSUANT TO LR 26-1(a)** |

Control Board; CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; NEVADA GAMING CONTROL BOARD; JENNIFER TOGLIATTI, in her official capacity as Chair of the Nevada Gaming Commission; ROSA SOLIS-RAINEY, in her official capacity as a Member of the Nevada Gaming Commission; BRIAN KROLICKI, in his official capacity as a Member of the Nevada Gaming Commission; GEORGE MARKANTONIS, in his official capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSION; AARON D. FORD, in his official capacity as Attorney General of Nevada,

Defendants.

vs.

NEVADA RESORT ASSOCIATION,

Intervenor-Defendant.

Plaintiff KalshiEX, LLC ("Plaintiff"), Defendants Kirk D. Hendrick, George Assad, Chandeni K. Sendall, Nevada Gaming Control Board, Jennifer Togliatti, Rosa Solis-Rainey, Brian Krolicki, George Markantonis, Nevada Gaming Commission, and Aaron D. Ford (collectively "Defendants") and Intervenor-Defendant Nevada Resort Association ("Intervenor-Defendant") (collectively the "Parties"), by and through their attorneys or record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and this Court's May 30, 2025 Order (ECF No. 71).

**Plaintiff's Prefatory Position on Discovery**: Plaintiff maintains that no discovery is warranted because this case presents pure questions of law. Plaintiff accordingly plans to move for summary judgment no later than August 1, 2025. At a status conference on April 15, 2025, Chief Judge Gordon indicated that a motion for summary judgment would be appropriate given Plaintiff's view that no discovery is warranted. In the meantime, the Court should not permit any discovery to commence and thereby avoid subjecting Plaintiff to the cost and burden of discovery even as Chief Judge Gordon is deciding whether the case can be resolved as a matter of law with no discovery. Upon seeking summary judgment, Plaintiff intends to file a motion for a stay of discovery to explain

2

in more detail why this matter warrants no further factual development. But Plaintiff summarizes its position here.

This case presents the question whether federal law preempts certain Nevada gambling statutes as applied to Plaintiff. As both the Supreme Court and Ninth Circuit have reaffirmed, preemption "presents a purely legal question." *In re Bard IVC Filters Prod. Liab. Litig.*, 969 F.3d 1067, 1073 (9th Cir. 2020). "Preemption is almost always a legal question, the resolution of which is rarely aided by development of a more complete factual record." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 761–62 (9th Cir. 2014) (quotation marks omitted); *Atay v. County of Maui*, 842 F.3d 688, 698 (9th Cir. 2016) ("The district court did not abuse its discretion in concluding that SHAKA had failed to show that additional facts were essential to its ability to oppose summary judgment on preemption grounds."). Accordingly, the topics related to preemption for which Defendants and Defendant-Intervenor seek discovery involve legal questions that require no factfinding.

Defendants and Defendant-Intervenor additionally seek discovery related to the magnitude of Plaintiff's harm. But Chief Judge Gordon already found that Plaintiff established irreparable harm because it "faces a Hobson's choice" between complying with preempted state laws or incurring "civil and criminal liability." *KalshiEX, LLC v. Hendrick*, No. 25-cv-00575, 2025 WL 1073495, at *7 (D. Nev. Apr. 9, 2025). Plaintiff's monetary harm is likewise irreparable as a matter of law because the Tenth Amendment would bar Plaintiff from recovering damages in this suit against state agencies and officials under *Ex Parte Young*. "Economic harm is not normally considered irreparable," but "such harm is irreparable" where, as here, a plaintiff "will not be able to recover monetary damages." *California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018). The harm analysis "focuses on irreparability, 'irrespective of the magnitude of the injury.'" *Id.* (quoting *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999)).

Should the Court nonetheless conclude that Defendants and Defendant-Intervenor are entitled to discovery, Plaintiff reserves the right to seek discovery from them, including with respect to their assertions about their own harms and the public interest.

1  As noted above, Plaintiff intends to move for summary judgment by August 1, 2025, at which time it will seek a stay of discovery and explain in more detail why no discovery is warranted. In the meantime, Kalshi respectfully requests that this Court decline to approve Defendants' and Defendant-Intervenor's Discovery Plan. A short period of abeyance would avoid interfering with Chief Judge Gordon's judgment regarding whether this case can be resolved with no factfinding. In a recent comparable case, this Court agreed to await resolution of a dispositive motion before ordering discovery "[g]iven the legal nature" of arguments presented. *Brown v. Am. Homes 4 Rent, LP*, 2024 WL 4826454, at *2 (D. Nev. Nov. 18, 2024).

**Defendants' and Intervenor-Defendant's Prefatory Position on Discovery**:

Defendants and Intervenor-Defendant propose that discovery in this action proceed in the normal course, although along a shortened discovery schedule to account for the pending preliminary injunction. Discovery is necessary in this action, among other reasons, to identify and evaluate exactly what sports event contracts Plaintiff is offering so that the Court's decision is made based on vetted facts rather than Plaintiff's representations, and to evaluate Plaintiff's claims of conflict preemption, which is typically a fact-dependent inquiry rather than a pure question of law. *See Chowdhury v. Northwest Airlines Corp.*, 238 F.Supp.2d 1153, 1157 (N.D. Cal., 2002) (declining to decide whether state law claim was preempted by the Airline Deregulation Act before discovery had been conducted) (quoting *The Colorado Anti—Discrimination Commission v. Continental Air Lines, Inc.*, 372 U.S. 714, 719 (1963) ("The line separating the powers of a State from the exclusive power of Congress is not always distinctly marked; courts must examine closely the facts of each case to determine whether the dangers and hardships of diverse regulation justify foreclosing a State from the exercise of its traditional powers.")). Discovery is further necessary to disprove Plaintiff's factual allegations and other contentions including but not limited to 1) that Plaintiff's sports event contracts are distinguishable from sports bets regulated by Nevada; 2) that the CFTC has allowed Plaintiff to offer its self-certified sports event contracts; 3) that Plaintiff's sports event contracts do not harm the public interest or create risk for Nevada customers, for the Nevada gaming industry, or for organized sports (professional or amateur) operating in Nevada; 4) prior statements of Kalshi or its representatives regarding the legality of offering sports event contracts; 5) that Plaintiff will suffer irreparable injury

absent a permanent injunction; and 6) that geofencing is cost prohibitive or otherwise unfeasible. Defendants and Intervenor-Defendant contend that Plaintiff's claims require vetting through discovery and that any decision rendered in favor of Plaintiff without discovery would not be defensible.

At a minimum, Plaintiff should be required to immediately seek a stay of discovery in compliance with the Local Rules, rather than delay this filing until they seek summary judgment at a later date. There is no reason for these motions to proceed in parallel and create further delay by postponing the Court's decision on whether Plaintiff can initiate this action yet avoid any discovery vetting its claims and representations. It is Defendants and Intervenor-Defendants' understanding from the May 16, 2025 status conference that the Court was inclined for the matter to proceed with discovery in the normal course.

1. **Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))** –

Defendants and Intervenor-Defendant submit that initial disclosures shall be exchanged within **14 days** from the date this Discovery Plan is entered.

2. **Pending Discovery Requests** – None.

3. **Discovery Subjects and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Certain Issues (Fed. R. Civ. P. 26(f)(3)(B))** – The Parties do not believe that phased discovery or the bifurcation of discovery is necessary.

Defendants and Intervenor-Defendant submit that discovery should be allowed on all claims and defenses in this action, including but not limited to:

    a)    Plaintiff's event contracts;

    b)    Plaintiff's market and liquidity, including whether Plaintiff participates as a market maker or has contractual or financial arrangements with affiliates to participate in the event contracts offered to customers;

    c)    Plaintiff's disclosures to customers;

    d)    Plaintiff's statements regarding the nature of its products and event contracts, including but not limited to investors, business partners, contractors, service providers, and similarly situated persons or entities;

  e) Plaintiff's communications with the CFTC and other federal agencies or entities;

  f) Plaintiff's marketing and advertising; and

  g) Plaintiff's customer protection efforts, know-your-customer efforts, and technological and financial safeguards.

4. **Proposed timing and sequence of discovery:**

Defendants and Intervenor-Defendant submit that the following discovery deadlines should be entered:

  a) Initial disclosures: 14 days after the date on which this Court's enters an order approving this Discovery Plan, or alternatively July 17, 2025.

  b) Discovery cut-off: 120 days after the date on which this Court's enters an order approving this Discovery Plan, or alternatively October 31, 2025.

  c) Amend pleadings or add parties: 90 days before the close of discovery pursuant to LR 26-1(b)(2), or alternatively August 1, 2025.

  d) Expert disclosures: 60 days before the close of discovery pursuant to LR 26-1(b)(3), or alternatively September 1, 2025.

  e) Expert rebuttal disclosures: 30 days after the initial expert disclosure deadline pursuant to LR 26-1(b)(3), or alternatively October 1, 2025.

  f) Dispositive motions: 15 days after the close of discovery, or alternatively November 17, 2025. The Parties further agree that any opposition to a dispositive motion shall be due 30 days after the filing of the motion, and any reply shall be due 30 days after the filing of the opposition.

  g) Pretrial order: 30 days after the discovery motion deadline pursuant to LR 26-1(b)(5), or alternatively December 17, 2025.

5. **Pretrial disclosures**: The disclosures required by FRCP 26(a)(3) and any objection thereto shall be included in the Pretrial Order. No changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a)(3).

6. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** LR 26-3 governs modifications or extensions of any discovery plan and scheduling order. Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline and comply fully with LR 26-3. Any request made within twenty-one days before the expiration will be supported by a showing of good cause pursuant to LR 26-3.

7. **Electronic Information**: The Parties have discussed the retention and production of electronic data. Should discovery occur, the Parties anticipate entering into an ESI Protocol and Stipulated Protective Order.

8. **Electronic Evidence**: The Parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations and have agreed to meet and confer to address any disagreements about the form of evidence presented to jurors but will comply with the District's Local Rules on electronic evidence.

9. **Privileged or Protected Documents**: The Parties believe a confidentiality stipulation may be necessary to protect their confidential and/or proprietary information in the event any discovery occurs. Should the Court order discovery, the Parties intend to work together to reach an agreed Stipulated Protective Order to address the protection of confidential, proprietary, and private information and will file an agreed-upon Stipulation with the Court, or separate ones for resolution by the Court if the Parties cannot agree.

10. **Alternative Dispute Resolution**: The Parties hereby certify pursuant to LR 26-1(b)(7) that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation (collectively, ADR). The Parties determined that ADR is not a viable option at this time.

/ / /

/ / /

/ / /

11. **Alternative Forms of Case Disposition** (L.R. 26-1(b)(8)). The Parties certify that they have considered consent to trial by a magistrate judge under U.S.C. 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), and do not consent to those alternative forms of case disposition at this time.

DATED this 2nd day of July, 2025.

**BAILEY KENNEDY**
**MILBANK LLP**

/s/ Paul C. Williams
Dennis L. Kennedy (Bar No. 1462)
Paul C. Williams (Bar No. 12524)
8984 Spanish Ridge Avenue
Las Vegas, NV 89148

William E. Havemann (Pro Hac Vice)
1850 K Street, Suite 1100
Washington D.C. 20006

*Attorneys for Plaintiff*

DATED this 2nd day of July, 2025.

**AARON D. FORD**
**Attorney General**

/s/ Sabrena K. Clinton
Jessica E. Whelan (Bar No. 14781)
  Chief Deputy Solicitor General
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119

*Attorneys for State Defendants*

DATED this 2nd day of July, 2025.

**McDONALD CARANO LLP**

/s/ Adam Hosmer-Henner
Adam Hosmer-Henner (Bar No. 12779)
A.G. Burnett (Bar No. 5895)
Jane Susskind (Bar No. 15099)
Katrina Weil (Bar No. 16152)
Cassin Brown (Bar No. 15877)
100 West Liberty Street, 10th Floor
Reno, NV 89501

*Attorneys for Intervenor*
*Nevada Resort Association*

**IT IS FURTHER ORDERED** that Defendants' proposal to move forward with discovery pending resolution of the motion for summary judgment is adopted. Plaintiff can file the appropriate motion to stay discovery so as to afford the Court well-developed arguments in support of its request.

UNITED STATES MAGISTRATE JUDGE

Dated: 7/7/2025

8