# Exhibit A

## Declaration of William E. Havemann

DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

NEAL KUMAR KATYAL
(Admitted *pro hac vice*)
JOSHUA B. STERLING
(Admitted *pro hac vice*)
WILLIAM E. HAVEMANN
(Admitted *pro hac vice)*
**MILBANK LLP**
1850 K Street, Suite 1100
Washington, D.C. 20006
Telephone: 202.835.7500
Facsimile: 202.263.7586

GRANT R. MAINLAND
(Admitted *pro hac vice*)
NOLA B. HELLER
(Admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212.530.5000
Facsimile: 212.530.5219

*Attorneys for Plaintiff KalshiEX, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KALSHIEX, LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board, et al.,<br><br>　　　　Defendants,<br><br>　vs.<br><br>NEVADA RESORT ASSOCIATION,<br><br>　　　　Intervenor-Defendant. | Case No. 2:25-cv-00575-APG-BNW<br><br>**DECLARATION OF WILLIAM E. HAVEMANN IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO STAY DISCOVERY** |

Page **1** of **4**

I, William E. Havemann, declare as follows:

1. I am over the age of 18 years and a resident of Washington, D.C. I make this declaration based upon personal knowledge, except where stated to be upon information and belief, and as to that information, I believe it to be true. If called upon to testify as to the contents of this declaration, I am legally competent to testify to the contents of this declaration in a court of law.

2. I am an attorney duly licensed to practice law in the Commonwealth of Virginia and the District of Columbia with Milbank LLP, counsel of record for plaintiff KalshiEX LLC ("Kalshi").

3. Pursuant to LR 7-4, I state as follows:

   a. <u>Nature of the emergency</u>: Plaintiff Kalshi filed a Motion for Summary Judgment (ECF No. 86) on preemption grounds. Concurrently with its Motion for Summary Judgment, Kalshi has filed a Motion to Stay Discovery. If the Motion to Stay Discovery is heard in the ordinary course, Kalshi will be forced to engage in costly discovery in a case involving preempted state laws. The bulk of the benefits of a stay of discovery would be lost unless the motion is addressed expeditiously.

   b. <u>Addresses and telephone numbers of all other counsel</u>:

      i. Plaintiff's counsel:

         Dennis L. Kennedy
         Paul C. Williams
         Bailey Kennedy
         8984 Spanish Ridge Avenue
         Las Vegas, Nevada 89148-1302
         Telephone: 702.562.8820

         Neal Kumar Katyal
         Joshua B. Sterling
         William E. Havemann
         Milbank LLP
         1850 K Street, Suite 1100
         Washington, D.C. 20006
         Telephone: 202.835.7505

        Grant R. Mainland
        Nola B. Heller
        Milbank LLP
        55 Hudson Yards
        New York, N.Y. 10001
        Telephone: 212.530.5000

  ii. Defendant's counsel

        Jessica E. Whelan
        Sabrena K. Clinton
        Devin A. Oliver
        State of Nevada
        Office of the Attorney General
        1 State of Nevada Way, Suite 100
        Las Vegas, NV 89119
        Telephone: 702.486.5708

  iii. Intervenor's counsel

        Adam Hosmer-Henner
        A.G. Burnett
        Jane Susskind
        Katrina Weil
        Cassin Brown
        McDonald Carano LLP
        100 West Liberty Street, 10th Floor
        Reno, NV 89501
        Telephone: 775.788.2000

a. <u>Statement regarding meet and confer</u>: I have met and conferred with opposing counsel on numerous occasions regarding Kalshi's intent to seek resolution of this case without discovery. I met and conferred with counsel for Defendants on May 1, 2025, and again on May 8, 2025, to share Kalshi's view that no discovery was warranted and to pursue an accommodation regarding a path forward. Because counsel for Defendants maintained that discovery was warranted, these discussions reached an impasse. In the Discovery Plan filed with this Court on July 2, 2025, Kalshi explained that it "intends to move for summary judgment by August 1, 2025, at which time it will seek a stay of discovery and explain in more detail why no discovery is warranted." ECF No. 80 at 4. I then notified all counsel, via email on July 30, 2025, of Kalshi's plan to seek a stay of discovery pending its forthcoming motion for summary judgment. The parties met and conferred

on August 1, 2025, but were unable to reach an agreement regarding a discovery stay pending resolution of Kalshi's motion for summary judgment. Accordingly, Kalshi is unable to resolve this matter without court action.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 1st day of August, 2025.

                                                /s/ William E. Havemann
                                                WILLIAM E. HAVEMANN