AARON D. FORD
  Attorney General
Jessica E. Whelan (Bar No. 14781)
  Chief Deputy Solicitor General – Litigation
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3768 (fax)
jwhelan@ag.nv.gov
sclinton@ag.nv.gov

*Attorneys for State Defendants*

Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)
Cassin Brown (NSBN 15877)
McDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-200
ahosmerhenner@mcdonaldcarano.com
agburnett@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kweil@mcdonaldcarano.com
cbrown@mcdonaldcarano.com

*Attorneys for Intervenor Defendant*
*Nevada Resort Association*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KALSHIEX, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; NEVADA GAMING CONTROL BOARD; JENNIFER | Case No. 2:25-cv-00575-APG-BNW<br><br>**DEFENDANTS' AND INTERVENOR'S EMERGENCY MOTION TO HOLD IN ABEYANCE BRIEFING ON MOTION FOR SUMMARY JUDGMENT PENDING DECISION ON PLAINTIFF'S EMERGENCY MOTION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME**<br><br>**(FIRST REQUEST)** |

1  TOGLIATTI, in her official capacity as
   Chair of the Nevada Gaming Commission;
2  ROSA SOLIS-RAINEY, in her official
   capacity as a Member of the Nevada
3  Gaming Commission; BRIAN KROLICKI,
   in his official capacity as a Member of the
4  Nevada Gaming Commission; GEORGE
   MARKANTONIS, in his official capacity as
5  a Member of the Nevada Gaming
   Commission; ABBI SILVER, in her official
6  capacity as a Member of the Nevada
   Gaming Commission; NEVADA GAMING
7  COMMISSION; AARON D. FORD, in his
   official capacity as Attorney General of
8  Nevada,

9          Defendants,

10  and

11  NEVADA RESORT ASSOCIATION,

12          Intervenor-Defendant.

13

14        Defendants, KIRK D. HENDRICK, in his official capacity as Chairman of the

15  Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of

16  the Nevada Gaming Control Board; CHANDENI K. SENDALL, in her official capacity as

17  a Member of the Nevada Gaming Control Board; NEVADA GAMING CONTROL BOARD;

18  JENNIFER TOGLIATTI, in her official capacity as Chair of the Nevada Gaming

19  Commission; ROSA SOLIS-RAINEY, in her official capacity as a Member of the Nevada

20  Gaming Commission; BRIAN KROLICKI, in his official capacity as a Member of the

21  Nevada Gaming Commission; GEORGE MARKANTONIS, in his official capacity as a

22  Member of the Nevada Gaming Commission; ABBI SILVER, in her official capacity as a

23  Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSION; AARON

24  D. FORD, in his official capacity as Attorney General of Nevada (hereinafter referred to as

25  "State Defendants") and Intervenor Defendant Nevada Resort Association ("NRA") request

26  that this Court hold in abeyance the briefing on Plaintiff KalshiEX, LLC's ("Kalshi") Motion

27  for Summary Judgment until after the Court issues a decision on Kalshi's pending

28  Emergency Motion to Stay Discovery. *See* ECF No. 86 ("Motion for Summary Judgment"),

ECF No. 87 ("Emergency Motion to Stay"). Alternatively, the State Defendants and NRA move under LR IA 6-1 to extend the deadline for their responses to Kalshi's Motion for Summary Judgment, which is currently on August 22, 2025. ECF No. 86 ("Responses due by 8/22/2025."). If this Court does not hold briefing in abeyance, the State Defendants and NRA seek a 31-day extension until September 22, 2025, to allow them sufficient time to adequately respond to Kalshi's prematurely filed dispositive motion.

The State Defendants and NRA bring this request on an emergency basis under LR 7-4 to ensure resolution before their responses are due on August 22, 2025, which is also the same date set (at Kalshi's request) for the hearing on Kalshi's Emergency Motion to Stay. This Motion is supported by the following memorandum of points and authorities, the declaration of Jessica E. Whalen attached as Exhibit 1, the exhibits attached thereto, all of the pleadings and papers on file in this action, and any oral argument presented by counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

Despite having received the benefit of a preliminary injunction, Kalshi is nevertheless still attempting to rush the resolution of this case to avoid discovery and full scrutiny. Just weeks after this Court rejected Kalshi's proposal to skip discovery and entered a discovery plan with Defendants' and the NRA's proposed schedule, Kalshi filed a motion for summary judgment, claiming again that no discovery was necessary. *See* ECF No. 80 (order adopting the State Defendants and NRA proposed discovery plan over Kalshi's request for no discovery); ECF No. 86 (Motion for Summary Judgment). On that same date, Kalshi filed an emergency motion to stay discovery, requesting that this Court block the State Defendants and NRA from engaging in any discovery before the Court rules on Kalshi's Motion for Summary Judgment. ECF No. 87. Kalshi asks this Court to enter final judgment solely based on Kalshi's own representations and one-sided narrative rather than on a fully developed record and vetted facts.

The State Defendants and NRA each filed robust oppositions to Kalshi's Emergency Motion to Stay. ECF Nos. 89, 90. They both argued, among other things, that discovery is

necessary to respond to Kalshi's Motion for Summary Judgment. ECF No. 89 at 10-15 ECF No. 90 at 8-12. The Court will hear arguments on Kalshi's Emergency Motion to Stay on August 22, 2025, which is the same date responses are due to Kalshi's Motion for Summary Judgment. The State Defendants served their First Set of Interrogatories and Requests for Production of Documents on Kalshi on August 1, 2025. Ex. 1, ¶ 5. And the NRA intends to serve discovery requests and to depose, at the very least, the witness Kalshi listed on its Initial Disclosures, who has "information about Kalshi's operations in the state of Nevada and nationwide . . . and the legal and operational challenges that Kalshi would face by complying with the Nevada Gaming Control Board's cease-and-desist letter." Ex. 1, ¶ 6.

The Court's ruling on Kalshi's Emergency Motion to Stay will dictate how the State Defendants and NRA respond to Kalshi's Motion for Summary Judgment. If the Court denies the Emergency Motion to Stay, then Kalshi would be required to produce the discovery that the State Defendants and the NRA seek. It would not make sense to respond to the Motion for Summary Judgment until that discovery takes place. And when the parties brief summary judgment, the materials obtained through discovery would be an important part of that briefing.

Conversely, if the Court stays all discovery, then the State Defendants and NRA would be required to respond to the Motion for Summary Judgment as best they can without any discovery. Because the record currently contains only Kalshi's version of the facts, the State Defendants and the NRA would have to file a request under Fed. R. Civ. P. 56(d) to explain that they cannot fully respond to the Motion for Summary Judgment and to identify the specific areas of discovery needed for a complete response.

The point is that the State Defendants and the NRA will have to respond very differently to Kalshi's pending Motion for Summary Judgment depending on how the Court decides the pending Emergency Motion to Stay. It thus makes little sense to require them to prepare those responses before they know this Court's ruling on Kalshi's Emergency Motion to Stay, and doing so would be contrary to the goals of judicial efficiency and

economy. *See* Fed. R. Civ. P. 1 (ensuring a "just, speedy, and inexpensive determination of every action").

The State Defendants and NRA therefore request that this Court hold in abeyance the briefing schedule on Kalshi's Motion for Summary Judgment until after the Court decides Kalshi's Emergency Motion to Stay. Specifically, if the Court denies the Emergency Motion to Stay, then the State Defendants and the NRA request that the Court hold in abeyance the briefing on the Motion for Summary Judgment until the close of discovery. But if the Court grants the Emergency Motion to Stay, then the State Defendants and NRA request that the Court hold in abeyance the briefing on the Motion for Summary Judgment for 31 days, such that the State Defendants' and NRA's response to the Motion for Summary Judgment would be due 31 days after the Court's ruling. That will ensure there is sufficient time for the State Defendants and NRA to prepare the responses in light of the lack of discovery.

Alternatively, if the Court does not wish to hold the briefing schedule in abeyance, the State Defendants and NRA move under LR IA 6-1 for a 31-day extension of the deadline to respond to Kalshi's Motion for Summary Judgment. *See* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"). The current deadline is August 22, 2025, which is the same date as the hearing set on Kalshi's Emergency Motion to Stay. The State Defendants and NRA request a 31-day extension to allow them to revise their responses based on the Court's ruling on Kalshi's Emergency Motion to Stay and fully respond to the arguments made in Kalshi's Motion for Summary Judgment. The extension is warranted because undersigned counsel and counsel for the State Defendants have other competing professional obligations during the time the response currently is scheduled to be prepared. The extension also is warranted because the State Defendants have recently hired national co-counsel to assist in defending this litigation who need time to review the case file and the Motion.

1    The State Defendants and NRA sought a stipulation for an extension from Kalshi on

2    August 13, 2025. *See* Ex. 2. Rather than agree to a routine extension, Kalshi conditioned

3    its consent on a total stay of discovery pending the Court's decision on summary judgment.

4    *Id*. This request was inappropriate and unreasonable, especially as the State Defendants

5    and NRA had both just filed extensive oppositions to Kalshi's Emergency Motion to Stay

6    explaining that they need discovery to respond to Kalshi's Motion for Summary Judgment.

7    While the limited extension requested by the State Defendants and NRA will cause

8    minimal if any delay to the overall resolution of the case, Kalshi's position is inefficient and

9    self-serving as, if discovery is permitted, then this case will be frozen and will not

10   meaningfully advance at all until the Court's decision on summary judgment.

11       Kalshi's refusal to grant an extension is also surprising given the importance of its

12   Motion for Summary Judgment. Kalshi is seeking full relief that, if granted, would

13   irreversibly disrupt the Nevada gaming industry and resolve this case on its merits,

14   without any discovery. This Court recognized the importance of the decision at bar and has

15   already stated that comprehensive briefing and additional perspectives are important to

16   resolving these issues. Hr'g Tr. Apr. 8, 2025, 69:19-22 (noting that additional briefing would

17   be helpful); ECF No. 70 (order granting NRA's motion to intervene). The State Defendants

18   and NRA therefore request the alternative relief of a 31-day extension, which would allow

19   them to provide this Court with thorough briefing on these issues of nationwide

20   importance—and on which another district court has rejected Kalshi's unprecedented

21   arguments. *See KalshiEX LLC v. Martin*, No. 25-CV-1283-ABA, 2025 WL 2194908 (D. Md.

22   Aug. 1, 2025).

23   / / /

24   / / /

25   / / /

26

27

28

1

**CONCLUSION**

2          The State Defendants and NRA therefore respectfully request that this Court hold

3  in abeyance briefing on Kalshi's premature Motion for Summary Judgment until at least

4  thirty days after a decision on Kalshi's Emergency Motion to Stay. Alternatively, the State

5  Defendants and NRA request that this Court extend the deadline for responses to Kalshi's

6  Motion for Summary Judgment for 31 days, from August 22, 2025, to September 22, 2025.

7          DATED this 15th day of August, 2025.

8                                                    AARON D. FORD
                                                     Attorney General
9

10                                                   By: /s/ Jessica E. Whelan
                                                          Jessica E. Whelan (Bar No. 14781)
11                                                         Chief Deputy Solicitor General - Litigation
                                                          Sabrena K. Clinton (Bar No. 6499)
12                                                         Senior Deputy Attorney General

13                                                   *Attorneys for State Defendants*

14                                                   McDONALD CARANO LLP

15                                                   By: /s/ Adam Hosmer-Henner
                                                          Adam Hosmer-Henner (NSBN 12779)
16                                                        A.G. Burnett (NSBN 5895)
                                                          Jane Susskind (NSBN 15099)
17                                                        Katrina Weil (NSBN 16152)
                                                          Cassin Brown (NSBN 15877)
18

19                                                   *Attorneys for Intervenor Defendant*
                                                     *Nevada Resort Association*

20

21

22

23

24

25

26

27

28