DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY✥KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

NEAL KUMAR KATYAL
(Admitted *pro hac vice*)
JOSHUA B. STERLING
(Admitted *pro hac vice*)
WILLIAM E. HAVEMANN
(Admitted *pro hac vice*)
**MILBANK LLP**
1850 K Street, Suite 1100
Washington, D.C. 20006
Telephone: 202.835.7500
Facsimile: 202.263.7586

GRANT R. MAINLAND
(Admitted *pro hac vice*)
ANDREW L. PORTER
(*pro hac vice* application forthcoming)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212.530.5000
Facsimile: 212.530.5219

*Attorneys for Plaintiff KalshiEX, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KALSHIEX, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board, et al.,<br><br>　　　　Defendants,<br><br>vs.<br><br>NEVADA RESORT ASSOCIATION,<br><br>　　　　Intervenor-Defendant. | Case No. 2:25-cv-00575-APG-BNW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' AND INTERVENOR'S EMERGENCY MOTION TO HOLD IN ABEYANCE BRIEFING ON MOTION FOR SUMMARY JUDGMENT PENDING DECISION ON PLAINTIFF'S EMERGENCY MOTION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME** |

Page **1** of **10**

Defendants'[1] "emergency" motion (ECF 93, the "Motion") all but admits that it is driven neither by "the importance of [Kalshi's] Motion for Summary Judgment" (*id.* at 6), nor by "competing professional obligations" or the need for "national co-counsel" to study the file (*id.* at 5). Rather, it is a transparent gambit—filed well after the close of business on a Friday—designed to have this Court prematurely decide Defendants' forthcoming Rule 56(d) request. That is the principal relief Defendants seek: a green light for broad discovery, and abeyance of summary judgment briefing—and therefore a summary judgment ***decision***—on the ground that Defendants "cannot present facts essential to justify [their] opposition" to summary judgment. Fed. R. Civ. P. 56(d). But Rule 56 is clear that such a request should be made by the "nonmovant . . . by affidavit or declaration" in connection with the summary judgment opposition itself. Only in the fullness of briefing will Chief Judge Gordon be able to determine whether there are any actual fact issues bearing on whether the cease-and-desist letter is preempted (there are not), or whether instead the CFTC's "exclusive jurisdiction" can be determined on the face of the CEA alone (it can and must be).

In granting a preliminary injunction in April, Chief Judge Gordon expressed the view that the case could likely be resolved through "cross briefs on summary judgment." ECF 46 at 44:4-16. In spite of that common-sense view—which Defendants did not challenge[2]—Defendants now suggest it is somehow aberrant or improper that Kalshi has moved for summary judgment at all, even though Rule 56 states explicitly that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). And in their latest salvo, they claim it is an "emergency" that their summary judgment opposition is due on August 22, the same day this Court is hearing argument on Kalshi's motion to stay discovery, even though Defendants have been aware of that fact since the start of the month. *See* ECF 87 at 2 (Kalshi

---

[1] For simplicity, Kalshi uses the term "Defendants" herein to include both the named Defendants ("State Defendants") and Intervenor-Defendant Nevada Resort Association ("NRA").

[2] Chief Judge Gordon asked Defendants' counsel: "Is this a purely legal issue that needs to be resolved on the briefs? Are there factual issues? Do I need to have discovery?" Defendants' counsel responded: "I mean, I see it as a purely legal issue. I see it as an issue of statutory construction . . . I do see it as primarily a legal question." ECF 46 at 69:1-10. Counsel did not even allude to the possibility of discovery at all, much less discovery that would be material to the outcome.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1 proposing briefing schedule on motion to stay, with hearing on or after August 22, 2025); ECF 88
2 (minute order dated August 6, 2025, adopting Kalshi's proposed schedule and setting August 22,
3 2025 hearing date).

4 Defendants' untimely effort at diversion should be rejected, and the Motion should be denied
5 in its entirety for the reasons set forth below.

## I. DEFENDANTS' DISGUISED RULE 56(D) REQUEST SHOULD BE DENIED.

Through their opposition to Kalshi's motion to stay discovery and this Motion, Defendants' principal goal is to obtain Court authorization to investigate Kalshi's event contracts and other broad factual "issues," and to secure an abeyance of Defendants' deadline to oppose summary judgment until their discovery program is complete. ECF 93 at 5. Defendants assert that "[i]t would not make sense to respond to the Motion for Summary Judgment until that discovery takes place." *Id.* at 4. Setting aside the dubious merits of that assertion, it is essentially an application under Rule 56(d), which permits the judge deciding summary judgment to "defer considering the motion or deny it." This is not a technical distinction. Rather, Rule 56(d) is the means by which a nonmovant is permitted to argue, as Defendants do here, that the movant has sought summary judgment too early, and that the nonmovant would be prejudiced as a result. The only way the Court can properly evaluate that contention is in the context of briefing where the parties have comprehensively argued why the dispute can or cannot be resolved "as an issue of statutory interpretation" (in the words of Defendants' counsel). ECF 46 at 69:4-10.

This attempt to short-circuit the Federal Rules, if permitted, would effectively coopt Chief Judge Gordon's power to "defer considering the motion," Fed. R. Civ. P. 56(d)(1), based on the erroneous premise that a nonmovant is automatically entitled to discovery before a summary judgment motion may be filed or considered by the Court. That is wrong, as the plain language of Rule 56 makes clear. Were it so, there would be no need for the pressure valve of Rule 56(d) in the first place. And it is particularly problematic in this case, where the district judge offered, *sua sponte*, that the purely legal issue of preemption could likely be resolved through "cross briefs on summary judgment." ECF 46 at 44:9-10.

In their zeal to root around in Kalshi's documents, Defendants mischaracterize Chief Judge Gordon's commentary on the matter, suggesting that he somehow endorsed the discovery program Defendants seek to pursue here in advance of summary judgment. In Defendants' words: "This Court recognized the importance of the decision at bar and has already stated that comprehensive briefing and additional perspectives are important to resolving these issues." ECF 93 at 6. But the statement cited by Defendants followed their counsel's admission that the issues were "largely" or "primarily" legal in nature, which caused the Court to state that "additional briefing on the legal issues would be helpful to me on a final resolution of the legal issues"—to wit, summary judgment briefing. ECF 46 at 69:4-24. It is ironic at best that Defendants have conjured some timing and resource "emergency" in late August relating to the filing of a summary judgment brief that the Court invited *four months ago* and in response to Defendants' own admission that the issues centered on "statutory interpretation."

Defendants argue that they "will have to respond very differently" to Kalshi's summary judgment motion depending on how the Court decides the motion to stay discovery. ECF 93 at 4. Not so. If the Court grants a stay, Defendants will presumably submit an affidavit or declaration with their summary judgment opposition briefs explaining why they have been deprived of "essential facts" and why the Court should accordingly "defer considering the motion or deny it." Fed. R. Civ. P. 56(d). And if the Court denies a stay, Defendants can make the identical 56(d) application if and to the extent that they have not received the discovery they believe is "essential" to support their opposition. In either event, Chief Judge Gordon, in deciding whether or not to grant summary judgment on a matter that courts have routinely held to be purely legal in nature, can determine whether the discovery Defendants seek is in fact essential—or even relevant—to the preemption matter at issue. The only way the substance of Defendants' oppositions would change is if they are right in saying that Kalshi should be precluded from having its summary judgment motion even *heard* unless and until they have completed their proposed discovery program—a demonstrably incorrect proposition for which Defendants have cited no authority. *See F.C. Bloxom Co. v. Tom Lange Co. Int'l, Inc.*, 109 F.4th 925, 935-36 (7th Cir. 2024) ("Federal Rule of Civil Procedure 56(b) authorizes parties to move for summary judgment 'at any time' . . . **regardless of whether**

**discovery has been completed or even begun**.") (quoting Fed. R. Civ. P. 56(b)) (emphasis added).

Put simply, if Defendants are right that discovery is necessary, the proper place to litigate that is on summary judgment, which will allow Chief Judge Gordon to determine whether the case can be resolved as a matter of law, or whether there are factual issues on which discovery is warranted (taking into account whatever 56(d) arguments Defendants might make). The only harm to Defendants in letting that briefing play out would be a slight delay in receiving discovery. And that delay would hardly be a major inconvenience given the lack of urgency Defendants have shown in pursuing discovery to date. In contrast, if Kalshi is right, the parties already have all information necessary to address summary judgment, and Kalshi's motion will resolve this case—one that Kalshi should have never had to file if the State Defendants had respected the federal limits on their authority. Any delay in the summary judgment motion's resolution will force Kalshi (absent a stay) to submit to discovery sought by a regulator that lacks jurisdiction, and a group of self-perceived competitors that would otherwise lack access to Kalshi's files, all of which is unnecessary to resolve the legal issue at hand. Since *any* discovery would be a harm, every additional day that Defendants are allowed to pursue it would only increase that harm. Under these circumstances, the Court should reject Defendants' attempt to end-run Rule 56(d), and deny Defendants' request.

## II. DEFENDANTS' ALTERNATIVE REQUEST FOR AN EXTENSION OF THEIR BRIEFING DEADLINE SHOULD BE DENIED.

As alternative relief, Defendants ask for either a 31-day abeyance of the summary judgment briefing schedule, or a 31-day extension of their deadline to oppose summary judgment, measured off the current deadline of August 22, 2025, should the Court decline to grant any kind of abeyance. ECF 93 at 5. Defendants claim this extra period—which, under either flavor of delay would itself provide Defendants 10 days more than the 21 days they had to oppose summary judgment under the Local Rules—is necessary to ensure "sufficient time . . . to prepare the[ir] responses in light of the lack of discovery." *Id.* But the ask, as formulated, makes no sense: Defendants have already effectively prepared their 56(d) application; their opposition to Kalshi's motion to stay lays out in detail their views on why discovery is necessary and appropriate before the Court can consider summary judgment. The notion that Defendants need 31 additional days to make what is essentially

1  a formatting adjustment to these same arguments is an absurd dilatory tactic, not a legitimate need
2  for additional time to ensure "comprehensive briefing."[3]  ECF 93 at 6.

3        Nevertheless, when Defendants asked Kalshi whether it consented to a 21-day extension—a
4  request that was 10 days shorter than the 31 days they now seek, and came with no mention of the
5  various forms of abeyance Defendants have requested (ECF 93-3), Kalshi made clear that,
6  "ordinarily," it would be amenable to an extension as a professional courtesy.  *Id.*  But the
7  circumstances here are not ordinary.  In evaluating what Defendants frame as a reasonable—even
8  perfunctory—extension request, the Court should be mindful of the following:

9        1.    Defendants have known since April 8, 2025, when the Court granted a preliminary
10  injunction in Kalshi's favor, that this case was headed to summary judgment briefing.  Chief Judge
11  Gordon made clear that was the natural next step, and Defendants did not dispute that—rather, they
12  agreed with that assessment, on the record.

13        2.    As of the April 8 hearing, the parties had already extensively briefed the issues on
14  the preliminary injunction motion, including Kalshi's likelihood of success on the merits of its
15  preemption claim—the issue on which its summary judgment motion turns.  There is nothing in
16  Kalshi's summary judgment motion that materially alters the arguments made in support of a
17  preliminary injunction.

18        3.    For four months now, Defendants have had the benefit of the Court's evaluation of
19  various key issues in connection with the preliminary injunction motion.  The Court's questioning
20  of counsel at the April 8 hearing made clear what Chief Judge Gordon found significant, and thus
21  what would require attention in briefing and arguing summary judgment.

22        4.    Even if one discounts the months that have elapsed since the April 8 hearing,
23  Defendants have known since July 2, 2025, that Kalshi "intend[ed] to move for summary judgment

---

[3] Defendants point to the decision in *KalshiEX LLC v. Martin*, No. 25-CV-1283-ABA, 2025 WL 2194908 (D. Md. Aug. 1, 2025), in which a different district court took a differing view from Chief Judge Gordon and declined Kalshi's request for a preliminary injunction.  Kalshi respectfully disagrees with that decision, which it has appealed.  *See KalshiEX LLC v. Martin*, No. 25-1892 (4th Cir. Aug. 6, 2025).  In any event, that decision was released the same day Kalshi filed its Motion for Summary Judgment, and prior to Kalshi's filing, meaning it has been available to Defendants for the entire period they have had to prepare their opposition papers.

by August 1, 2025," (ECF 79 at 4), which Kalshi then proceeded to do. Defendants also knew, from the same filing, that Kalshi would simultaneously seek a stay of discovery. *Id*.

5. Notwithstanding this knowledge, the State Defendants waited until August 1, 2025—just when Kalshi was filing its summary judgment motion as announced—to serve their initial discovery requests. Even more egregiously, NRA waited until last Friday night, August 15, 2025—just when Kalshi was filing its reply in further support of a discovery stay, and while Defendants were launching this Motion—to serve their own discovery requests. Defendants have sat on their hands in pursuing their discovery program, while now claiming there is an "emergency" requiring them to seek not only briefing extensions, but abeyance of briefing and any resulting decision on summary judgment.

Under these circumstances, it takes considerable chutzpah for Defendants to claim that Kalshi was "unreasonable" in not acquiescing to the terms they alone demanded. ECF 93 at 6. The only unreasonable act here is Defendants' filing of a Friday night "emergency" motion in which they seek to profit from their own delays in pursuing the discovery they claim to desperately need. The gamesmanship here is not lessened by Defendants' invocation of "competing professional obligations" or the need for "recently hired national co-counsel" to review the file. *Id.* at 5. The Court entered a preliminary injunction against the State Defendants on April 8. It should not have taken until August, with a pre-announced summary judgment motion on file, for Defendants to realize that they wanted to hire co-counsel to assist. As for professional obligations, all lawyers (and judges) face competing demands on their time, but it should not absolve Defendants' counsel of complying with deadlines when, as here, they have had months of notice to prepare for their August 22 filing. Though with that said, should the Court grant Kalshi's motion for a stay of discovery, Kalshi would have no objection to it granting Defendants an extension of their briefing deadline, since the harm to Kalshi from discovery would be obviated.

Finally, Kalshi wishes to correct the record with respect to a number of distortions in the Motion that, unfortunately, call into question Defendants' candor with the Court. Defendants assert that "this Court rejected Kalshi's proposal to skip discovery" in entering a discovery plan and scheduling order pursuant to Rule 26(f) and Local Rule 26-1. ECF 93 at 3. But as the Court well

knows, and Defendants fail to mention, the Court also authorized Kalshi to "file the appropriate motion to stay discovery so as to afford the Court well-developed arguments in support of its request." ECF 80 at 8. Defendants themselves took the position that Kalshi should seek an immediate stay of discovery if it so desired. *Id.* at 5 ("At a minimum, Plaintiff should be required to immediately seek a stay of discovery in compliance with the Local Rules, rather than delay this filing until they seek summary judgment at a later date."). But Defendants now object to the exact course of action they proposed Kalshi follow.

Defendants also claim they sought Kalshi's consent to a "routine extension," but the extension they sought was for a lesser time period and involved no discussions of abeyance. ECF 93 at 6. Defendants' outreach appears to have been calculated to keep Kalshi in the dark as to the plan Defendants were hatching.

In any event, it was far from "inappropriate and unreasonable" for Kalshi to decline to agree to an extension without a concomitant stay of discovery. Kalshi has been on the record since at least July 2 that it believes a stay is warranted. If Defendants believe it is "inappropriate and unreasonable" to seek such a stay, that position was rejected when this Court authorized the filing of a motion to stay and set it for a hearing on August 22. And of course, Kalshi could see through the strategy behind Defendants' request for a stay of their own—to kick the can down the road on summary judgment and afford them more time to seek discovery that they have been inexplicably dilatory in pursuing. That strategy has become all the more apparent in light of Defendants' surprise "emergency" filing on Friday night, in which they attempt to the kick the can even farther. The Court should not permit Defendants to use a purported scheduling motion to achieve that result.

## **CONCLUSION**

For the foregoing reasons, Kalshi respectfully requests that the Court deny the Motion.

1  DATED this 18th day of August, 2025.

2              **BAILEY✥KENNEDY**

3            By: /s/ Paul C. Williams
            DENNIS L. KENNEDY
4              PAUL C. WILLIAMS

5              MILBANK LLP
            NEAL KUMAR KATYAL (Admitted *pro hac vice*)
6              JOSHUA B. STERLING (Admitted *pro hac vice*)
            WILLIAM E. HAVEMANN (Admitted *pro hac vice*)
7              GRANT R. MAINLAND (Admitted *pro hac vice*)
            ANDREW L. PORTER (*pro hac vice* application
8              forthcoming)
            *Attorneys for Plaintiff KalshiEX, LLC*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of BAILEY✥KENNEDY and that on the 18th day of August, 2025, service of the foregoing was made by mandatory electronic service through the United States District Court's electronic filing system and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| JESSICA E. WHELAN<br>SABRENA K. CLINTON<br>DEVIN A. OLIVER<br>**STATE OF NEVADA**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119 | Email:  jwhelan@ag.nv.gov<br>sclinton@ag.nv.gov<br>doliver@ag.nv.gov<br><br>*Attorneys for Defendants* |
| ADAM HOSMER-HENNER<br>A.G. BURNETT<br>JANE SUSSKIND<br>KATRINA WEIL<br>CASSIN BROWN<br>**McDONALD CARANO LLP**<br>100 West Liberty Street, 10th Floor<br>Reno, NV 89501 | Email:<br>ahosmerhenner@mcdonaldcarrano.com<br>agburnett@mcdonaldcarano.com<br>jsusskind@mcdonaldcarano.com<br>kweil@mcdonaldcarano.com<br>cbrown@mcdonaldcarano.com<br><br>*Attorneys for Intervenor*<br>*Nevada Resort Association* |

　　　　　　　　　　　　　　/s/ Samantha T. Kishi
　　　　　　　　　　　　　Employee of BAILEY✥KENNEDY