**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kalshiex, LLC, | Case No. 2:25-cv-00575-APG-BNW |
| Plaintiff, | |
| vs. | **ORDER** |
| Kirk Hendrick, et al., | |
| Defendants. | |

Before this Court is Plaintiff Kalshiex, LLC's (Kalshi) Motion to Stay Discovery. ECF No. 87. Intervenor Defendant Nevada Resort Association (NRA) opposed. ECF No. 90. State of Nevada Defendants (State Defendants) joined the NRA's opposition and filed its own opposition. ECF Nos. 91 and 89. Kalshi replied. ECF No. 94.

The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, it incorporates the arguments as necessary and relevant to this order.

## I.    Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur). Good cause is a flexible standard that may be demonstrated in various ways and is not confined to the application of the "preliminary peek test." *Schrader v. Wynn Las Vegas*, LLC, No. 2:19-cv-02159, 2021 WL 4810324, at *2–4 (D. Nev. Oct. 14, 2021). Courts have broad discretionary

power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Importantly, the Ninth Circuit has made clear that a stay is improper when discovery is needed to litigate a dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir.1987) (holding the district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir.1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir.1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

**II.  Analysis**

This Court begins with the fundamental observation that a party should not be able to advance arguments in support of its dispositive motion and, at the same time, expect discovery to be denied as to the facts underpinning those arguments. Kalshi's instant motion does just that. Several of its arguments for a stay of discovery presuppose that, in order to resolve the motion for summary judgment, discovery is either (1) not needed or (2) will disclose nothing beyond what supports Kalshi's argument.

In its motion for summary judgment, Kalshi argues that the application of Nevada's gambling laws to its event contracts are both field and conflict preempted by the Commodity

Exchange Act (CEA). But several arguments Kalshi relies on require factual development. The following examples serve to illustrate this point.

One of the arguments Kalshi makes in support of preemption is that 7 U.S.C. § 2(a)(1)(A) grants the Commodity Futures Trading Commission (CFTC) exclusive jurisdiction over "swaps" that are traded on a DCM (an exchange that has been designated by the CFTC as a contract market). Kalshi represents its political- and sports- events contracts fall under the definitions of "swaps" traded on a DCM. ECF No. 86 at 10.[1] But to qualify as a "swap," the contract in question must, among other things, be associated with a "potential financial, economic, or commercial consequence." 7 U.S.C. § 1a(47)(A)(ii). During the hearing on the motion for preliminary injunction, Kalshi represented that, by way of example, a coin flip would not qualify as a swap because it did not have an independent real-world consequence. Defendants should not be forced to accept Plaintiff's conclusion that contracts offered on its DCM have independent real-world consequences and thus, fall under the exclusive jurisdiction of the CFTC. And, given Kalshi's ability to self-certify contracts, Defendants should not be required to accept as a fait acompli that "the CFTC has taken no action to bar Kalshi's contract on the grounds that they are not swaps." ECF No. 86 at 18.

Similarly, with regard to conflict preemption, Defendants should be allowed to conduct discovery into, for example, the impossibility of complying with federal and state law. This Court understands Kalshi makes many of its arguments on an alternative basis. But, as long as Kalshi advances arguments that turn on factual development, even when raised as a fallback, Defendants are entitled to discovery. Thus, Defendants should be able to inquire, by way of example, into the way in which eliminating contracts in Nevada would risk and/or facilitate market manipulation and the Core principles Kalshi maintains would be violated (and on which its federal designation depends) should it attempt to comply with cease-and-desist letter. ECF No. 86 at 16.

The same rationale applies to the issue of injunctive relief. As with the preemption arguments, Kalshi structures its arguments sequentially, leaving it to the district court to determine their relative persuasiveness. ECF No. 86 at 22-24. Thus, Defendants should be

---

[1] It also represents they qualify as "future delivery" contracts. ECF No. 86 at 10.

allowed to inquire into matters associated with reputational harm, potential CFTC consequences for failure to comply with Core principles, costs of geolocation, and public interest.

Given that discovery is needed, the motion to stay discovery is denied. This Court has considered whether to phase discovery to initially address only the issues in the motion for summary judgment. But it appears that the discovery needed to oppose the motion for summary judgment is coextensive with the discovery required to defend the case. Thus, discovery will go forward. The parties are ordered to submit a proposed protective order no later than 10 days from today.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 87) is **DENIED**.

DATED this 3rd day of September, 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE