Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)
Cassin Brown (NSBN 15877)
**McDONALD CARANO LLP**
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-200
ahosmerhenner@mcdonaldcarano.com
agburnett@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kweil@mcdonaldcarano.com
cbrown@mcdonaldcarano.com

*Attorneys for Intervenor Defendant
Nevada Resort Association*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KALSHIEX, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; NEVADA GAMING CONTROL BOARD; JENNIFER TOGLIATTI, in her official capacity as Chair of the Nevada Gaming Commission; ROSA SOLIS-RAINEY, in her official capacity as a Member of the Nevada Gaming Commission; BRIAN KROLICKI, in his official capacity as a Member of the Nevada Gaming Commission; GEORGE MARKANTONIS, in his official capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSION; AARON D. FORD, in his official capacity as Attorney General of Nevada,<br><br>Defendants.<br><br>vs.<br><br>NEVADA RESORT ASSOCIATION,<br><br>Intervenor Defendant. | Case No.: 2:25-CV-00575-APG-BNW<br><br>**DEFENDANTS' AND INTERVENOR'S EMERGENCY MOTION TO HOLD SUMMARY JUDGMENT BRIEFING IN ABEYANCE PENDING CLOSE OF DISCOVERY AND/OR TO SET STATUS CONFERENCE** |

Intervenor Defendant Nevada Resort Association ("NRA") and Defendants Kirk D. Hendrick, in his Official Capacity as Chairman of the Nevada Gaming Control Board; George Assad, in his official capacity as a Member of the Nevada Gaming Control Board; Chandeli K. Sendall, in her official capacity as a Member of the Nevada Gaming Control Board; the State of Nevada on relation of the Nevada Gaming Control Board; and Aaron D. Ford, in his official capacity as Attorney General of Nevada ("State Defendants") (collectively, "Defendants") request that this Court hold in abeyance the deadlines for briefing on Plaintiff KalshiEX, LLC's ("Kalshi") Motion for Summary Judgment, ECF No. 86, until after the close of discovery. Defendants further respectfully request that the Court set a status conference during the week of September 15, 2025, to address these issues.

Defendants bring this request on an emergency basis under LR 7-4 to ensure resolution before their responses are due on September 22, 2025. This Motion is supported by the following memorandum of points and authorities, the declaration of Adam Hosmer-Henner attached as Exhibit 1, all the pleadings and papers on file in this action, and any oral argument presented by counsel. Defendants met and conferred with Kalshi regarding the relief requested in this motion and, despite the decision of Judge Weksler that discovery was necessary to oppose Kalshi's Motion for Summary Judgment, ECF No. 118, were unable to reach agreement necessitating this request. *See* Ex. 1, Hosmer-Henner Decl. ¶ 4(c).

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 3, 2025, Judge Weksler denied Kalshi's emergency motion to stay discovery pending resolution of its summary-judgment motion, ECF No. 118, concluding that "discovery is needed to oppose the motion for summary judgment" because "several arguments Kalshi relies on require factual development." *Id.* at 3–4. Judge Weksler also determined that discovery should follow its ordinary course, because the discovery necessary for summary judgment is "coextensive with the discovery required to defend the case." *Id.* at 4. Defendants seek now to give that ruling effect by requesting that the Court put summary-judgment briefing on hold until after that necessary discovery and factual development is complete.

"It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency." *Johnston v. Hartman*, No. 3:23-CV-00521-MMD-CLB, 2025 WL 1293546, at *1 (D. Nev. May 5, 2025). Defendants previously requested that the Court extend the briefing deadline or hold summary judgment briefing in abeyance, while Kalshi's motion to stay all discovery was pending. *See* ECF No. 93. The Court granted that request in part, by extending the deadline for their briefs in opposition to Kalshi's summary judgment motion to September 22, 2025. *See* ECF No. 109. That ruling allowed time for Judge Weksler to rule on Kalshi's then-pending motion to stay all discovery, and for the parties to confer regarding next steps in light of Judge Weksler's ruling. Now that Judge Weksler has determined that discovery is necessary, Defendants respectfully submit that it would be the next logical step for the Court to enter a further order holding the summary judgment briefing in abeyance pending the completion of that discovery.

The current summary-judgment briefing schedule prevents Defendants from fully responding to Plaintiff's motion and will unnecessarily waste both party and court resources. Defendants' opposition to Kalshi's motion for summary judgment is presently due on September 22, 2025, but Defendants have not been able to conduct the discovery identified by Judge Weksler as necessary to respond to Kalshi's motion. Through its motion to stay discovery and near-blanket objections to Defendants' discovery requests, Kalshi has delayed meaningful progress on discovery. Hosmer-Henner Decl. at ¶ 4(a). Kalshi has yet to provide any documents and it is clear that Kalshi will not waive its objections and provide all necessary information requested by Defendants, and referenced by Judge Weksler, in advance of the opposition deadline. *Id.*; *see also* ECF No. 126 at 9–16. Briefing summary judgment on an incomplete record will only result in wasteful supplemental or successive briefing. On the other hand, if this Court holds summary-judgment briefing in abeyance, the parties will be able to conduct orderly discovery, resolve Kalshi's objections and/or unwillingness to meaningfully participate in discovery, and then comprehensively brief the parties' summary judgment motions, once and for all. In other words, one round of summary judgment briefing based on a complete record would better serve the interests of the Court

and the parties than two rounds of briefing—one right now on an incomplete record, and a later round once discovery is complete.

As Judge Weksler recognized, *see* ECF No. 118, discovery is needed on Kalshi's claims in this case. Defendants cannot address preemption when they do not know exactly what event contracts Kalshi offers, whether those contracts have sufficient economic substance to qualify as "swaps" under federal law, and the steps (if any) Kalshi undertakes efforts to protect consumers and the integrity of both elections and sporting events. *See* ECF No. 90 at 8–13. As Judge Weksler explained, "Defendants should be allowed to conduct discovery into [Kalshi's assertion of] the impossibility of complying with federal and state law"; whether "contracts offered on [Kalshi's] [Designated Contract Market] have independent real-world consequences and thus, fall under the exclusive jurisdiction of the CFTC"; and "matters associated with reputational harm, potential CFTC consequences for failure to comply with Core principles, costs of geolocation, and public interest." ECF No. 118 at 3–4.[1]

Accordingly, the Court should hold summary-judgment briefing in abeyance until discovery is complete. Because this Court has granted Kalshi's motion for a preliminary injunction, Kalshi would not suffer harm from such a delay. On the other hand, without relief, Defendants would be required to oppose summary judgment without the benefit of discovery the Court has found necessary for that very opposition. *Id.* While Fed. R. Civ. P. 56(d) contemplates providing relief to a party opposing premature summary judgment, and Defendants will invoke this rule in the event they are still required to oppose summary judgment, this remedy does not promote judicial economy where, as here, an order has already been entered that discovery is necessary to oppose. Sequencing the remainder of the summary-judgment briefing after the close of discovery would promote the orderly course of justice consistent with the reasoning underlying Judge Weksler's ruling denying Kalshi's motion to stay discovery. *See* Fed. R. Civ. P. 1 (providing that the rules "should be

---

[1] Although Kalshi has opposed discovery, Kalshi has refused to abandon "alternative" preemption arguments that even it has conceded require discovery. *See* ECF No. 86; Hosmer-Henner Decl. ¶ 4(a). Moreover, discovery is also necessary to respond to Kalshi's field-preemption argument. *See* ECF No. 90 at 8–13.

4

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). There is no good reason for Defendants to respond to Kalshi's motion for summary judgment (and for the Court to expend resources considering it) when discovery is necessary to fully assess Kalshi's preemption arguments.

Therefore, Defendants request an Order from this court suspending briefing on the Motion for Summary Judgment, ECF No. 86, to permit the Parties to conduct discovery pursuant to Judge Weksler's Order, ECF No. 118. Defendants further request that this Court set a status conference for the week of September 15, 2025, to address the above and other procedural matters.

Dated: September 15, 2025.

**McDONALD CARANO LLP**

By: */s/ Adam Hosmer-Henner*
Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)
Cassin Brown (NSBN 15877)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for Intervenor Defendant Nevada Resort Association*