# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kalshiex, LLC, | Case No. 2:25-cv-00575-APG-BNW |
| Plaintiff, | |
| vs. | **ORDER** |
| Kirk Hendrick, et al., | |
| Defendants. | |

Before the Court is the parties' competing request to modify the current scheduling order.[1] ECF No. 126. Fed.R.Civ P. 16(b)(4), LR IA 6-1 and LR 26-3 govern[2]. The parties are familiar with the arguments. As a result, the court includes them only as necessary and relevant to its ruling.

To prevail on a request to amend a scheduling order under Rule 16(b), a movant must establish "good cause" for doing so. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery cutoff exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

Although there is some merit to Plaintiff's argument that Defendants could have initiated discovery earlier, the record reflects that Plaintiff sought to obtain a ruling on its motion to stay

---

[1] The current scheduling order is at ECF No. 80.
[2] This Court finds that the 18-page joint brief sufficiently complies with the local rules given the procedural posture of the case.

discovery before engaging in any discovery efforts. Indeed, this was the basis for the parties' earlier stipulation suspending deadlines to respond to discovery requests. *See* ECF No. 116.

Moreover, and more to the point, the schedule proposed by Plaintiff would afford Defendants only two weeks from today (September 17, 2025) to disclose expert witnesses by October 1, 2025. No amount of diligence would allow Defendants the ability to conduct a meaningful meet and confer regarding what are clearly *existing* discovery disputes and, if necessary, file the appropriate motions in order to obtain discovery before the October 1, 2025, deadline.[3]

At the same time, the extended schedule proposed by Defendants is not warranted at this juncture as it is not clear why deadlines should be extended that far into the future, particularly in light of their representations that they intend to pursue discovery in a swift and efficient manner. Nor does the court find it compelling to adopt the same deadlines as the *Crypto* case simply because it is a parallel proceeding involving the same parties.

Parties are ordered to meet and confer on current discovery disputes no later than September 26, 2025. To the extent there are unresolved issues, any subsequent motion must be filed no later than October 1, 2025. Any opposition will be due October 7, 2025, and any reply will be due October 10, 2025.

In conclusion, the Court finds that good cause exists to modify the current scheduling order as set forth below:

Initial Expert Disclosures: December 2, 2025

Rebuttal Expert Disclosures: January 2, 2026

---

[3] Had the Court ruled on the joint submission the day after it was filed, Defendants likewise would have been deprived of any meaningful opportunity to pursue the discovery currently in dispute.

Discovery Cutoff: January 31, 2026

Dispositive Motion Deadline: March 2, 2026

Proposed Joint Pretrial Order: April 1, 2026 (or 30 days after resolution of dispositive motion, if appliable)

**IT IS THEREFORE ORDERED** that the joint submission regarding discovery deadlines (ECF No. 126) is DENIED and that the deadlines above will govern this case.

DATED this 17th day of September, 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE