# Exhibit B

DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

NEAL KUMAR KATYAL
(Admitted *pro hac vice*)
JOSHUA B. STERLING
(Admitted *pro hac vice*)
WILLIAM E. HAVEMANN
(Admitted *pro hac vice*)
**MILBANK LLP**
1850 K Street, Suite 1100
Washington, D.C. 20006
Telephone: 202.835.7500
Facsimile: 202.263.7586

GRANT R. MAINLAND
(Admitted *pro hac vice*)
ANDREW L. PORTER
(Admitted *pro hac vice*)
VICTOR HOLLENBERG
(Admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212.530.5000
Facsimile: 212.530.5219

*Attorneys for Plaintiff KalshiEX, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KALSHIEX, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board, et al.,<br><br>  Defendants,<br><br>vs.<br><br>NEVADA RESORT ASSOCIATION,<br><br>  Intervenor-Defendant. | Case No.: 2:25-cv-00575-APG-BNW<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada, or any other applicable rules or laws

(collectively, the "Applicable Rules"), Plaintiff KalshiEX LLC ("Kalshi") hereby submits these responses and objections (collectively, the "Responses") to Defendants' First Set of Requests for Production of Documents to Plaintiff KalshiEX, LLC dated August 1, 2025 (the "Requests" and each a "Request"), in the above-captioned litigation (the "Action") without waiver of any objections or defenses that Kalshi asserts in this Response, previously has asserted, or hereafter may assert in this Action.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction, and Request. Unless otherwise stated, the General Objections have the same force and effect as if set forth in full in response to each Definition, Instruction, and specific Request. Any undertaking to search for, or provide information in response to, any item sought by the Requests remains subject to, and without waiver of, the General Objections. The fact that a General Objection is not specified in these Responses does not constitute a waiver of that objection or otherwise preclude Kalshi from raising that objection at a later time.

1. Kalshi objects to the Requests as overbroad and disproportionate to the needs of the Action during the pendency of Kalshi's Motion for Summary Judgment, ECF No. 86. Kalshi has moved for a stay of discovery, ECF No. 87 (the "Motion to Stay Discovery"), which is fully briefed and pending before the Court. For the reasons stated therein, Kalshi believes no discovery is necessary to resolve the issues in the Action. Kalshi further objects to the Requests to the extent they seek information absent a protective order.

2. Kalshi objects to the Definitions, Instructions, and Requests to the extent that they purport to impose burdens or obligations on Kalshi that are broader than, inconsistent with, not authorized by or otherwise impermissible under the Applicable Rules.

3. Kalshi objects to the Requests to the extent that they impose an undue burden on Kalshi by requiring it to (i) create, generate, compile, or develop documents not currently in Kalshi's possession, custody, or control; (ii) produce documents that either can be obtained from a more convenient, more efficient, less burdensome, or less expensive source than Kalshi or that contain information that can be obtained through means less burdensome or less expensive than

the Requests; (iii) produce documents that are public, equally available to, or already in Defendants' or their representatives' possession, custody, or control; or (iv) discern or inquire about persons or entities other than Kalshi.

4.  Kalshi objects to the Requests to the extent that they impose an undue burden on Kalshi by requiring it to conduct anything beyond a reasonable and diligent search for readily accessible files to Kalshi.

5.  Kalshi objects to the Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the work-product doctrine, domestic or foreign criminal or civil laws (including privacy laws), or any other applicable privilege, immunity, or protection from discovery or disclosure ("Protected Information"). Nothing contained in these Responses is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection. The absence of an objection to a specific Request on this ground is neither intended, nor should be interpreted, as evidence that Kalshi does not object to a Request on the basis of an applicable privilege, immunity, or protection. Inadvertent production of Protected Information shall not constitute a waiver of any privilege, immunity, or protection of any other grounds for objecting to discovery or admissibility of such material, its subject matter or the information contained therein, nor shall such production constitute a waiver of Kalshi's rights, under any applicable protective order and the Applicable Rules, to (i) claw back and seek the return of such materials, or (ii) object to its use at any stage of this Action or in any other action or proceeding. Further, if Kalshi at any time discovers that it has produced Protected Information, the receiving party shall promptly undertake commercially reasonable efforts to return to Kalshi, sequester, or destroy all copies of such information and documents, as required by an ESI Protocol to be entered by the Court. In the Joint Stipulated Discovery Plan, ECF No. 79, the Parties agreed to negotiate an ESI Protocol. On September 5, Kalshi provided Defendants a proposed ESI Protocol that includes clawback procedures. In all events, such return, sequestration, destruction, and/or certification must occur within five (5) business days of receipt of the request, unless the parties agree otherwise. To the extent Kalshi produces any documents, those documents will be produced subject to the procedures outlined in the September 5, 2025 proposed ESI Protocol until

superseded by different direction or instruction, as ordered by the Court.

6.     Kalshi objects to the Requests to the extent that they purport to seek the production of information or documents that reflect (i) trade secrets; (ii) information that is otherwise confidential, proprietary, commercially sensitive, or competitively significant to Kalshi or any affiliate thereof, current and former directors, employees, consultants, clients, and/or customers of Kalshi or any affiliate thereof; (iii) personal information of any present and/or former employee, consultant, client, and/or customer of Kalshi or any affiliate thereof. To the extent Kalshi agrees to produce information or documents containing such information, it will only do so subject to an appropriate confidentiality or protective order governing such production, including any applicable exemptions from production pursuant to the Nevada Open Records Act. In the Joint Stipulated Discovery Plan, ECF No. 79, the Parties agreed to negotiate a Protective Order. On September 5, 2025 Kalshi provided Defendants with a proposed Protective Order. To the extent Kalshi produces any documents, those documents are produced pursuant to the terms of the September 5, 2025 proposed Protective Order until superseded by different direction or instruction, as ordered by the Court.

7.     Kalshi objects to the Requests to the extent that they purport to seek the production of information that is subject to other protective orders, non-disclosure agreements, or other confidentiality undertakings. Kalshi will not produce such documents to the extent production would violate such orders, agreements, or undertakings, and in any event will only produce such documents subject to an appropriate confidentiality or protective order governing such production.

8.     Kalshi objects to the Requests to the extent that they purport to require Kalshi to perform anything more than a reasonable and diligent search for documents where responsive documents are expected to be found. Any production by Kalshi of documents (including electronic documents) will be limited to non-privileged documents from reasonably accessible sources (including electronic sources) where responsive documents could reasonably be expected to be found.

9.     Kalshi's Responses are made without waiver and with specific preservation of: (i) objections as to competence, relevance, materiality, privilege, and admissibility of the subject

matter of any document or information requested by the Requests; (ii) the right to object on any ground at any time to any requests for further responses to the Requests or to any other discovery request; (iii) the right at any time to revise, correct, add to, or clarify any of the objections or responses propounded herein; and (iv) the right to move for an appropriate protective order.

10. Kalshi objects to the Requests to the extent that they seek production of "all" documents or communication under circumstances in which production of a subset of all documents or communications would be sufficient to show the pertinent information, and to the extent to which the requests would preclude deduplication of multiple copies of the same document or communication.

11. Kalshi does not hereby admit, adopt, or acquiesce in any factual or legal contention, assertion, characterization, or implication contained in the Requests.

12. The fact that Kalshi responds to a Request, and agrees to endeavor to identify responsive documents, shall not be interpreted as implying that Kalshi has any responsive documents in its possession, custody, and control, or that any responsive material is reasonably accessible to Kalshi without undue burden, or that any such responsive material will be provided with respect to that request. Nor shall Kalshi's response to a Request, or agreement to endeavor to identify responsive documents, be interpreted as an admission that discovery in this Action is proper, or as a waiver of any arguments made in Kalshi's pending Motion to Stay Discovery.

13. Irrespective of whether Kalshi provides information in response to the Requests, Kalshi reserves the right (but does not assume the obligation) to (i) revise, correct, supplement, amend, modify or clarify the content of these Responses; (ii) provide additional responsive information in the future; (iii) object to further discovery in this Action; (iv) use or rely upon any information produced in this Action in any hearing, proceeding, or trial; (v) use or rely upon subsequently discovered information or information omitted from these Responses as a result of mistake, error, oversight, or inadvertence in any hearing, proceeding or trial; and (vi) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding or trial.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Kalshi's Responses and Objections to the Definitions and Instructions are incorporated by reference in each and every Specific Response and Objection below and have the same force and effect as if fully set forth therein. By responding to the Requests with a defined term, Kalshi is not by implication agreeing with any such definition.

2. Kalshi objects to the Instructions contained in the Requests as unduly burdensome, oppressive, and not proportional to the needs of this case. To the extent Kalshi produces documents in response to the Requests, it will produce non-privileged electronic documents responsive to these requests on a good faith basis and in standard format, with all pertinent information accompanying the materials produced, as called for in an ESI Protocol ordered by the Court.

3. Kalshi objects to the Definitions and Instructions to the extent that they seek to impose obligations on Kalshi greater than, or different from, the obligations contained in the Applicable Rules.

4. Kalshi objects to the Definition of "Communication" as overly broad, vague, and ambiguous. Kalshi further objects to the Definition of "Communication" to the extent it calls for the collection and review of materials other than professional emails and documents stored on company servers. In responding to these Requests, Kalshi shall construe "Communication" to mean professional emails and internal company files, whether electronic or hard copy files.

5. Kalshi objects to the Definition of "Document" as unduly burdensome to the extent it calls for collection and review of materials other than professional emails and documents stored on company servers. In responding to these Requests, Kalshi shall construe "Document" to mean professional emails and internal company files, whether electronic or hard copy files.

6. Kalshi objects to the Definition of "Kalshi" or "You" or "Your" to the extent it means anything other than Plaintiff KalshiEX LLC. Kalshi will apply this Definition as if it does not include any of the following subclasses following "including without limitation."

7. Kalshi objects to the specified time period for these requests of "January 1, 2024, to the present" to the extent they cover anything other than the time period during which Kalshi

offered sports events contracts, which Kalshi began offering on January 24, 2025. For purposes of responding to the Requests, Kalshi defines the relevant time period for which it will produce documents as January 24, 2025, to the present (the "Relevant Period"), unless otherwise specified in Kalshi's response.

## REPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All Communications between the Commodity Futures Trading Commission and Kalshi concerning Kalshi's event contracts.

### RESPONSE TO REQUEST NO. 1

Kalshi objects to this Request to the extent it seeks information that is neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party. Kalshi further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Communications between the Commodity Futures Trading Commission and Kalshi concerning Kalshi's event contracts." Kalshi further objects to this Request to the extent it seeks Communications that are publicly available. Kalshi further objects to this Request as duplicative of Request No. 2, 4, 5 and 8.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi refers Defendants to its response to Request No. 2.

### REQUEST NO. 2

All Documents concerning Kalshi's self-certification of event contracts to the Commodity Futures Trading Commission.

### RESPONSE TO REQUEST NO. 2

Kalshi objects to this Request to the extent it seeks information that is neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party. Kalshi further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Documents concerning Kalshi's self-certification of event contracts to the

Commodity Futures Trading Commission." Kalshi further objects to the extent this Interrogatory seeks information that cannot practically be identified or obtained by Kalshi without undue burden or expense. Kalshi further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege. Kalshi further objects to this Request to the extent it seeks documents that are publicly available. Kalshi further objects to this Request as duplicative of Request No. 1, 4, 5, and 8.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi agrees to produce product certifications filed with the Commodity Futures Trading Commission ("CFTC") between January 1, 2025 and September 4, 2025, for each event contract (including Sports Event Contracts) that was certified during that time period, including each product certification's confidential appendices.

**REQUEST NO. 3**

All Communications to or from Brian Quintenz concerning Kalshi's event contracts.

**RESPONSE TO REQUEST NO. 3**

Kalshi objects to this Request to the extent it seeks information that is neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party. Kalshi further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Communications to or from Brian Quintenz concerning Kalshi's event contracts." Kalshi further objects to this Request to the extent it seeks documents not in Kalshi's custody or control. Kalshi further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege.

Kalshi will not produce documents in response to this request.

**REQUEST NO. 4**

All Communications to or from any official, employee, or representative of the United States Government reflecting, referencing, or discussing Kalshi's event contracts.

**RESPONSE TO REQUEST NO. 4**

Kalshi objects to this Request to the extent it seeks information that is neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party. Kalshi further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Communications to or from any official, employee, or representative of the United States Government reflecting, referencing, or discussing Kalshi's event contracts." Kalshi further objects to this Request to the extent it seeks documents not in Kalshi's custody or control. Kalshi further objects to this Request to the extent it seeks documents that are publicly available. Kalshi further objects to this Request as duplicative of Request Nos. 1, 2, 5, and 8.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi refers Defendants to its response to Request No. 2.

**REQUEST NO. 5**

All Documents reflecting, referencing, or discussing the financial, commercial, or economic consequences, if any, associated with Kalshi's event contracts.

**RESPONSE TO REQUEST NO. 5**

Kalshi objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Documents reflecting, referencing, or discussing the financial, commercial, or economic consequences, if any, associated with Kalshi's event contracts." Kalshi further objects on the ground that "financial, commercial, or economic consequences" is vague and ambiguous, and Kalshi will interpret it as a reference to the definition of a "swap" under the Commodity Exchange Act. 7 U.S.C. § 1a(47). Kalshi also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege. Kalshi further objects to this Request to the extent it seeks Communications that are publicly available. Kalshi further objects to this Request as duplicative of Request Nos.

1, 2, 4, and 8.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi refers Defendants to its response to Request No. 2.

**REQUEST NO. 6**

All Documents reflecting, referencing, or discussing Kalshi's advertising or marketing of any of its event contracts as either sports wagers or sports bets.

**RESPONSE TO REQUEST NO. 6**

Kalshi objects to this Request to the extent it seeks information that is neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party. Kalshi further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Documents reflecting, referencing, or discussing Kalshi's advertising or marketing of any of its event contracts as either sports wagers or sports bets." Kalshi further objects to this Request to the extent it seeks Communications that are publicly available. Kalshi further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi is willing to meet and confer regarding this Request.

**REQUEST NO. 7**

All Documents reflecting, referencing, or discussing Kalshi's contention that compliance with Nevada law interferes with the operation and function of Kalshi's markets for event contracts.

**RESPONSE TO REQUEST NO. 7**

Kalshi objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Documents reflecting, referencing, or discussing Kalshi's contention that compliance with Nevada law interferes with the operation and function of Kalshi's markets for event contracts." Kalshi further objects to this Request to the extent it seeks documents protected

from disclosure by the attorney-client privilege, work product privilege, or any other privilege. Kalshi further objects to this Request to the extent it seeks documents that are publicly available.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi is willing to meet and confer regarding this Request.

**REQUEST NO. 8**

All Documents or Communications with Susquehanna Government Products, LLP or other institutional market makers reflecting, referencing, or discussing Kalshi's event contracts.

**RESPONSE TO REQUEST NO. 8**

Kalshi objects to this Request to the extent it seeks information that is neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party. Kalshi further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Documents or Communications with Susquehanna Government Products, LLP or other institutional market makers reflecting, referencing, or discussing Kalshi's event contracts." Kalshi further objects to this Request to the extent it seeks documents that are publicly available. Kalshi further objects to this Request as duplicative of Request Nos. 1, 2, and 5.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi is willing to meet and confer regarding this Request.

**REQUEST NO. 9**

All Documents or Communications reflecting, referencing, or discussing consumer protection efforts made by Kalshi with respect to individuals in Nevada participating in Kalshi's event contracts.

**RESPONSE TO REQUEST NO. 9**

Kalshi objects to this Request to the extent it seeks information that is neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party. Kalshi further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking

"[a]ll Documents or Communications reflecting, referencing, or discussing consumer protection efforts made by Kalshi with respect to individuals in Nevada participating in Kalshi's event contracts." Kalshi also objects on the ground that "consumer protection efforts" is vague and ambiguous. Kalshi further objects to this Request to the extent it seeks Communications that are publicly available. Kalshi further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi agrees to produce its policies and programs related to risk management and consumer safety contained in its Rulebook and other compliance-related materials. To the extent the Request seeks further information, Kalshi is willing to meet and confer regarding the Request.

**REQUEST NO. 10**

All Documents or Communications reflecting, referencing, or discussing Kalshi's event contracts in comparison with wagers or bets offered on sports in Nevada.

**RESPONSE TO REQUEST NO. 10**

Kalshi objects to this Request to the extent it seeks information that is neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party. Kalshi further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefit. Kalshi further objects to this Request as overly broad and unduly burdensome in seeking "[a]ll Documents or Communications reflecting, referencing, or discussing Kalshi's event contracts in comparison with wagers or bets offered on sports in Nevada." Kalshi also objects on the ground that "wagers or bets offered on sports in Nevada" is vague and ambiguous. Kalshi further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege.

Subject to and without waiver of any of the foregoing General and Specific Objections, Kalshi otherwise willing to meet and confer regarding this Request.

Dated this 9th day of September, 2025.

/s/ *Grant R. Mainland*
DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, NV 89148
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

NEAL KUMAR KATYAL
(Admitted *pro hac* vice)
JOSHUA B. STERLING
(Admitted *pro hac* vice)
WILLIAM E. HAVEMANN
(Admitted *pro hac* vice)
**MILBANK LLP**
1850 K Street, Suite 1100
Washington, D.C. 20006
Telephone: 202.835.7500
Facsimile: 202.263.7586

GRANT R. MAINLAND
(Admitted *pro hac* vice)
ANDREW L. PORTER
(Admitted *pro hac vice*)
VICTOR HOLLENBERG
(Admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, N.Y. 10001
Telephone: 212.530.5000
Facsimile: 212.822.5251

*Attorneys for Plaintiff KalshiEX, LLC*

# CERTIFICATE OF SERVICE

I certify that I am an employee of MILBANK LLP and that on the 9th day of September, 2025, service of the foregoing was made by electronic mail, pursuant to the parties' stipulation, and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| JESSICA E. WHELAN<br>SABRENA K. CLINTON<br>DEVIN A. OLIVER<br>**STATE OF NEVADA**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119 | Email:  jwhelan@ag.nv.gov<br>sclinton@ag.nv.gov<br>doliver@ag.nv.gov |
| RORY K. SCHNEIDER<br>**MAYER BROWN**<br>1221 Avenue Of The Americas<br>New York, NY 10020 | Email:  rschneider@mayerbrown.com |
| NICOLE A. SAHARSKY<br>MINH NGUYEN-DANG<br>**MAYER BROWN**<br>1999 K Street NW<br>Washington, DC 20006 | Email:<br>nsaharsky@mayerbrown.com<br>mnguyen-dang@mayerbrown.com<br><br>*Attorneys for Defendants* |
| ADAM HOSMER-HENNER<br>A.G. BURNETT<br>JANE SUSSKIND<br>KATRINA WEIL<br>CASSIN BROWN<br>**McDONALD CARANO LLP**<br>100 West Liberty Street, 10th Floor<br>Reno, NV 89501 | Email:<br>ahosmerhenner@mcdonaldcarrano.com<br>agburnett@mcdonaldcarano.com<br>jsusskind@mcdonaldcarano.com<br>kweil@mcdonaldcarano.com<br>cbrown@mcdonaldcarano.com<br><br>*Attorneys for Intervenor<br>Nevada Resort Association* |

/s/ *Katrin Cassidy-Ginsberg*
Employee of MILBANK LLP