# Exhibit C



Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500

mayerbrown.com

**Rory K. Schneider**
Partner
T: +1 212 506 2157
RSchneider@mayerbrown.com

September 17, 2025

<u>BY EMAIL</u>

Andrew L. Porter
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
aporter@milbank.com

Re:   *KalshiEX, LLC v. Hendrick, at al.*, Case No. 2:25-cv-00575-APG-BNW (D. Nev.)

Dear Counsel:

On behalf of State Defendants in the above-referenced matter, we write regarding KalshiEX, LLC's deficient Responses and Objections to Defendants' First Set of Requests for Production of Documents, dated September 9, 2025 ("Kalshi's R&Os").

State Defendants served their First Set of Requests for Production of Documents on August 1, 2025. In response, Kalshi agreed to produce only two limited categories of documents: (1) "product certifications filed with the [CFTC] between January 1, 2025 and September 4, 2025, for each event contract . . . that was certified during that time period" (Kalshi's R&Os at Nos. 1, 2, 4, and 5); and (2) "policies and programs related to risk management and consumer safety contained in [Kalshi's] Rulebook and other [unspecified] compliance-related materials" (Kalshi's R&Os at No. 9). Kalshi's R&Os otherwise improperly recite boilerplate objections and either outright refuse to produce documents or offer to meet and confer. Kalshi's R&Os are improper under the Federal Rules of Civil Procedure and the Court's recent order denying Kalshi's motion to stay discovery. ECF No. 118.

As an initial matter, under Rule 34, in responding to requests for documents, Kalshi is required to "state *with specificity* the grounds for objecting to the request, including the reasons" (Fed. R. Civ. P. 34(b)(2)(B) (emphasis added)), and any objection must state "whether any responsive materials are being withheld on the basis of that objection" *Id.* at 34(b)(2)(C). Further, an objection to part of a request "must specify the part and permit inspection of the rest." *Id.* "Boilerplate, generalized objections are inadequate and *tantamount to making no objection at all*." *Collins v. Landry's Inc.*, 2014 WL 2770702, at *3 (D. Nev. June 17, 2014) (emphasis added). As explained below, Kalshi's R&Os consist entirely of boilerplate objections that fail to specify a legitimate basis for withholding the requested documents, and are contrary to the "liberal discovery principles of the

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Counsel for KalshiEX, LLC
September 17, 2025
Page 2

Federal Rules." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 310 (D. Nev. 2019), *aff'd*, 2020 WL 1042515 (D. Nev. Mar. 3, 2020).

Kalshi's refusal to produce the overwhelming number of documents requested based on boilerplate objections is all the more egregious given this Court's recent order denying Kalshi's motion to stay discovery. ECF No. 118. Among other things, the Court stated that a stay of discovery was inappropriate because Kalshi's arguments require factual development, including whether Nevada law is field preempted or conflict preempted by the Commodity Exchange Act, and whether Kalshi is entitled to injunctive relief. *Id.* at 3-4. Indeed, the Court gave several examples of the issues into which discovery is appropriate: (1) whether contracts offered on Kalshi's DCM have "independent real-world consequences" under the Commodity Exchange Act (*id.* at 3); (2) whether Kalshi could comply with federal and state law including "the way in which eliminating contracts in Nevada would risk and/or facilitate market manipulation and the Core principles Kalshi maintains would be violated" if it were to comply with Nevada law (*id.*); and (3) matters associated with Kalshi's "reputational harm, potential CFTC consequences for failure to comply with Core principles, costs of geolocation, and public interest" (*id.* at 4). Many of State Defendants' requests fall into these categories.

Nonetheless, Kalshi responds to each request with identically phrased objections in the exact same order. For example, nearly every response contains a generic objection that the request is "overly broad, unduly burdensome, not proportional to the needs of the case, and [] the burden or expense of the proposed discovery outweighs its likely benefit." Kalshi's R&Os at Nos. 1–10. But Kalshi fails to explain what is overbroad about each of those requests, and what the burden to collect and produce the requested documents would be. Further, in response to eight out of the ten requests, Kalshi copied and pasted its relevancy objection, without any explanation as to why each request is not relevant. *Id.* at Nos. 1, 2, 3, 4, 6, 8, 9, 10. Without any such explanations, Kalshi's objections are "conclusory" and fail to "show" or "specifically detail" why the requests are improper. *Collins*, 2014 WL 2770702, at *3.

Kalshi further objects to six out of the ten requests "to the extent [they] seek documents protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege." Kalshi's R&Os at Nos. 2, 3, 5, 6, 9, 10. But Kalshi fails to specify which documents are privileged or to agree to produce documents that are not privileged per Rule 34(b)(2)(C). And "[b]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Additionally, Kalshi objects to State Defendants' proposed time period of January 1, 2024, to the present "to the extent [it] cover[s] anything other than the time period during which Kalshi offered sports event contracts, which Kalshi began offering on January 24, 2025." Kalshi's R&Os at 6-7. Kalshi's attempt to artificially limit the scope of discovery is improper. The relevance of the documents that State Defendants request does not depend on the date when Kalshi's sports event contracts were first made available for trading. For example, prior to January 24, 2025, Kalshi may have had relevant communications with the CFTC (Request No. 1); addressed or discussed

Counsel for KalshiEX, LLC
September 17, 2025
Page 3

the interaction between state regulation and the Core Principles (Request No. 7); marketed or referred to its future sports event contracts as sports wagers or sports bets (Request Nos. 6 and 10); or discussed Kalshi's consumer protection efforts (Request No. 9). Kalshi has served as a DCM since 2020. *See* Compl. ¶ 42. State Defendants' proposed time period of January 1, 2024, to the present is more than reasonable under the circumstances, and Kalshi's R&Os do not support further limiting it.

Please let us know your availability for a meet and confer. State Defendants reserve the right to seek relief from the Court, including costs associated with seeking that relief under Rule 37. *See Collins*, 2014 WL 2770702, at *4-5 (granting attorneys' fees and expenses where a party's response to discovery requests were "boilerplate and devoid of any meaningful response").

Sincerely,

/s/ *Rory K. Schneider*

Rory K. Schneider

cc:   Jessica E. Whelan
      Sabrena K. Clinton
      Nicole A. Saharsky
      Minh Nguyen-Dang
      Adam Hosmer-Henner
      A.G. Burnett
      Jane Susskind
      Katrina Weil
      Cassin Brown