# Exhibit B

1  Adam Hosmer-Henner (NSBN 12779)
   A.G. Burnett (NSBN 5895)
2  Jane Susskind (NSBN 15099)
   Katrina Weil (NSBN 16152)
3  Cassin Brown (NSBN 15877)
   **McDONALD CARANO LLP**
4  100 West Liberty Street, 10th Floor
   Reno, NV 89501
5  Telephone: (775) 788-200
   ahosmerhenner@mcdonaldcarano.com
6  agburnett@mcdonaldcarano.com
   jsusskind@mcdonaldcarano.com
7  kweil@mcdonaldcarano.com
   cbrown@mcdonaldcarano.com
8
9  *Attorneys for Intervenor Defendant*
   *Nevada Resort Association*

10                **UNITED STATES DISTRICT COURT**

11                     **DISTRICT OF NEVADA**

12  KALSHIEX, LLC,                          Case No.: 2:25-CV-00575-APG-BNW

13                  Plaintiff,
                                            **NOTICE OF INTENT TO ISSUE**
14  v.                                      **SUBPOENA *DUCES TECUM***

15  KIRK D. HENDRICK, in his official capacity
    as Chairman of the Nevada Gaming Control
16  Board; GEORGE ASSAD, in his official
    capacity as a Member of the Nevada Gaming
17  Control Board; CHANDENI K. SENDALL, in
    her official capacity as a Member of the
18  Nevada Gaming Control Board; NEVADA
    GAMING CONTROL BOARD; JENNIFER
19  TOGLIATTI, in her official capacity as Chair
    of the Nevada Gaming Commission; ROSA
20  SOLIS-RAINEY, in her official capacity as a
    Member of the Nevada Gaming Commission;
21  BRIAN KROLICKI, in his official capacity as
    a  Member  of  the  Nevada  Gaming
22  Commission; GEORGE MARKANTONIS, in
    his official capacity as a Member of the
23  Nevada Gaming Commission; NEVADA
    GAMING COMMISSION; AARON D.
24  FORD, in his official capacity as Attorney
    General of Nevada,
25
                    Defendants.
26        vs.

27  NEVADA RESORT ASSOCIATION,

28                  Intervenor-Defendant.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

TO: ALL INTERESTED PARTIES

PLEASE TAKE NOTICE that pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Intervenor-Defendant Nevada Resort Association hereby provides notice in the above-entitled matter that a Subpoena *Duces Tecum* will be issued to nonparty Kalshi Trading LLC ("Subpoena"). The NRA has requested that Kalshi Trading LLC produce the requested documents and electronically stored information by November 12, 2025, to Kevin Dunn, Attn: McDonald Carano, Kalshi v. Hendrick, Brandywine Process Servers, Ltd., 2500 Delaware Avenue, Wilmington, DE 19806 or to the undersigned directly by email. The requested materials are described in Exhibits A, B, and C to the Subpoena.

Dated: October 17, 2025.

**McDONALD CARANO LLP**

By: */s/ Adam Hosmer-Henner*
    Adam Hosmer-Henner (NSBN 12779)
    A.G. Burnett (NSBN 5895)
    Jane Susskind (NSBN 15099)
    Katrina Weil (NSBN 16152)
    Cassin Brown (NSBN 15877)
    100 West Liberty Street, 10th Floor
    Reno, NV 89501

    *Attorneys for Intervenor Defendant*
    *Nevada Resort Association*

2

1

2

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via email service to all counsel of record this October 17, 2025.

4

5

/s/    *Jane Susskind*
Jane Susskind
McDonald Carano LLP

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD ☙ CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020



**Adam Hosmer-Henner**                                                **Reply to Reno**
**ahosmerhenner@mcdonaldcarano.com**

<div align="center">October 17, 2025</div>

<u>**Via Hand Delivery**</u>

Kalshi Trading LLC
c/o Corporation Service Company,
251 Little Falls Drive
Wilmington, Delaware 19808, USA

> Re:    **Subpoena for Documents in KalshiEX, LLC v. Hendrick, Case No. 2:25-CV-00575-APG-BNW (D. Nev.)**

To Whom it May Concern:

This firm represents the Nevada Resort Association ("NRA") in the above-referenced litigation. Enclosed is a Subpoena to produce documents ("Subpoena") directed to the attention of Kalshi Trading LLC ("Kalshi Trading").

The Subpoena requires Kalshi Trading to produce documents that are responsive to the requests listed in its Schedule A ("Responsive Documents") and authenticate the Responsive Documents via the Declaration of Custodian of Records form attached as Exhibit B to the Subpoena ("Declaration").

You are required to produce the Responsive Documents and Declaration by November 12, 2025 to Kevin Dunn, Attn: McDonald Carano, Kalshi v. Hendrick, Brandywine Process Servers, Ltd., 2500 Delaware Avenue, Wilmington, DE 19806; or alternatively, in a secure digital format by email to Adam Hosmer-Henner, at ahosmerhenner@mcdonaldcarano.com.

Thank you for your anticipated cooperation. Please contact me if you have any questions or concerns.

<div style="margin-left:40%">
Best,

McDONALD CARANO LLP

*/s/ Adam Hosmer-Henner*

Adam Hosmer-Henner
</div>

**mcdonaldcarano.com**
100 West Liberty Street • Tenth Floor • Reno, Nevada 89501 • **P:** 775.788.2000
2300 West Sahara Avenue • Suite 1200 • Las Vegas, Nevada 89102 • **P:** 702.873.4100

 MERITAS°
LAW FIRMS WORLDWIDE

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Nevada

| | |
|---|---|
| KALSHIEX, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-CV-00575-APG-BNW |
| KIRK D. HENDRICK, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Kalshi Trading LLC
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, USA

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibits A, B, and C.

| Place: Kevin Dunn, Attn: McDonald Carano, Kalshi v. Hendrick Brandywine Process Servers, Ltd. 2500 Delaware Avenue, Wilmington, DE 19806 | Date and Time: 11/12/2025 |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

         The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/17/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Adam Hosmer-Henner |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Nevada Resort Association                                              , who issues or requests this subpoena, are:

Adam Hosmer-Henner; 100 West Liberty Street, 10th Floor Reno, NV 89501; ahosmerhenner@mcdonaldcarano.com; (775) 788-2000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-CV-00575-APG-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Adam Hosmer-Henner (NSBN 12779)
A.G. Burnett (NSBN 5895)
Jane Susskind (NSBN 15099)
Katrina Weil (NSBN 16152)
Cassin Brown (NSBN 15877)
**McDONALD CARANO LLP**
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-200
ahosmerhenner@mcdonaldcarano.com
agburnett@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kweil@mcdonaldcarano.com
cbrown@mcdonaldcarano.com

*Attorneys for Intervenor Defendant*
*Nevada Resort Association*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KALSHIEX, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a Member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, in her official capacity as a Member of the Nevada Gaming Control Board; NEVADA GAMING CONTROL BOARD; JENNIFER TOGLIATTI, in her official capacity as Chair of the Nevada Gaming Commission; ROSA SOLIS-RAINEY, in her official capacity as a Member of the Nevada Gaming Commission; BRIAN KROLICKI, in his official capacity as a Member of the Nevada Gaming Commission; GEORGE MARKANTONIS, in his official capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSION; AARON D. FORD, in his official capacity as Attorney General of Nevada,<br><br>Defendants.<br><br>vs.<br><br>NEVADA RESORT ASSOCIATION,<br><br>Intervenor Defendant. | Case No.: 2:25-CV-00575-APG-BNW<br><br>**EXHIBITS A-C TO NEVADA RESORT ASSOCIATION'S SUBPOENA DUCES TECUM TO NONPARTY KALSHI TRADING LLC** |

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**EXHIBIT A**

**DEFINITIONS, INSTRUCTIONS, AND DOCUMENTS REQUESTED**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Intervenor Defendant Nevada Resort Association ("NRA" or the "Issuing Party") hereby serves this Subpoena Duces Tecum to nonparty Kalshi Trading LLC ("Kalshi Trading" or the "responding party") and requests that Kalshi Trading produce the documents requested under Schedule A herein. Production shall occur by November 12, 2025, to Kevin Dunn, Attn: McDonald Carano, Kalshi v. Hendrick, Brandywine Process Servers, Ltd., 2500 Delaware Avenue, Wilmington, DE 19806; or alternatively, in a secure digital format by email to Adam Hosmer-Henner, at ahosmerhenner@mcdonaldcarano.com. Production shall be in accordance with the instructions and definitions set forth below and Federal Rules of Civil Procedure 34 and 45.

In answering this Subpoena Duces Tecum, the responding party is required to produce or permit the issuing party or their representatives to inspect, copy, test, and sample any designated documents or electronically stored information ("ESI") stored in any medium from which information may be obtained either directly or, if necessary, after translation or conversion by the responding party into a reasonably usable form that is within the responding party's possession, custody, or control. This is intended to include any documents or ESI within the possession, custody, or control of people or entities over whom the responding party has control, such as assistants, employees, officers, attorneys, experts, accountants, agents, representatives, contractors, or others. The Subpoena Duces Tecum is continuing in nature, and the issuing party hereby demands that any documents or ESI coming into the possession, custody, or control of the responding party that would change or relate to the response in any way be promptly produced to counsel for the issuing party.

In issuing this Subpoena Duces Tecum, NRA reserves all rights and does not waive any argument, including arguments relating to the corporate relationship or affiliation between KalshiEx, LLC and Kalshi Trading.

///

///

///

2

## **DEFINITIONS**

The following definitions and rules of construction apply to this discovery request:

1. **Communication.** The term "communication" means the transmittal of information, in the form of facts, ideas, inquiries or otherwise, including any electronic written or oral transmission of any thought, idea, information or belief.

2. **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the broadest meaning permitted by Federal Rule of Civil Procedure 34(a), and shall include, wherever applicable and without limitation, hardcopy documents, originals and copies and translations of any sort, whether handwritten, typed, printed, or otherwise produced. Electronic information, including without limitation any word processing documents, spreadsheets, database files, PowerPoint or similar presentations, PDF files, TIFF, GIF, JPEG, or other image files, audio, video, or multimedia files, e-mails and e-mail attachments, text messages or ephemeral messages sent on any platform, voicemails, and any other e-data, electronic files, electronically stored information, electronically stored hard-copy documents, and any copies of such documents, is included within the definition of Document and applies to these requests.

3. **Electronically Stored Information**. The term "electronically stored information" or "ESI" shall mean and refer to electronic mail (commonly referred to as "e-mail") or similar electronic, digital, or computerized means of communication (including intra-office and inter-office communications), and to any other data, database, information, records, messages, ephemeral messages, communications, computerized or electronic diaries, and computerized or electronic planner or organizer entries, which are sent, received, stored or processed by computer, digital or similar electronic means, whether stored on magnetic tape, disc, computer memory, punch card, compact disc, or any other form of storage, and specifically includes any back-up storage, retained versions or otherwise recoverable information even where any Person has attempted to delete, remove or alter such information.

4. **Identify (With Respect to Persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, phone number, email address, present or last known address, and when referring to a natural person, additionally, the present or last known place

McDONALD 〰 CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1  of employment. Once a Person has been identified in accordance with this paragraph, only the name

2  of that person need be listed in response to subsequent discovery requesting the identification of that

3  person.

4       5.     **Identify (With Respect to Documents)**. When referring to documents, "to identify"

5  means to give, to the extent known: (i) the type of document; (ii) general subject matter; (iii) date

6  of the document; and (iv) author(s), addressee(s) and recipient(s).

7       6.     **Parties**. The terms issuing party and responding party as well as a party's full or

8  abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers,

9  directors, employees, partners, corporate agent, subsidiaries or affiliates. This definition is not

10  intended to impose a discovery obligation on any person who is not a party to the litigation.

11       7.     **Person**. The term "person" is defined as any natural person or business, legal or

12  governmental entity or association.

13       8.     **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or

14  conjunctively as necessary to bring within the scope of the discovery request all responses that might

15  otherwise be construed to be outside of its scope.

16       9.     **Number**. The use of the singular form of any word includes the plural and vice versa.

17       10.     The term **"Lawsuit"** refers to this case, Case No. 2:25-CV-00575-APG-BNW (D.

18  Nev.).

19       11.     The term **"Kalshi Trading"** or **"You"** or **"Your"** or "**Yours**" refers to Kalshi

20  Trading LLC, including without limitation its predecessors, successors, parents, subsidiaries,

21  affiliates, divisions, and assignees; its present and former directors, officers, principals, trustees,

22  agents, representatives, employees, consultants, and attorneys; and any other Persons subject to the

23  direction and control of, or acting on behalf of, any of the foregoing, both past and present.

24       12.     Unless otherwise specified, the time period for these requests is from **January 1,**

25  **2024 to the present**.

26

27

28

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**PRODUCTION FORMAT FOR ESI**

The Issuing Party requests that the responding party produce Documents in accordance with the specifications set forth in the attached Electronic Discovery Protocol entered in this action. ECF No. 130, *KalshiEx, LLC v. Hendrick et al.*, No. 2:25-cv-00575-APG-BNW (D. Nev. Sept. 16, 2025). The responding party may, at its election, avail itself, and agree to be bound by, the terms and conditions of the attached Protective Order entered in this action. ECF No. 131, *KalshiEx, LLC v. Hendrick et al.*, No. 2:25-cv-00575-APG-BNW (D. Nev. Sept. 16, 2025).

**INSTRUCTIONS**

You are to produce all documents responsive to the request for production contained under Schedule A herein. Each request for production shall operate and be construed independently. Unless otherwise indicated, no request limits the scope of any other request. Respond separately to each request and subpart thereof. Each response must either state that production or inspection will be permitted as requested or must clearly and specifically state the grounds for each objection and whether any ESI is being withheld on the basis of that objection. If the responding party objects to part of a request, the response must specify the part and permit inspection of the rest. The responding party may state that it will produce copies of documents or ESI instead of permitting inspection. Production must then be completed no later than the time specified herein.

If you contend that any document or ESI which production is called for by a request is privileged or otherwise beyond the scope of Federal Rule of Civil Procedure 26, identify that document or ESI in a metadata privilege log as described in the Electronic Discovery Protocol, § VI, B.

If you contend that only a portion of a document which production is called for by this request is privileged or otherwise not subject to production, produce a copy of the entire document redacting the privileged or objectionable portion. With respect to the redacted portion, to the extent that the produced portion of the document does not do so, provide the same information which would be provided if the entire document were withheld as privileged.

A document or ESI is deemed within the responding party's possession, custody, or control if the responding party has the legal right or practical ability to obtain it, whether or not the

McDONALD ⚖ CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

responding party now has physical possession of it. Thus, the responding party must obtain and produce all documents and ESI within the possession or custody of people or entities over whom the responding party has control, such as secretaries, employees, attorneys, experts, accountants, agents or others. If the responding party has knowledge of the existence of documents or ESI responsive to this request but contend that they are not within the responding party's possession, custody, or control, provide the following information:

1.     A description of the document, including in your description as much detail as possible, and including without limitation: (a) the type of document; (b) the date upon which it left Your possession, custody or control, ceased to exist, or was lost; (c) the circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (d) the identity of all Persons having knowledge of the circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (e) the identity of its last known custodian; and (f) the identity of all Persons having knowledge of the document's contents;

2.     The identity of the person or entity, including his, her or its address, believed by you to have possession or custody of the documents or any copies of them at this time; and

3.     A description of the efforts made to obtain possession or custody of the documents.

<div align="center">

**SCHEDULE A**

**DOCUMENTS REQUESTED**

</div>

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications regarding Your relationship to KalshiEx, LLC, including without limitation Documents and Communications regarding your trading on the exchange operated by KalshiEx, LLC, the portion of trades on KalshiEx, LLC's platform in which Kalshi Trading is a counter-party, Kalshi Trading's daily trading volume, and any limitations or lack thereof on information sharing between Kalshi Trading and Kalshi Inc., KalshiEx, LLC, and Kalshi Klear, LLC.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications supporting, refuting, or related to KalshiEx, LLC's assertion that KalshiEx, LLC is "not the 'house' or the counterparty to any trade." Dkt. 86 at 20.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**REQUEST FOR PRODUCTION NO. 3**

Any charts, tables, or other Documents or Communications detailing the hierarchical and/or organizational structure of Kalshi Trading, Kalshi, Inc., KalshiEx, LLC, and Kalshi Klear, LLC.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications regarding Your sharing of assets, resources, or materials with Kalshi, Inc., KalshiEx, LLC, or Kalshi Klear, LLC, including but not limited to funds, office space, supplies, servers, directors, officers, advisors or employees.

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications regarding the disclosure of any actual or potential conflicts arising out of Your activities on the exchange operated by Kalshi Ex, LLC, made to other members of that exchange.

**EXHIBIT B**

**DECLARATION OF THE CUSTODIAN OF RECORDS**

_____ (*print name*) declare as follows:

1.      I am a United States citizen, and I am over 18 years of age. This declaration is made of my own personal knowledge except where stated on information and belief. As to those matters, I believe them to be true.

2.      On or about _____, 202__, I was served with a Subpoena (the "Subpoena") in the case of *KalshiEX LLC v. Kirk D. Hendrick et al,* Case No, 2:25-CV-00575-APG-BNW, pending in the United States District Court, for the District of Nevada, calling for the production of records in said matter.

3.      Check one of the following:

a.      _____ I do not have any documents that are responsive to the Subpoena.

b.      _____ To the best of my knowledge, I have made or caused to be made true and exact copies of all of the records in my possession that are responsive to the Subpoena and the reproductions of those records were produced on _____, 202__.

4.      The originals of the records produced were made at or near the time of the acts, events, conditions, opinions, or diagnoses recited therein by or from information transmitted by a person with knowledge, in the course of a regularly conducted activity.

5.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 202__.


_____

**SIGNATURE**

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDONALD ⬧ CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## **EXHIBIT C**

Electronic Discovery Protocol [ECF. No 130] and Protective Order [ECF No. 131] attached.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

KALSHIEX, LLC,

          Plaintiff,

   vs.

KIRK D. HENDRICK, in his official capacity as
Chairman of the Nevada Gaming Control Board,
et al.,

          Defendants,

   vs.

NEVADA RESORT ASSOCIATION,

          Intervenor-Defendant.

Case No.  2:25-cv-00575-APG-BNW

**[PROPOSED] ELECTRONIC DISCOVERY PROTOCOL**

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

The Parties (as defined below) mutually agree to the following protocol (the "Protocol") relating to the Production of Documents (as defined below) and electronically stored information ("ESI") for the above-captioned action.

## I.    GENERAL PROVISIONS

Nothing in this Protocol affects the Parties' discovery obligations under the District of Nevada's prevailing rules except as stated herein.  The obligations hereunder are not intended to abrogate or diminish any discovery obligations governed by any other order or rule.

### A.    <u>Scope.</u>

The procedures and protocols outlined herein govern the production of ESI and paper Documents (collectively "Discoverable Information") by all Parties to these proceedings, whether they currently are involved or become so in the future.  For any other materials, the Parties shall meet and confer regarding the identification, location, collection, search, form, and format of production for specific items or categories of items.

All disclosures and productions made pursuant to this Protocol are subject to all orders

entered by this Court in this matter.  Nothing in this Protocol shall limit a Party's right to seek or object to discovery as set out in applicable rules or to object to the authenticity or admissibility of any Discoverable Information produced in accordance with this Protocol.

**B.**   <u>**Limitations and No Waiver.**</u>

The Parties and their attorneys do not intend by this Protocol to waive their rights to the production, discoverability, confidentiality, attorney-client privilege, or attorney-work product protection as to any Discoverable Information addressed in this Protocol.  All Parties preserve their attorney-client privileges, work product protections, and other relevant privileges, and there is no intent by the Protocol or the production of Discoverable Information pursuant to the Protocol to in any way waive or weaken these privileges or suggest their inapplicability in any respect to Discoverable Information in these proceedings.  Nothing in this Protocol addresses, limits, or determines the relevance, discoverability, or admission into evidence of any Discoverable Information.

**C.**   <u>**Cooperation.**</u>

The Parties shall conduct discovery in a cooperative manner, including without limitation, by reasonably drafting discovery requests and responses in accordance with Federal Rules of Civil Procedure 1 and 26(b)(1); and producing ESI in accordance with Federal Rule of Civil Procedure 34; and by meeting and conferring in good faith on topics such as identification of key custodians, potentially relevant data sources, search methodologies, and such other issues as may arise during the course of discovery.  Prior to bringing any discovery dispute to the Court, the Parties must attempt to resolve the dispute on their own, in good faith, and in accordance with the Local Rules of the District of Nevada and any orders entered by this Court.

**D.**   <u>**Definitions.**</u>

    **1.**    "<u>Custodian</u>" means an individual employed or formerly employed by a party that is likely to have responsive Documents or ESI.

    **2.**    The definition of "<u>Documents</u>" and ESI is the same as the definitions found in Fed. R. Civ. P. 34(a).

3. "Parties" shall mean the named Plaintiff, named Defendants, and named Intervenor-Defendant in the above-captioned proceeding.

4. "Producing Party" or "Producing Parties" shall mean the Party responsible for compiling and producing Discoverable Information in accordance with the terms of this Protocol in response to a request for production of Documents.

5. "Requesting Party" or "Requesting Parties" shall mean the Party or Parties serving the requests for production of Documents.

## II. SEARCH AND RETRIEVAL OF ESI

The Parties recognize that discovery is an iterative process. The Parties will endeavor to agree to a method or methods for the search and retrieval of ESI for purposes of production. The Parties will discuss the method or methods for the search for ESI as part of the meet-and-confer process pursuant to this Protocol.

### A. Defining Search Terms.

The Parties agree that ESI can be collected through the use of search terms. The Producing Party shall provide to the Requesting Party a list of search terms it intends to use to capture responsive ESI it has agreed to produce, or otherwise specify the manner in which the Producing Party intends to locate and produce documents in response to any particular document request. In connection with proposing such search terms, the Producing Party shall make a reasonable inquiry of client employees to identify relevant terminology, including nicknames, code words, euphemisms, acronyms, slang, terms of art, and other language likely to be contained in responsive Documents; and Producing Party may test its proposed search terms to identify terms that are inadvertently overbroad and/or that fail to capture information that such Producing Party has agreed to produce. A Producing Party may modify its list of proposed search terms as a result of the aforementioned testing process. Upon receipt of the search terms and disclosures, if the Requesting Parties have any additions or modifications to the search terms, they must communicate the additional or modified search terms to the Producing Party. The Parties may then meet and confer regarding the appropriateness of the proposed search term and, where applicable, information regarding the impact

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

of the proposed search term. If the Parties are unable to agree on search terms after meeting and conferring in good faith, any Party may notify the Court of the unresolved dispute(s) and seek resolution from the Court.

**B.**    **Other Search Methodologies.**

If a Producing Party intends to use a methodology for the search of relevant ESI for purposes of Production other than, or in addition to, the use of search terms, it must disclose sufficient information to the Requesting Parties for them to make a reasonable determination as to the efficacy and efficiency of such proposed search methodology. If a Producing Party intends to use a review process that relies on AI-assisted review, the Parties agree to meet and confer to determine an appropriate protocol for the AI-assisted review. If the Requesting Party objects to the use of other search methodologies, the Parties agree to meet and confer in good faith to resolve the dispute. The Parties shall attempt to resolve any objections before seeking relief from the Court.

**C.**    **Follow-up Discovery.**

A Party may for good cause shown request that ESI for additional Custodians be collected and searched and/or that additional search terms be applied. When such a request is made, the Parties will promptly meet and confer and attempt in good faith to reach agreement as to the additional Custodians or search terms requested. The Parties reserve all rights and objections with respect to adding Custodians or search terms. If the Parties cannot reach agreement, such dispute may be presented to the Court for resolution.

**III.**    **FILTERING OF ESI**

**A.**    **Email Threading.**

1.    Email threads are email communications that contain prior or lesser-included email communications that also may exist separately in the Party's electronic files. A most inclusive email thread is one that contains all the prior or lesser-included emails, including attachments, for that branch of the email thread. Each Party may produce (or list on any required privilege log) only the most inclusive email threads as long as the most inclusive email thread includes all

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

non-produced emails that are part of the same string.

2.     Following production of the most-inclusive email threads, a Requesting Party may make reasonable requests for production of individual prior or lesser-included emails within the identified most-inclusive email threads. The Producing Party shall cooperate reasonably in responding to any such requests.

**B.     De-Duplication.**

1.     "Duplicate ESI" means files that are exact duplicates using an industry-accepted file hash algorithm. The Producing Party need produce only a single copy of responsive Duplicate ESI. A Producing Party shall take reasonable steps to de-duplicate ESI globally (i.e., both within a particular custodian's files and across all custodians). Entire Document families may constitute Duplicate ESI. De-duplication shall not break apart families.

2.     No Party may de-duplicate near duplicates (i.e., Documents containing handwriting or other alterations will not be considered duplicates). The Parties will de-duplicate exact duplicates according to the following requirements:

a.     All custodians who were in possession of a de-duplicated Document must be identified in the CUSTODIAN-DUPE metadata field specified in Section VI.H.1.;

b.     The Parties further agree that an email that includes content in the BCC or other blind copy field will not be treated as a duplicate of an email that does not include content in the BCC or other blind copy field, even if all remaining content in the email is identical; and

c.     If a Producing Party becomes aware of any file that was incorrectly filtered during the de-duplication process and that should have been produced, the Producing Party shall promptly produce the Document

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

to the Requesting Parties.

**C.**     <u>**De-NISTing.**</u>

Electronic file collections will be DE-NISTed, removing commercially available operating system and application file information contained on the current NIST file list.

**D.**     <u>**Zero-byte Files.**</u>

The Parties shall filter out stand-alone files identified as zero-bytes in size.

**E.**     The Parties may meet and confer about additional filtering techniques.

## IV.     PRODUCTION OF HARD-COPY DOCUMENTS

A Party will produce Documents that exist only in hardcopy form scanned and produced in TIFF form as set out in Section VI.A & VI.C-E. The scanning must be done such that the resulting image includes all information on the original hardcopy Document. The production of original hardcopy Documents in TIFF form does not otherwise require that the scanned images be treated as ESI. For all hardcopy Documents produced in \*.tif format, the following fields, if available, shall be provided in the data load file: (a) BEGDOC; (b) ENDDOC; (c) CUSTODIAN; (d) REDACTION; and (e) CONFDESG.

## V.     PRODUCTION OF ESI

**A.**     <u>**Document Image Format.**</u>

The Producing Party shall produce Documents in 300 D.P.I. Group IV compression single-page TIFF format images ("Production Images") with associated text files.

**1.**     If ESI has hidden text (e.g., track changes, hidden columns, comments, notes, markups, etc.) associated with it, the Parties shall produce the ESI in a form showing such hidden text to the extent reasonably practicable.

**2.**     Accompanying the production shall be a multipage text (.TXT) file containing searchable text from the native file, including, with regard to email, the email header text, and the metadata identified below.

**3.**     Load files of the Static Images (.OPT files) shall be created and produced together with their associated Static Images to facilitate the use of the

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

produced images by a Document management or litigation support database system.

**B.** <u>**Native File Format.**</u>

A party shall have the option to produce ESI in native format; provided, however, that all Excel spreadsheets, similar spreadsheet files, or data sets must be produced in native format, unless any such Documents are available only in hard-copy format. All Excel spreadsheets, similar spreadsheet files, or data sets produced in native format without redactions should retain all formulae, macros, and VBA code. Any redaction applied to a native Excel spreadsheet, similar spreadsheet file, or data set shall be performed by freezing the original values of all cells and replacing removed content with "REDACTED" and a brief description of the reason for the redaction.

All Documents produced solely in Native format should (i) have an assigned Document level Bates number, (ii) include a placeholder image for each file that identifies the Bates number, (iii) be renamed according to the assigned Bates number and include an appropriate confidentiality provision if the Document qualifies for confidential treatment pursuant to the terms of any confidentiality and protective order ordered by the Court, and (iv) have a "nativepath" populated along with the metadata load file pursuant to the guidelines outlined in paragraph VI.H and Exhibit A attached hereto. Native file productions shall also be accompanied by a single slip sheet TIFF image with the Bates number and any confidentiality designation associated with that Document. The Parties agree that compliance with these provisions shall not constitute spoliation.

The Producing Party will honor reasonable requests made in good faith for production of Documents or particular file types in native format where the Requesting Parties have a particular need to review these Documents or types of files in native format.

**C.** <u>**Document Unitization.**</u>

For files produced as TIFF images, each page of a Document shall be electronically saved as an image file. If a Document consists of more than one page, the unitization of the Document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image files. The Producing Party shall produce a unitization file (.OPT file) ("load file") for all

BAILEY✦KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
702.562.8820

produced Documents in accordance with paragraph VI.J. In scanning Hard copy Documents, distinct documents will not be merged into a single record, and single documents will not be split into multiple records (i.e., paper documents will be logically unitized). The parties will commit to re-unitize improperly unitized documents.

**D.    Color.**

Hard copy Documents and Documents reduced to TIFF may be produced in black and white in the first instance unless the Producing Party believes that production in color is reasonably necessary for a Document to be understood, in which case such Document will be produced in color.  In addition, the Producing Party will honor reasonable requests made in good faith for copying or production of a color image of the Document (and, in the case of a hard copy Document, a color hard copy) where a Requesting Party explains why the color is reasonably necessary to decipher the meaning, context, or content of the Document.

**E.    Bates Numbering and Other Unique Identifiers.**

For files produced in the Document image format agreed to pursuant to paragraph VI.A., each page of a produced Document, shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image in such a manner that information from the source Document is not obliterated, concealed, or interfered with.  There shall be no other legend or stamp placed on the Document image unless a Document qualifies for confidential treatment pursuant to the terms of any confidentiality and protective order entered by the Court in this action, or has been redacted in accordance with applicable law or order.  In the case of any confidentiality or other designation applicable to a Document, or materials redacted in accordance with applicable law or order, a designation may be "burned" onto the Document's image at a location that does not obliterate or obscure any information from the source Document.  Any Party producing ESI in a Native format shall produce the Document in the format agreed to pursuant to paragraph VI.B.

**F.    Production Media.**

The Producing Party shall produce Documents by secure FTP or comparable secure electronic transfer means, unless the quantity of data produced makes it more efficient to produce Documents

on external hard drive (with standard PC compatible interface) (the "Production Media"). Documents produced on external hard drive shall be encrypted; the password shall be provided to the Requesting Parties under separate cover. Each media volume should have its own unique name and a consistent naming convention (e.g., ZZZ001 or SMITH001).

**G.      Electronic Text Files.**

Where Documents maintained in the ordinary course of business contain searchable text, text files shall be produced reflecting the full text that has been electronically extracted from the Documents ("Extracted Text"), including any hidden text.  In the event a Document is not text searchable, for instance when original files exist in paper format and were scanned to create a digital copy, or when redactions have been applied to a document, the Producing Party shall provide optical character recognition ("OCR") text files.  The content of these OCR text files must be associated with the particular TIFF format images reflecting the content of that Hard Copy Document through a database load file/cross-reference file as described above and included as a field in the record in the database load file/cross-reference file associated with those TIFF format images. With respect to emails, the Extracted Text shall include email header information, including to, from, cc, bcc, subject, date, and the names of attachment files.  The Extracted Text shall be labeled and produced on Production Media in accordance with the provisions of paragraph VI.F above.  The text files shall be produced in multi-page text file format and will be named in such a way that they can be associated with their corresponding Static Images in databases utilized by commercially available Document management or litigation support software.

**H.      Metadata.**

       **1.**      The Parties are not obligated to populate manually any metadata fields, except for the CUSTODIAN, CUSTODIAN-DUPE, and SOURCE fields, if such fields cannot automatically be extracted from a Document.  To the extent any ESI contains information subject to a claim of privilege or any other applicable protection, its respective metadata may be redacted or withheld.  If metadata is redacted or withheld, the Producing Party will so inform the

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

Requesting Parties and record the redaction on any privilege log prepared by the Producing Party.  Redacted metadata will be preserved.

**2.**    Each Party will produce metadata fields associated with each electronic Document produced in TIFF format (to the extent such metadata exists in the collected Documents) listed in Exhibit A attached hereto.

**3.**    The Parties must produce all files attached to each email they produce to the extent the attachments are reasonably accessible, unless the Parties agree otherwise or the Court orders otherwise.  To the extent a Party produces electronic Documents attached to emails, a Party will produce the metadata for those attached electronic Documents.

### I.    <u>Attachments.</u>

Email attachments and embedded files or links must be mapped to their parent by the Document or Production number.  If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields (or the functional equivalent, depending on the production format chosen) listing the unique beginning and end number for each attachment or embedded Document must be included, when possible.  Bates numbering for any Attachments must sequentially follow the Bates number(s) for the parent record.

### J.    <u>Load Files.</u>

The Producing Party will produce (a) a data load file, which will contain the bates-number range, attachment range and associated metadata, if any, for each Document; and (b) an image load file which shall cross reference the TIFF images with the location path.  The load files should be provided as DAT files (CONCORDANCE).  If in a particular instance the above steps are not reasonably possible, then the Producing Party will disclose the nature and extent of the difficulties and the Parties will seek to agree on an alternate means of production.

### K.    <u>Password-protected files.</u>

The Producing Party will make reasonable efforts to open and access password-protected files that are identified during processing, or otherwise provide such passwords.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

## VI.    ASSERTIONS OF PRIVILEGE

A.    Nothing in this Protocol is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties to object to a Requesting Party's document requests.

B.    **Privilege Log.**

If a Producing Party withholds Discoverable Information based on a claim of privilege, the Producing Party will provide a metadata privilege log, with each entry to include the following metadata fields:  Author/From, Recipient/To, CC Recipient, BCC Recipient, Email Subject/File Name, and Basis for Withholding (*e.g.*, attorney-client privilege, attorney work product).  The Parties recognize that Production of Discoverable Information will likely occur on a rolling basis. Within 30 days of each document production, the producing party will produce a privilege log to identify documents withheld from that production. In the event the Receiving Party reasonably believes that further information regarding a withheld document is necessary to assess the claim of privilege, it may make a request for such information to the Producing Party and the Producing Party shall, within 3 business days, furnish such requested information.

C.    **No Waiver.**

In accordance with Section I.B and the terms of any confidentiality and protective order ordered by the Court, a Producing Party's failure to log specific privileged ESI on the privilege log shall not be deemed a waiver of the privilege.

The inadvertent production of any non-responsive documents by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any right to redesignate the inadvertently produced documents as non-responsive.  Upon receiving written notice, parties who have received materials inadvertently produced shall, within five (5) business days, return, sequester, or destroy all copies of such materials and provide a certification of counsel of such treatment, and shall promptly attempt to obtain all copies of inadvertently produced materials which were transmitted to other persons, firms, or entities.  Any party that discovers it has received what it thinks may be inadvertently produced materials must promptly inform the Producing Party.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

### D.    <u>Email Thread.</u>

A Producing Party may not withhold embedded or related emails within a thread based solely on a claim of privilege to a separate email within the same thread. In other words, any individual email within a thread withheld on a claim of privilege must have its own basis for privilege.

### E.    <u>Documents Redacted for Privilege.</u>

As an initial production matter, redacted Documents need not be logged as long as (i) for emails, the bibliographic information (i.e. to, from, cc, bcc, recipients, date and time) is not redacted, and the nature of the privilege asserted (i.e., attorney-client privilege; work product doctrine) is noted on the face of the Document; and (ii) for non-email Documents, the nature of the privilege asserted (i.e., attorney-client privilege; work product doctrine) is noted on the face of the Document. Documents that are redacted shall be identified as such in a "redaction" field in the accompanying data load file. After receipt of the production, a Requesting Party may request in good faith that the Producing Party create a privilege log for some, any, or all redacted Documents. Upon receipt of such a request, the Parties shall meet and confer regarding the need for a log and if one is agreed to, the format of such log. If the Parties cannot agree on the need for or format of a log of redacted Documents, any Party may seek the assistance of the Court.

## VII.    PROCESSING OF NON-PARTY DOCUMENTS

**A.**    A Party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Protocol with the subpoena and request that the non-party produce Documents in accordance with the specifications set forth herein.

**B.**    The Issuing Party is responsible for producing to all other Parties any Documents obtained pursuant to a subpoena to any non-party, in a manner that is consistent with the terms of any confidentiality and protective order ordered by the Court. To the extent practical given the data volume, productions by a non-party should be produced by the Issuing Party to all other Parties within three (3) business days of the non-party's production to the Issuing Party. The parties agree that any production deliverable received from a non-party shall be produced in the format in which it was

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

received.

**C.** Nothing in this Protocol is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or non-parties to object to a subpoena.

## VIII. Production of Documents to STATE DEFENDANTS

All productions made to State Defendants will be transmitted to attorneys of record for State Defendants' outside counsel, Mayer Brown LLP ("Mayer Brown"). Mayer Brown will provide access to such productions to other counsel of record for State Defendants.

## IX. IMPLEMENTATION AND MODIFICATION OF PROTOCOL

Counsel for the Parties agree to meet and confer if any Party believes this Protocol should be modified, and the Parties may negotiate and agree in writing to any reasonable exception to or modification of this Protocol. If such negotiation does not lead to an agreed upon modification, the Party may apply to this Court for an exception to or modification of this Protocol.

BAILEY✥KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  Dated this 15th day of September, 2025.

2  By: /s/ *Jessica E. Whelan*
       JESSICA E. WHELAN
3      Nevada Bar No. 14781
       Chief Deputy Solicitor General
4      SABRENA K. CLINTON
       Nevada Bar No. 6499
5      **State of Nevada**
       **Office of the Attorney General**
6      1 State of Nevada Way, Suite 100
       Las Vegas, NV 89119
7
       RORY K. SCHNEIDER
8      **MAYER BROWN**
       1221 Avenue Of The Americas
9      New York, NY 10020

10     NICOLE A. SAHARSKY
       MINH NGUYEN-DANG
11     **MAYER BROWN**
       1999 K Street NW
12     Washington, DC 20006

13     *Attorneys for State Defendants*

14 Dated this 15th day of September, 2025.

15 By: /s/ *Adam Hosmer-Henner*
       ADAM HOSMER-HENNER
16     Nevada Bar No. 12779
       A.G. BURNETT
17     Nevada Bar No. 5895
       JANE SUSSKIND
18     Nevada Bar No. 150699
       KATRINA WEIL
19     Nevada Bar No. 16152
       CASSIN BROWN
20     Nevada Bar No. 15877
       **McDONALD CARANO LLP**
21     100 West Liberty Street, 10th Floor
       Reno, NV 89501
22
       *Attorneys for Intervenor*
23     *Nevada Resort Association*

24

25

26

27

28

Dated this 15th day of September, 2025.

By: /s/ *Paul C. Williams*
    DENNIS L. KENNEDY
    Nevada Bar No. 1462
    PAUL C. WILLIAMS
    Nevada Bar No. 12524
    **BAILEY✧KENNEDY**
    8984 Spanish Ridge Avenue
    Las Vegas, Nevada 89148-1302
    Telephone: 702.562.8820
    Facsimile: 702.562.8821
    DKennedy@BaileyKennedy.com
    PWilliams@BaileyKennedy.com

    NEAL KUMAR KATYAL
    (Admitted *pro hac* vice)
    JOSHUA B. STERLING
    (Admitted *pro hac* vice)
    WILLIAM E. HAVEMANN
    (Admitted *pro hac* vice)
    **MILBANK LLP**
    1850 K Street, Suite 1100
    Washington, D.C. 20006
    Telephone: 202.835.7500
    Facsimile: 202.263.7586

    GRANT R. MAINLAND
    (Admitted *pro hac* vice)
    ANDREW L. PORTER
    (Admitted *pro hac vice*)
    VICTOR HOLLENBERG
    (Admitted *pro hac* vice)
    **MILBANK LLP**
    55 Hudson Yards
    New York, N.Y. 10001
    Telephone: 212.530.5000
    Facsimile: 212.822.5251

    *Attorneys for Plaintiff KalshiEX, LLC*

BAILEY✧KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

## <u>ORDER</u>

It is so ORDERED that this Court adopts the Proposed Electronic Discovery Protocol.

_____

The Honorable Brenda Weksler
United States Magistrate Judge

DATED:  September 16, 2025

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

# Exhibit A: LOAD FILE FORMAT

## LOAD FILE FIELDS

| | |
|---|---|
| BegBates | Bates Number of First Page of Document |
| EndBates | Bates Number of Last Page of Document |
| BegAtt | BegBates of first document in the Attachment Range |
| EndAtt | EndBates of last document in the Attachment Range |
| ConvIndex | Unique identifier for email thread (email only) |
| Custodian | Name for the mail user or owner of the document collection |
| Custodian Duplicates | Name(s) of custodian(s) of duplicated documents that were removed during processing and were not published/visible in the review database |
| Title/Document Title | Meta-data of e-files only |
| Email Subject | Subject of email message |
| Author | Author of document |
| From | Email sender name |
| To | Email recipient(s) |
| CC | Email courtesy copy recipient(s) |
| BCC | Email blind courtesy copy recipient(s) |
| SentDate | Date email message sent |
| SentTime | Email message sent timestamp |
| ReceivedDate | Date email message received |
| ReceivedTime | Email message received timestamp |
| FileCreatedDate | Date-email attachment or application file created, or, if the created date cannot be captured, the date the file was last modified |
| FileModDate | Date-email attachment or application file modified. |
| FilePath | Original file path (if any) |
| FileExtension | File extension of email attachment or document (if any) |

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

| FileName | Text in file header describing content of the file |
| --- | --- |
| FileSize | Size of original file in bytes |
| MD5 | Original email message or file MD5 hash value |
| TextPath | Path to the multi-page TXT files in the delivery |
| NativePath | Path to any native file in the deliverable |

## **LOAD FILE SPECIFICATIONS**

| Field Qualifier (quote): | (254) |
| --- | --- |
| Field Delimiter (comma): | (020) |
| Newline Delimiter: | (174) |
| Multi-entry Delimiter: | (059) |
| Date Format: | MM/DD/YYYY |
| Null Fields: | Left empty |
| Field Names in First Line: | Yes |

Page **17** of **17**

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

KALSHIEX, LLC,

        Plaintiff,

   vs.

KIRK D. HENDRICK, in his official capacity as
Chairman of the Nevada Gaming Control Board,
et al.,

        Defendants,

   vs.

NEVADA RESORT ASSOCIATION,

        Intervenor-Defendant.

Case No.  2:25-cv-00575-APG-BNW

**[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER**

WHEREAS, certain documents and information may be sought, produced or exhibited by
and between the parties to this proceeding (the "Proceeding"), which relate to the parties' financial
information, competitive information, personnel information, or other kinds of commercially
sensitive information that the party making the production deems confidential; and

WHEREAS, it has been agreed by the parties to the Proceeding, through their respective
counsel, that a protective order preserving the confidentiality of certain documents and information
should be entered by the United States District Court for the District of Nevada;

IT IS STIPULATED AND AGREED THAT:

1.     This Protective Order shall govern all documents, the information contained therein,
and all other information produced or disclosed during the Proceeding whether revealed in a
document, deposition, other testimony, discovery response, or otherwise, by any party in this
Proceeding (the "Supplying Party") to any other party (the "Receiving Party").  This Protective
Order is binding upon the parties to the Proceeding, including their respective corporate parents,
subsidiaries, and affiliates and their respective attorneys, agents, representatives, officers, and

Page **1** of **15**

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    employees, and others as set forth in this Protective Order.

2          2.      Subpoenaed third parties who so elect may avail themselves of, and agree to be bound

3    by, the terms and conditions of this Protective Order and thereby become a Supplying Party for

4    purposes of this Protective Order.

5          3.      Any Supplying Party shall, through counsel, have the right to identify and designate

6    as "CONFIDENTIAL," and/or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" any document

7    or information it produces or provides or any testimony given in this Proceeding that the Supplying

8    Party believes constitutes, reflects, or discloses its confidential and/or confidential proprietary

9    information ("Designated Material"), pursuant to the parameters contained herein.

10         4.      "Confidential Information" as used herein means any Designated Material that is

11    designated pursuant to this Protective Order as "CONFIDENTIAL" or "CONFIDENTIAL -

12    OUTSIDE COUNSEL ONLY" by the Supplying Party, whether it is a document, information

13    contained in a document, information revealed during a deposition or other testimony, information

14    revealed in an interrogatory answer, or information otherwise revealed.  In designating material as

15    "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY,"  the Supplying Party

16    will make such designation only as to that material that it, in good faith, believes to be entitled to

17    confidential treatment under Fed. R. Civ. P. 26(c)(1)(G).

18         5.      Written Confidential Information, including documents and interrogatory answers,

19    produced by a Supplying Party shall, if appropriate and where possible, be designated as

20    "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY"  by marking at least the

21    first page of the document and, wherever possible, each subsequent page thereof containing

22    Confidential Information as follows: "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE

23    COUNSEL ONLY."

24         6.      Any material produced or provided in the Proceeding for inspection is to be treated by

25    the Receiving Party as Confidential Information pending the copying and delivery of any copies of

26    same by the Supplying Party to the Receiving Party.

27         7.      Information disclosed at a deposition taken in connection with this Proceeding may

28

BAILEY✧KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

be designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" by:

    a.   any Party designating testimony as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

    b.   any Party notifying all other parties in writing, within thirty (30) calendar days of receipt of the final transcript of a deposition of specific pages and lines of the transcript which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

    c.   Up to and through thirty (30) calendar days after receipt of the final transcript of a deposition, all deposition testimony shall be treated as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY." Following such thirty day period, only deposition testimony specifically designated pursuant to ¶¶ 7a and 7b above will be so treated.

    8.   Confidential Information shall be disclosed by any Receiving Party only to the following persons:

    a.   outside counsel and attorneys employed or retained by any Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such attorneys; and independent contractors (including litigation support services personnel) who are working on the Proceeding and under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

    b.   such members, directors, officers, and employees of any Receiving Party as have a need to have access to such information for the prosecution and/or defense of this Proceeding;

    c.   subject to the further provisions of paragraph 16, any outside consultant or expert

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

(and his, her, or its staff) actually assisting in the Proceeding and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

d. the Court, including any magistrate judge, court-ordered mediators or mediators agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court or mediators in this Proceeding;

e. stenographic employees and court reporters recording or transcribing testimony in the Proceeding; and

f. the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.

9.     Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution, defense, and appeal of the Proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 8 of this Protective Order subject to the provisions of paragraphs 10 and 11.

10.     Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Supplying Party designating the material as "CONFIDENTIAL" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

11.     Any party that is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must promptly give written notice of such subpoena or other notice to the original Supplying Party.  Upon receiving such notice, the original Supplying Party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

12.     Counsel shall take all reasonable and necessary steps to assure the security of any

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

Confidential Information and, subject to the provisions of paragraphs 10 and 11, will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13.     The parties recognize that, in certain circumstances, a Supplying Party may possess documents that contain sensitive confidential and/or confidential proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 8 above, may compromise and/or jeopardize the Supplying Party's (or a third party's) business interests ("Outside Counsel Information") such that the Supplying Party deems it necessary to require additional limitations on disclosure than are set forth in paragraph 8 above.  A Supplying Party may designate such Outside Counsel Information in the manner provided in paragraphs 5 or 7, except that the legend applied to such information shall be: CONFIDENTIAL - OUTSIDE COUNSEL ONLY.  The Supplying Party shall designate as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" only the material that it in good faith believes to be entitled to the treatment set forth below in paragraph 14, and not for the purpose of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information necessary for the prosecution or defense of this Proceeding.  The parties therefore agree to limit use of the "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation to the maximum extent practicable.  Nothing in the foregoing shall preclude third parties from using the "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation as set forth in this paragraph.

14.     All the provisions set forth above applicable to Confidential Information shall apply equally to Outside Counsel Information, except that disclosure of Outside Counsel Information by the Receiving Party shall be limited to the following persons:

      a.     outside counsel employed or retained by any Receiving Party who are actually assisting in the Proceeding (for purposes of this paragraph, counsel employed by the State of Nevada Office of the Attorney General shall be considered outside counsel for the State Defendants); paralegals, stenographic, clerical, and litigation support employees of such outside counsel; independent contractors who are working on the Proceeding and under the direction of such outside counsel and to whom it is

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

necessary that the materials be disclosed for purposes of the Proceeding;

b.   subject to the further provisions of paragraph 17, any outside consultant or expert (and his, her, or its staff) actually assisting in the Proceeding and to whom it is necessary to disclose Outside Counsel Information for the purpose of assisting in, or consulting with respect to, the prosecution or defense of this Proceeding;

c.   the Court, including any magistrate judge, court-ordered mediators or mediators agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Outside Counsel Information for the purpose of assisting the Court or mediators with respect to the Proceeding;

d.   stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and

e.   the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.

15.   Persons having knowledge of Outside Counsel Information by virtue of their participation in the conduct of the Proceeding shall use that Outside Counsel Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Outside Counsel Information for any other purpose nor disclose such Outside Counsel Information to any person who is not listed in paragraph 14 of this Protective Order, subject to the provisions of paragraphs 10 and 11.

16.   Counsel shall take all reasonable and necessary steps to assure the security of any Outside Counsel Information and will limit access to Outside Counsel Information to those persons listed in paragraph 14 of this Protective Order.  Outside Counsel Information produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession and/or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to paragraph 14 above.

17.   Prior to the disclosure of any Designated Material to any person identified in

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

paragraphs 8 or 14 above other than the Court and its staff, any counsel of record, any employee of the law firm of outside counsel of record, or stenographic employees and court reporters recording or transcribing testimony, such person shall be provided with a copy of this Protective Order, which he or she shall read and, upon reading, sign in the form of a Certification in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera.  Persons who come into contact with Designated Material for clerical or administrative purposes pursuant to the direction of a person identified in paragraphs 8 or 14 and who do not retain copies or extracts thereof, are not required to execute Certifications.

18. Any Supplying Party may designate or redesignate under paragraphs 5 and 7, or, if agreed to by the Receiving Party or permitted by the Court, 13 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal).  Upon receipt of any such written redesignation, counsel of record shall: (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order pursuant to the redesignation; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under the applicable paragraph governing disclosure of the Redesignated Material (either paragraph 8 or 14 above).

19. Any party may request at any time permission to disclose Designated Material (the "Requesting Party") to a person other than those permitted under the applicable paragraph governing disclosure of the Designated Material (either paragraph 8 or 14), or to use such information in a

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's

2  counsel.  Any such request shall state the Designated Material the party wishes to disclose, to whom

3  it wishes to make disclosure, and the reason(s) and purpose(s) therefor.  The Supplying Party or its

4  counsel shall thereafter respond to the request in writing (which shall include email) as soon as

5  practicable, and no later than within five (5) business days of its receipt of such request, and if

6  consent is withheld, it shall state the reasons why consent is being withheld.  If the Requesting Party

7  and the Supplying Party are subsequently unable to agree upon the terms and conditions of

8  disclosure for the material(s) in issue, the Requesting Party shall be free to move the Court for an

9  Order permitting the requested disclosure.  On such a motion, it will be the burden of the Supplying

10  Party to justify its reasons for withholding consent.  Pending the resolution of the motion, the

11  material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party

12  until the Court orders otherwise.

13       20.    Any party may object ("Objecting Party") to the propriety of the designation (or

14  redesignation) of specific material as "CONFIDENTIAL" and/or "CONFIDENTIAL - OUTSIDE

15  COUNSEL ONLY" by serving a written objection upon the Supplying Party's counsel.  The

16  Supplying Party or its counsel shall thereafter, within five (5) business days, respond (by hand

17  delivery, courier, or email transmission) to such objection in writing by either: (i) agreeing to

18  remove or change the designation; or (ii) stating the reasons for such designation. Within (5)

19  business days of such response, the Objecting Party shall either (i) withdraw its objection; or (ii)

20  request to meet and confer to discuss its continuing objection. Any such meet and confer will be held

21  no later than five (5) business days after the request, and no later than fifteen (15) business days after

22  the Objecting Party's service of a written objection. If, following the meet and confer, the Objecting

23  Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of

24  disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an

25  Order removing or modifying the disputed designation.  On such a motion, it will be the burden of

26  the party seeking to remove or modify the disputed designation to show good cause for modification

27  of the designation.  Pending the resolution of the motion, the material(s) in issue shall continue to be

28  

Page **8** of **15**

treated in the manner as designated by the Supplying Party until the Court orders otherwise.  For the avoidance of doubt, any party may object to the propriety of a motion seeking leave of the Court to designate a document or category of documents as Outside Counsel Information.

21.    Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's attorneys from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information or Outside Counsel Information, provided that in rendering such advice, the attorneys shall not disclose any other party's Confidential Information or Outside Counsel Information other than in a manner provided for in this Protective Order.

22.    Production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or stop the Supplying Party from designating said document or information as "CONFIDENTIAL," or "CONFIDENTIAL -OUTSIDE COUNSEL ONLY" at a later date.  Disclosure of said document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to its receipt under paragraphs 8 or 14 above, pursuant to the redesignation.

23.    The inadvertent production of any attorney-client privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof.  Each such party reserves the right to redesignate as privileged or exempt any materials that it inadvertently produces.  Upon receiving written notice, parties who have received materials redesignated as privileged shall, within five (5) business days, return, sequester, or destroy all copies of such materials in accordance with Fed. R. Civ. P. 26(b)(5)(B) and provide a certification of counsel of such treatment, and shall promptly attempt to obtain all copies of materials redesignated as privileged which were transmitted to other persons, firms, or entities.  Any

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    Receiving Party that discovers it has received what it thinks may be inadvertently produced

2    privileged information must promptly inform the Supplying Party.

3          24.     Except as agreed in writing by counsel of record or ordered by the Court, if a

4    Receiving Party intends to incorporate, reflect, describe, or attach any Confidential Information or

5    Outside Counsel Information (the "Sealed/Redacted Information"), in whole or in part, in any

6    pleading, motion, memorandum, appendix, or other judicial filing (the "Filing"), counsel for the

7    Receiving Party shall: (a) provide the Supplying Party with written notice of that intent at least five

8    (5) judicial days before the anticipated Filing; (b) file the Sealed/Redacted Information under seal in

9    compliance with Local Rule IA 10-5; and (c) if a publicly available version of the Filing is to be

10   submitted, redact the Sealed/Redacted Information with burned-in redactions and remove all

11   associated metadata to ensure that the Sealed/Redacted Information is not accessible. The Supplying

12   Party shall then promptly move to maintain the seal and/or redactions in accordance with Local Rule

13   IA 10-5 and the requirements set forth in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,

14   1176 (9th Cir. 2006). For clarity, any portion of a deposition transcript that reflects or contains

15   Confidential Information or Outside Counsel Information is subject to this Protective Order and

16   must likewise be filed under seal as Sealed/Redacted Information.

17         25.     Nothing herein shall be construed to affect in any manner the admissibility at trial of

18   any document, testimony or other evidence.

19         26.     Upon the conclusion of the Proceeding, including any appeals, all Designated

20   Material and any and all copies shall, at the Receiving Party's option and within thirty (30) calendar

21   days of receipt of the request, either be destroyed or returned to the Supplying Party, provided,

22   however, that counsel may retain their attorney work product and all court-filed documents even

23   though they contain Confidential Information or Outside Counsel Information; such retained work

24   product and court-filed documents shall remain subject to the terms of this Protective Order.  Any

25   person or entity having custody or control of recordings, notes, memoranda, summaries, or other

26   written materials, and all copies thereof, containing Designated Material shall deliver to the

27   Supplying Party an affidavit certifying that, except as otherwise provided herein, reasonable efforts

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

have been made to assure that all such Designated Material and any copies thereof have been destroyed or delivered in accordance with the terms of this Protective Order. The provisions of this paragraph regarding destruction or return do not apply to Designated Material, copies thereof, or other documents containing Designated Material that the Receiving Party has a separate legal obligation to maintain or that exists solely in archival electronic back-up systems; such documents, however, shall remain subject to the terms of this Protective Order.

27.     If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

28.     The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the parties and/or order of the Court. The parties shall be free to use any Designated Material at trial and any appeals related to this Proceeding, but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials. The Court shall issue any relief it finds necessary, upon motion or agreement of the parties, prior to trial or to the hearing in open court.

29.     Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information or Outside Counsel Information in any manner it sees fit, without prior consent of any party or the Court.

30.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this proceeding.

31.     The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

32.     Data produced in electronic form may be designated as Confidential Information or Outside Counsel Information by marking the data storage medium with the appropriate legend set forth in paragraphs 5, 7, or 13 above.  In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend.  If the Receiving Party prints out electronic data that is Designated Material but that does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

33.     Information received under this Protective Order may be used in connection with this Proceeding and any appeal.  Such information may not be used for any other purpose, or in any other proceedings, regardless of whether KalshiEX, LLC; the Nevada Gaming Control Board; the Nevada Gaming Commission; or the Nevada Resort Association are parties to such proceedings.

34.     All Designated Material (including derivatives thereof) shall not be considered public records subject to disclosure under NRS Chapter 239 or any other similar disclosure laws or regulations. In the event a Receiving Party receives a public records request that includes Designated Material, the receiving party shall notify the Supplying Party of such request within one (1) business day. The Receiving Party shall not produce any Designated Material for at least three (3) business days following the notification to the Supplying Party. If the Supplying Party does not expressly approve—in writing—to the production of the Designated Material within the three (3) business day period, the Receiving Party shall notify the requesting party that it (the Receiving Party) must deny the public records request because the Designated Material is confidential pursuant to this Protective Order. See NRS 239.0107(d).

1   Dated this 15th day of September, 2025.

2   By: /s/ Jessica E. Whelan
        JESSICA E. WHELAN
3       Nevada Bar No. 14781
        Chief Deputy Solicitor General
        SABRENA K. CLINTON
4       Nevada Bar No. 6499
5       **State of Nevada**
        **Office of the Attorney General**
6       1 State of Nevada Way, Suite 100
        Las Vegas, NV 89119
7
        RORY K. SCHNEIDER
8       **MAYER BROWN**
        1221 Avenue Of The Americas
9       New York, NY 10020

10      NICOLE A. SAHARSKY
        MINH NGUYEN-DANG
11      **MAYER BROWN**
        1999 K Street NW
12      Washington, DC 20006

13      *Attorneys for State Defendants*

14  Dated this 15th day of September, 2025.

15  By: /s/ Adam Hosmer-Henner
        ADAM HOSMER-HENNER
16      Nevada Bar No. 12779
        A.G. BURNETT
17      Nevada Bar No. 5895
        JANE SUSSKIND
18      Nevada Bar No. 150699
        KATRINA WEIL
19      Nevada Bar No. 16152
        CASSIN BROWN
20      Nevada Bar No. 15877
        **McDONALD CARANO LLP**
21      100 West Liberty Street, 10th Floor
        Reno, NV 89501
22
        *Attorneys for Intervenor*
23      *Nevada Resort Association*

Dated this 15th day of September, 2025.

By: /s/ Paul C. Williams
    DENNIS L. KENNEDY
    Nevada Bar No. 1462
    PAUL C. WILLIAMS
    Nevada Bar No. 12524
    **BAILEY✦KENNEDY**
    8984 Spanish Ridge Avenue
    Las Vegas, Nevada 89148-1302
    Telephone: 702.562.8820
    Facsimile: 702.562.8821
    DKennedy@BaileyKennedy.com
    PWilliams@BaileyKennedy.com

    NEAL KUMAR KATYAL
    (Admitted *pro hac* vice)
    JOSHUA B. STERLING
    (Admitted *pro hac* vice)
    WILLIAM E. HAVEMANN
    (Admitted *pro hac* vice)
    **MILBANK LLP**
    1850 K Street, Suite 1100
    Washington, D.C. 20006
    Telephone: 202.835.7500
    Facsimile: 202.263.7586

    GRANT R. MAINLAND
    (Admitted *pro hac* vice)
    ANDREW L. PORTER
    (Admitted *pro hac vice*)
    VICTOR HOLLENBERG
    (Admitted *pro hac* vice)
    **MILBANK LLP**
    55 Hudson Yards
    New York, N.Y. 10001
    Telephone: 212.530.5000
    Facsimile: 212.822.5251

    *Attorneys for Plaintiff KalshiEX, LLC*

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

Page **13** of **15**

**ORDER**

It is so ORDERED that this Court adopts the above provisions of the Stipulated Confidentiality Agreement and Protective Order.

_____
The Honorable Brenda Weksler
United States Magistrate Judge

DATED:  September 15, 2025

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

KALSHIEX, LLC,

        Plaintiff,

   vs.

KIRK D. HENDRICK, in his official capacity as
Chairman of the Nevada Gaming Control Board,
et al.,

        Defendants,

   vs.

NEVADA RESORT ASSOCIATION,

        Intervenor-Defendant.

Case No.  2:25-cv-00575-APG-BNW

*Related to KalshiEX, LLC v. Hendrick, et al.*

## <u>CERTIFICATION</u>

The undersigned hereby acknowledges that, having read the Protective Order issued by the Court in the above-captioned action on _____, 2025, the undersigned understands the terms thereof and agrees to be bound thereby.  The undersigned further agrees that the United States District Court for the District of Nevada may impose sanctions for any violation of the Protective Order.

_____
Date

_____
Name (typed or printed)

_____
Signature

Page **15** of **15**

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820