1  DENNIS L. KENNEDY
   Nevada Bar No. 1462
2  PAUL C. WILLIAMS
   Nevada Bar No. 12524
3  **BAILEY❖KENNEDY**
   8984 Spanish Ridge Avenue
4  Las Vegas, Nevada 89148-1302
   Telephone: 702.562.8820
5  Facsimile: 702.562.8821
   DKennedy@BaileyKennedy.com
6  PWilliams@BaileyKennedy.com

7  NEAL KUMAR KATYAL                    GRANT R. MAINLAND
   (Admitted *pro hac vice*)            (ADMITTED *PRO HAC VICE*)
8  JOSHUA B. STERLING                   ANDREW L. PORTER
   (Admitted *pro hac vice*)            (ADMITTED *PRO HAC VICE*)
9  WILLIAM E. HAVEMANN                  VICTOR HOLLENBERG
   (Admitted *pro hac vice*)            (ADMITTED *PRO HAC VICE*)
10 **MILBANK LLP**                      **MILBANK LLP**
   1850 K Street, Suite 1100           55 HUDSON YARDS
11 Washington, D.C. 20006              NEW YORK, NY 10001
   Telephone: 202.835.7500            TELEPHONE: 212.530.5000
12 Facsimile: 202.263.7586            FACSIMILE: 212.530.5219

13 *Attorneys for Plaintiff KalshiEX, LLC*

14

15                UNITED STATES DISTRICT COURT
                      DISTRICT OF NEVADA
16

17 KALSHIEX, LLC,                        Case No.  2:25-cv-00575-APG-BNW

18            Plaintiff,
                                         **PLAINTIFF'S LIMITED**
19     vs.                               **RESPONSE TO DEFENDANTS'**
                                         **REQUEST FOR EMERGENCY**
20 KIRK D. HENDRICK, in his official capacity as   **MOTION CONSIDERATION OF**
   Chairman of the Nevada Gaming Control Board,    **THEIR MOTION TO DISSOLVE**
21 et al.,
22            Defendants,

23     vs.

24 NEVADA RESORT ASSOCIATION,

25            Intervenor-Defendant.

26

27

28

Kalshi provides this limited response to Defendants' Emergency Motion to Dissolve the Preliminary Injunction Entered on April 9, 2025 (ECF 142, the "Motion to Dissolve") solely to address Defendants' request that the Motion to Dissolve be considered on an emergency basis. As detailed below, Defendants have failed to meet their burden to demonstrate that emergency consideration is warranted. Rather, the Motion to Dissolve should be heard in the standard course.

"Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be *irreparably prejudiced* if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015) (emphasis added).

"Emergency motions should be rare." LR 7-4(b). "The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Id.* "A court functions best when the adversarial process is not impeded." *Id.* "The adversarial process requires thoughtful, developed argument by both parties explaining what the parties' competing positions are, the factual basis for those positions, and the legal authority supporting the arguments presented." *Id.* Emergency motions impede this process, requiring courts to render decisions without sufficient time and based on inferior briefing. *Id.* at 1141. Accordingly, "the filing of emergency motions is *disfavored and is properly confined to only the most limited circumstances*." *Id.* (emphasis added).

Here, a preliminary injunction was issued in this Action on April 9, 2025, where the Court held that Nevada law as applied to trading on Kalshi's exchange was preempted by the Commodity Exchange Act (the "CEA") because such trading was within the exclusive jurisdiction of the Commodity Futures Trading Commission (the "CFTC"). ECF 45. Almost six months later, on a motion for preliminary injunction and judgment on the pleadings in a different action, the Court issued a decision that reaffirmed that the CFTC has exclusive jurisdiction over trading swaps on designated contract markets like the one Kalshi operates, but held that event contracts turning on outcomes are *not* swaps within the CFTC's exclusive jurisdiction. *N. Am. Derivatives Exch., Inc. v. Nevada ex rel. Nev. Gaming Control Bd,* 2025 WL 2916151, at *5-6 (D. Nev. Oct. 14, 2025)

("*Nadex*").

State Defendants first informed Kalshi they intended to file the Motion to Dissolve on Wednesday, October 15, 2025, by way of notice, pursuant to Protective Order, ECF 131 ¶ 24, that Defendants intended to attach documents Kalshi had designated as Outside-Counsel-Only to their motion. The Protective Order contains a five-day notice provision in the event a party seeks to file so-designated documents, which Kalshi agreed to waive to facilitate State Defendants' filing on their chosen date of Friday, October 17, 2025. Despite Kalshi's consent on that point, the parties were unable to reach agreement on a briefing schedule. In this district, the standard briefing schedule for a motion such as the Motion to Dissolve calls for an opposing party to have fourteen days to prepare their opposition brief, and the moving party seven for their reply. Local Rule 12-1(a)(2)-(3). State Defendants initially proposed that Kalshi would have seven days to file an opposition, and State Defendants would retain the seven-day period for their reply. Kalshi pointed out to State Defendants that the result of this proposal was that Kalshi's time to respond would be truncated, with no corresponding reduction in State Defendant's time to prepare their reply papers. In response, State Defendants proposed the schedule they submitted to the Court: ten days for Kalshi, and the customary seven days for themselves.

Defendants have failed to meet their burden to demonstrate that their Motion to Dissolve should be considered on an emergency basis. The Motion to Dissolve raises novel, substantial, and important issues.[1] They merit ample attention from, and full consideration by, the parties, and the Court.

Further, Defendants have failed to demonstrate that they will be "irreparably prejudiced." *Cardoza*, 141 F. Supp. 3d at 1142. The preliminary injunction in question has been in place for nearly six months, and State Defendants have not shown why truncating the standard briefing schedule by four days—all of which would be taken from Kalshi's time to oppose—would avoid irreparable prejudice.[2] And while Kalshi maintains that the Motion to Dissolve, in light of its

---

[1] The Court's holding in *Nadex*—that event contracts that "turn on the outcome" of an "event" are not swaps under the CEA—is, to Kalshi's knowledge, the first time a court has construed the CEA in that manner.

[2] To Kalshi's knowledge, State Defendants have not initiated an enforcement action against

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  substantial importance, should be heard on the standard briefing schedule, to the extent the Court is

2  inclined to address the motion on an accelerated schedule, it should do so with proportional

3  reductions to each side's time to brief the matter.

4        Kalshi will respond to the substance of Motion to Dissolve in due course on the schedule

5  ordered by the Court. *See Cardoza*, 141 F. Supp. 3d at 1141 ("All of this detracts from the

6  fundamental purpose of the adversary system, namely, to give the court the best possible presentation

7  of the merits and demerits of the case on each side.").

8        DATED this 19th day of October, 2025.

9                                **BAILEY❖KENNEDY**

10                           By: */s/ Paul C. Williams*

11                               DENNIS L. KENNEDY
                             PAUL C. WILLIAMS

12                           MILBANK LLP

13                           NEAL KUMAR KATYAL (Admitted *pro hac vice*)
                         JOSHUA B. STERLING (Admitted *pro hac vice*)

14                           WILLIAM E. HAVEMANN (Admitted *pro hac vice*)
                         GRANT R. MAINLAND (Admitted *pro hac vice*)

15                           ANDREW L. PORTER (Admitted *pro hac vice*)
                         VICTOR HOLLENBERG (Admitted *pro hac vice*)

16                           *Attorneys for Plaintiff KalshiEX, LLC*

17

18

19

20

21

22

23

24

25

26

27

28  Crypto.com, despite the lack of a preliminary injunction in *Nadex*.

8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1

## CERTIFICATE OF SERVICE

2    I certify that I am an employee of BAILEY❖KENNEDY and that on the 20th day of October,

3  2025, service of the foregoing was made by mandatory electronic service through the United States

4  District Court's electronic filing system and/or by email or by depositing a true and correct copy in

5  the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

6
JESSICA E. WHELAN                          Email:  jwhelan@ag.nv.gov
SABRENA K. CLINTON                                 sclinton@ag.nv.gov
7
DEVIN A. OLIVER                                    doliver@ag.nv.gov
STATE OF NEVADA
8
**OFFICE OF THE ATTORNEY GENERAL**
1 STATE OF NEVADA WAY, SUITE 100
9
LAS VEGAS, NV 89119

10
RORY K. SCHNEIDER                          Email:  rschneider@mayerbrown.com
**MAYER BROWN**
11
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
12

13
NICOLE A. SAHARSKY                         Email: nsaharsky@mayerbrown.com
MINH NGUYEN-DANG                                  mnguyen-dang@mayerbrown.com
**MAYER BROWN**
14
1999 K STREET NW                           *Attorneys for Defendants*
WASHINGTON, DC 20006
15

16
ADAM HOSMER-HENNER                         Email:
A.G. BURNETT                               ahosmerhenner@mcdonaldcarrano.com
17
JANE SUSSKIND                              agburnett@mcdonaldcarrano.com
KATRINA WEIL                               jsusskind@mcdonaldcarrano.com
18
CASSIN BROWN                               kweil@mcdonaldcarrano.com
**McDONALD CARANO LLP**                    cbrown@mcdonaldcarrano.com
19
100 West Liberty Street, 10th Floor
Reno, NV 89501                             *Attorneys for Intervenor*
20                                         *Nevada Resort Association*

21
_____/s/ Paul C. Williams_____
22
Employee of BAILEY❖KENNEDY

23

24

25

26

27

28