DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY✥KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

NEAL KUMAR KATYAL
(Admitted *pro hac vice*)
JOSHUA B. STERLING
(Admitted *pro hac vice*)
WILLIAM E. HAVEMANN
(Admitted *pro hac vice)*
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20005
Telephone: 202.835.7500
Facsimile: 202.263.7586

GRANT R. MAINLAND
(Admitted *pro hac vice*)
ANDREW L. PORTER
(Admitted *pro hac vice*)
NICOLE D. VALENTE
(Admitted *pro hac vice*)
KATRIN A. CASSIDY-GINSBERG
(Admitted *pro hac vice*)
VICTOR HOLLENBERG
(Admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212.530.5000
Facsimile: 212.530.5219

*Attorneys for Plaintiff KalshiEX, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KALSHIEX, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KIRK D. HENDRICK, in his official capacity as Chairman of the Nevada Gaming Control Board, et al.,<br><br>Defendants,<br><br>vs.<br><br>NEVADA RESORT ASSOCIATION,<br><br>Intervenor-Defendant. | Case No. 2:25-cv-00575-APG-BNW<br><br>**KALSHI'S MOTION TO FILE UNDER SEAL** |

Page **1** of **6**

1  Plaintiff KalshiEx, LLC ("Kalshi") seeks an Order from this Court ordering that portions of State Defendants'[1] Reply in Support of Motion to Dissolve the Preliminary Injunction Entered on April 9, 2025, (ECF No. 45), remain filed under seal. ECF No. 200 (the "Reply"). As set forth in the following Memorandum of Points and Authorities, compelling reasons exist to grant such relief.

## MEMORANDUM OF POINTS AND AUTHORITIES

Although the public generally has a right to access court documents, that right is not absolute. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Id.* (quoting *Times Mirror Co. v. United States,* 873 F.2d 1210, 1219 (9th Cir. 1989)). Where a motion is more than "tangentially related to the merits of a case" (including a motion related to a preliminary injunction, as here), courts in this Circuit use a "compelling reasons" standard to determine whether to seal records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Protecting legitimate business interests constitutes a compelling reason to seal information. "Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys. Inc. Secs. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). Consistent with that principle, courts "have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985); *accord Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-CV-01491-JCM, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011)

---

[1] Kirk D. Hendrick, in his official capacity as Chairman of the Nevada Gaming Control Board; George Assad, in his official capacity as a Member of the Nevada Gaming Control Board; Chandeni K. Sendall, in her official capacity as a Member of the Nevada Gaming Control Board; Nevada Gaming Control Board; Jennifer Togliatti, in her official capacity as Chair of the Nevada Gaming Commission; Rosa Solis Rainey, in her official capacity as a Member of the Nevada Gaming Commission; Brian Krolicki, in his official capacity as a Member of the Nevada Gaming Commission; George Markantonis, in his official capacity as a Member of the Nevada Gaming Commission; Abbi Silver, in her official capacity as a Member of the Nevada Gaming Commission; Nevada Gaming Commission; Aaron D. Ford, in his official capacity as Attorney General of Nevada (collectively, "State Defendants").

1  ("Where the material includes information about proprietary business operations, a company's
2  business model or agreements with clients, there are compelling reasons to seal the material because
3  possible infringement of trade secrets outweighs the general public interest in understanding the
4  judicial process."). In the instant litigation, the parties have agreed to a two-tiered protective order,
5  providing for the designation of documents as Confidential and Outside Counsel Only ("OCO").
6  *See* ECF No. 131, at 1-2 (recognizing that the parties may deem "competitive information" and
7  "commercially sensitive information" confidential and providing that the Supplying Party has "the
8  right to identify and designated as . . . 'Confidential – Outside Counsel Only' any document or
9  information it produces or provides").

10  Here, in the Reply, while redacted in the publicly filed draft, State Defendants refer to and
11  quote from documents Kalshi has designated as OCO (the "OCO Redactions"). The OCO
12  Redactions discuss information that comes from documents that contain sensitive confidential and
13  proprietary information, the disclosure of which would compromise or jeopardize Kalshi's business
14  interests. The documents to which the OCO Redactions cite or refer are (i) a confidential self-
15  certification Kalshi submitted to the Commodity Futures Trading Commission ("CFTC") related to
16  a particular event contract offered on its exchange and (ii) Kalshi's response to a non-public inquiry
17  made by the CFTC, which was submitted to the CFTC confidentially. Kalshi has separately moved
18  to file these documents under seal. *See* ECF Nos. 171, 185.

19  With regard to the self-certification, when Kalshi submits a self-certification to the CFTC, it
20  does so in two forms, a public version that is posted on Kalshi and the CFTC's websites,[2] and a
21  confidential version, transmitted solely to the CFTC and marked as confidential for FOIA purposes,
22  that includes confidential appendices that address, among other things, the "potential financial,
23  economic, or commercial consequence[s]" associated with the event contract in question, and an
24  explanation of the proposed event contract's compliance with relevant Core Principles. ECF No.

---

[2] *See* Regulatory Documents: Product Certification, Kalshi (last accessed Nov. 21, 2025), available at https://kalshi.com/regulatory/product-certifications; *see also* Designated Contract Market Products, CFTC (last accessed Nov. 21, 2025), available at https://www.cftc.gov/IndustryOversight/IndustryFilings/TradingOrganizationProducts?Organization=&Type=&Status=Certified &Date_From=&Date_To=&Category=&Subcategory=&Show_All=0.

171-2 at ¶¶ 6-8[3]; 7 U.S.C. §1a(47)(A)(ii). The information included in the confidential appendices are trade secrets of Kalshi, which competes with other exchanges in the business of offering event contracts based, in part, on the event contracts it offers. ECF No. 171-2 at ¶ 8. Kalshi's product self-certifications, including the confidential appendices, provide the bases for these offerings. *Id.* ¶ 11. If made publicly available, any of Kalshi's competitors, current or future, who also submit event contract self-certifications could simply copy-and-paste the information contained in the confidential appendices, including Kalshi's trade secrets, for their own self-certification of a product that would directly compete with Kalshi's offering. *Id.* ¶ 15. As such, Kalshi seeks to keep these OCO Redactions in place.

Turning to the confidential exchange with the CFTC, Kalshi's response reflects information about certain of Kalshi's self-certified event contracts and the manner in which those contracts complied with the requirements of the Commodity Exchange Act (the "CEA"). The information included, and which State Defendants quote in the Reply, has never been made public, and reflects trade secrets of Kalshi, which competes with other exchanges in the business of offering event contracts based, in part, on the event contracts it offers, and the procedures it has in place to ensure those event contracts comply with the CEA. ECF No. 185-2 at ¶¶ 5-8. As such, the disclosure of these OCO Redactions would compromise or jeopardize Kalshi's business interests and competitive position. *Id.* at ¶ 9.

There are compelling reasons to keep this information under seal because the public has little interest in Kalshi's sensitive confidential and proprietary information, particularly given that the nature and mechanics of the contract itself, including its subject matter and terms, is publicly available. ECF No. 171-2 at ¶ 7; *see also Selling Source, LLC*, 2011 WL 1630338, at *6 (finding "compelling reasons" to avoid disclosure of materials which included "information about proprietary business operations . . . because possible infringement of trade secrets outweighs the general public

---

[3] Kalshi previously moved to seal material related to the opening (ECF No. 171) and response briefs (ECF No. 185) for State Defendants' Emergency Motion to Dissolve the Preliminary Injunction Entered on April 9, 2025 (ECF No. 45), and the material referenced or attached to those briefs is of the same nature of the material redacted from the Reply that Kalshi now moves to seal. Kalshi thus cites to declarations that accompanied those prior sealing motions, which explain the confidential and sensitive nature of the material at issue.

1 interest in understanding the judicial process"); *Wanek v. Russell Invest. Trust Co.*, No. 2:21-cv-00961-CDS-BNW, 2024 WL 3256534, at * 2 (D. Nev. June 28, 2024) (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)) (recognizing that courts regularly find compelling reasons to keep documents under seal where they may "become a vehicle for improper purposes" such as "as a source of business information that might harm a litigant's competitive standing"); *Apple v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (observing that the "publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome" the interest in favor of access to materials in litigation).

Accordingly, Kalshi respectfully requests that the Court grant this Motion in its entirety.

DATED this 21 day of November, 2025

**BAILEY❖KENNEDY**

By: /s/ Paul C. Williams
DENNIS L. KENNEDY
PAUL C. WILLIAMS

**MILBANK LLP**
NEAL KUMAR KATYAL (Admitted *pro hac* vice)
JOSHUA B. STERLING (Admitted *pro hac* vice)
WILLIAM E. HAVEMANN (Admitted *pro hac* vice)
GRANT R. MAINLAND (Admitted *pro hac* vice)
ANDREW L. PORTER (Admitted *pro hac vice*)
NICOLE D. VALENTE (Admitted *pro hac vice*)
KATRIN A. CASSIDY-GINSBERG (Admitted *pro hac vice*)
VICTOR HOLLENBERG (Admitted *pro hac vice*)

*Attorneys for Plaintiff KalshiEX, LLC*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of BAILEY✧KENNEDY and that on the 21st day of November, 2025, service of the foregoing was made by mandatory electronic service through the United States District Court's electronic filing system and/or by email or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| JESSICA E. WHELAN<br>SABRENA K. CLINTON<br>DEVIN A. OLIVER<br>**STATE OF NEVADA**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119 | Email:<br>jwhelan@ag.nv.gov<br>sclinton@ag.nv.gov<br>doliver@ag.nv.gov |
| RORY K. SCHNEIDER<br>**MAYER BROWN**<br>1221 Avenue Of The Americas<br>New York, NY 10020 | Email:  rschneider@mayerbrown.com |
| NICOLE A. SAHARSKY<br>MINH NGUYEN-DANG<br>**MAYER BROWN**<br>1999 K Street NW<br>Washington, DC 20006 | Email:<br>nsaharsky@mayerbrown.com<br>mnguyen-dang@mayerbrown.com<br><br>*Attorneys for State Defendants* |
| ADAM HOSMER-HENNER<br>A.G. BURNETT<br>JANE SUSSKIND<br>KATRINA WEIL<br>CASSIN BROWN<br>**McDONALD CARANO LLP**<br>100 West Liberty Street, 10th Floor<br>Reno, NV 89501 | Email:<br>ahosmerhenner@mcdonaldcarano.com<br>agburnett@mcdonaldcarano.com<br>jsusskind@mcdonaldcarano.com<br>kweil@mcdonaldcarano.com<br>cbrown@mcdonaldcarano.com<br><br>*Attorneys for Intervenor*<br>*Nevada Resort Association* |

        /s/ Jennifer Kennedy
       Employee of BAILEY✧KENNEDY