# EXHIBIT G
# 12/2/2025 - 1/14/2026
# Email Chain

# Jay Jung

| | |
|---|---|
| **From:** | Alexander Mendelson |
| **Sent:** | Wednesday, January 14, 2026 3:22 PM |
| **To:** | Cassidy-Ginsberg, Katie; Porter, Andrew; Baum, Rosa; Mainland, Grant; Havemann, Will; Sterling, Josh; Valente, Nicole; Farag, Peter |
| **Cc:** | Rory K. Schneider; Miranda Z. Katz; Jessica E. Whelan; Sabrena K. Clinton; Abigail L. Pace; Jeny M. Beesley; Nicole A. Saharsky; Minh Olivier Nguyen-Dang; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett; Jane Susskind; Thad Houston |
| **Subject:** | RE: Kalshi v. Hendrick, et al., 2:25-cv-0575 |

Thank you, Katie.  We will send a meeting invite for 3 PM to 4 PM EST on Tuesday, January 20.

_____

**Alexander S. Mendelson**
*Associate*
*Pronouns: he/him*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America
T +1 212 506 2152 | M +1 516 902 5416
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>
**Sent:** Wednesday, January 14, 2026 2:03 PM
**To:** Alexander Mendelson <AMendelson@mayerbrown.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M. Beesley <JBeesley@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>
**Subject:** RE: Kalshi v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

Alex,

Acknowledging receipt of the below, to which we are preparing a response.  In the meantime, we are available to meet and confer between 2:30 to 4 pm EST on Tuesday, January 20.  In addition to discussing the items you've raised below, we also anticipate that there may be things to discuss with respect to Defendants' forthcoming Responses and Objections to Kalshi's Second Set of Document Requests, and would like to reserve time to do so during the meet and confer.  To that end, could we please schedule the meet and confer for a full hour on Tuesday?

Thanks,
Katie

Katie Cassidy-Ginsberg | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163

1

T: +1 212.530.5030
KCassidy-Ginsberg@milbank.com | milbank.com

---

**From:** Alexander Mendelson <AMendelson@mayerbrown.com>
**Sent:** Tuesday, January 13, 2026 9:13 PM
**To:** Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M. Beesley <JBeesley@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>
**Subject:** [EXT] RE: Kalshi v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

Katie,

Confirming receipt of your January 9 email. We are considering your proposed modifications to the search terms as applied to the Slack collection, and are considering whether to further modify the terms. To evaluate and respond to your proposal, it would be helpful to understand a bit more about your collection.

- Are the hit totals inclusive of both traditional email communications and Slack combined, or only provided with respect to the Slack collection?
- Do hits include deleted or revised messages?
- Can you confirm how you are defining "documents" and "families" for the purposes of Slack?
    - For example, was data collected in 24-hour segments? By channel? By thread? In direct messages?
    - Does this refer to files and media shared using Slack? Does it include hyperlinked files? Does it include huddles and huddle notes, and associated metadata?
- Are "bet" (#1 below) and the sports related search term hits (#4 and 5 below) materially driven by false positives in some way (similar to CP messages that are driving up hits on otherwise unresponsive communications with "cpark"), or are there simply many responsive Slack messages that use the word "bet" and/or concern sports?

We are also in receipt of Peter's email this afternoon and are considering your proposed modifications to Requests Nos. 11, 12, and 13.

There are a number of additional outstanding items which we think it would be beneficial to discuss:

- Per Kalshi's 12/9/2025 email, Kalshi intends to provide documents or data sufficient to show Kalshi's relative trading volume as compared with other traders for the months of October 2024 – October 2025, and at the time was evaluating the feasibility, form, and manner of such a provision, and is willing to produce documents sufficient to describe the operation of Kalshi's RFQ process.
- Per our 12/12 meet and confer, Kalshi agreed to explain the extent to which Kalshi Trading uses the Kalshi Exchange API, the rate limit and access tier available to Kalshi Trading
- We have a number of questions regarding the list of event titles that was produced that we would like to discuss with you (1/2). Specifically:
    - The event titles spreadsheet did not include metadata – can you confirm when the spreadsheet was created, and the time period that it covers?
    - Is it feasible to include market data, series data, and trading volume totals, in addition to event title data?
- On 1/8, we:

2

- o requested confirmation regarding the repositories searched and additional information regarding the Slack data
- o proposed modifications to search terms over our documents
- o proposed search terms for Kalshi's designated Kalshi Trading Slack channel

Given the critical mass of outstanding discovery items on both sides, we think it would be beneficial for us to have a meet and confer as soon as possible.

We are available during the following windows next week. Please let us know when you are available

- Tuesday, 1/20
    - o 12 PM – 4 PM
- Weds., 1/21
    - o 11 AM – 12 PM
    - o 2:30 PM – 4:30 PM
    - o 5 PM – 6 PM

Thank you,
Alex

_____

**Alexander S. Mendelson**
*Associate*
*Pronouns: he/him*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America
T +1 212 506 2152 | M +1 516 902 5416
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

**From:** Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>
**Sent:** Friday, January 9, 2026 6:12 PM
**To:** Alexander Mendelson <AMendelson@mayerbrown.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M. Beesley <JBeesley@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>
**Subject:** RE: Kalshi v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

Counsel,

Confirming receipt of your January 8 email, which we will respond to separately. In the meantime, as previewed last week, we have identified several search terms that were overbroad as applied to the Slack collection. These terms, and the resulting hit counts, are set forth below.

3

| No. | Search Term | Documents with Hits (including families) |
|---|---|---|
| 1 | "bet" | 82,789 |
| 2 | ("CP" OR CP*) | 50,598 |
| 3 | elect* OR poli* | 124,357 |
| 4 | ("football" OR "baseball" OR "basketball" OR "soccer" OR "hockey" OR "golf" OR "cricket" OR "tennis" OR "chess" OR "esports" OR "motorsport" OR "UFC" OR "mixed martial arts" OR "boxing") | 34,546 |
| 5 | Sports | 28,126 |

In light of the volume of hits that these terms are generating, we would propose modifying these terms as denoted in red below.

Note that, with respect to the search term ("CP" or CP*) specifically, we determined that this term was hitting on a slack participant's name (cpark@kalshi.com), which was a significant driver of the hit count. As such, we have proposed modifying this term so that it excludes Slack messages where the term "CP*" is hitting on cpark@kalshi.com, as reflected below. For the avoidance of doubt, we ran all other search terms against documents for which "CP*" solely generated a hit on cpark@kalshi.com, and will include any documents responsive to that search in the review.

Please confirm that Kalshi's proposed modifications are acceptable to Defendants.

- "bet" AND (contract or market or sport or Kalshi or exchange or platform or "CFTC")
- "bet" w/20 (contract or market or sport or Kalshi or exchange or platform or "CFTC")
- ("CP" or CP*) AND NOT (cpark@kalshi.com)
- (Elect* or politic*) AND (certify or certification or "CFTC" or contract or hedg*)
- ("football" OR "baseball" OR "basketball" OR "soccer" OR "hockey" OR "golf" OR "cricket" OR "tennis" OR "chess" OR "esports" OR "motorsport" OR "UFC" OR "mixed martial arts" OR "boxing") AND (contract or market or certify or certification or exchange or platform or "CFTC" or swap)
- ("football" OR "baseball" OR "basketball" OR "soccer" OR "hockey" OR "golf" OR "cricket" OR "tennis" OR "chess" OR "esports" OR "motorsport" OR "UFC" OR "mixed martial arts" OR "boxing") w/20 (contract or market or certify or certification or exchange or platform or "CFTC" or swap)
- Sports AND (contract or market or certify or certification or exchange or platform or "CFTC")

Thank you,
Katie

Katie Cassidy-Ginsberg | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5030
KCassidy-Ginsberg@milbank.com | milbank.com

---

**From:** Alexander Mendelson <AMendelson@mayerbrown.com>
**Sent:** Thursday, January 8, 2026 7:09 PM
**To:** Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M. Beesley <JBeesley@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston

<thouston@mcdonaldcarano.com>
**Subject:** [EXT] RE: Kalshi v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

Counsel,

We write in response to your email of January 2, 2026, and further to our prior email of January 2, 2026.

<u>With respect to Kalshi's discovery requests:</u>  As previously mentioned, we are continuing to collect custodial files from our clients for review, including a number of the custodians that you have proposed.  We have applied the 37 search terms Kalshi has proposed below (combining our 21 proposed search terms, dated December 2, 2025, and Kalshi's proposed modifications and additional search terms of December 11, 2025), and propose removing the six search terms listed below.

|   | **Search Term** | **Documents with hits (including families)** |
|---|---|---|
| 1 | ("nevada law" or (Nevada /w5 (law or regulation)) or "state law" or (state w/10 law) or "state regulation" or (state w/10 regulation) or "state gaming laws" or "state gambling laws" or "gaming" or "gambling") and (compliance or compl* or appl*) | 17,451 |
| 2 | Elect* or poli* | 17,213 |
| 3 | ("protect" or "protection" or "responsible" or "problem") and ("gaming" or "gambling") | 10,682 |
| 4 | ("nevada law" or (Nevada w/5 (law or regulation)) or "state law" or (state w/10 law) or "state regulation" or (state w/10 regulation) or "state gaming laws" or "state gambling laws") and ("CFTC*" or "Commodity Futures Trading Commission" or "DCM" or "designated contract market" or "contract market" or "prediction market" or "event contract" or swap or preempt* or jurisdiction or conflict*) | 4,225 |
| 5 | trib* or native* | 4,603 |
| 6 | "anti-money laundering" or "anti money laundering" or "AML" or "anti money-laundering" | 4,420 |

As previously noted, our initial search terms were intended to be broad for the purposes of collection.  We have determined that, of the total 37 search terms as modified and proposed by Kalshi, the following 6 present an unduly burdensome volume and are most susceptible to providing false hits which are entirely irrelevant to Kalshi's requests and to the issues in this case. These documents, by way of example, hit on a host of irrelevant and unresponsive documents such as: every document that concerns both "gaming" and "compliance" or "applications" (#1), every document containing mention of the word "policy" or "policies," again the vast majority of a regulatory agency's day-to-day activity (#2), and every document concerning responsible gaming, problem gaming, and consumer protection (#3), and all documents concerning the NGCB's "jurisdiction" under "Nevada law." (#4). Each of these bears on the day-to-day activities of the Board and Commission and each hits on documents that are irrelevant to the issues in this case.  Likewise, these terms hit on all documents concerning tribal gaming (#5) rather than communications with tribes concerning prediction markets and event contracts, and all documents related to AML issues, investigations, and regulations, which the NGC and NGCB regularly considers  but which are not by themselves relevant to the issues in this case (#6).

For the avoidance of doubt, we do not intend to exclude documents that hit on these terms from our review; rather, we will not include documents in our review simply because they hit on these terms.   We are continuing to collect custodial files from the custodians that you have proposed, and reserve the right to identify search terms and custodians which are unduly burdensome or are overly broad.

<u>With respect to State Defendant's discovery requests:</u>  We appreciate your continuing to keep us apprised on the status of your anticipated productions, and look forward to the opportunity to evaluate a similar hit count regarding the search terms that you have identified as overly broad as applied to your Slack collection.

In addition to a hit count, please confirm which repositories are being searched for Kalshi's proposed custodians, including, but not limited to, whether any centralized files (including any network drives, Google drives or other G-suite data, or the like) are being searched in addition to email files and slack data.  With respect to Slack in particular, please confirm (1) whether communications are being collected from particular workspaces and channels (public or private) in which custodians participated addition to direct messages of custodians (2) the extent to which revised or deleted messages have been retained and collected and will be produced; and (3) the extent to which audio or video clips have been retained and collected and will be produced.

With respect to the Slack channel designated for communications with Kalshi Trading, as discussed during our most recent meet and confer, we propose the following additional search terms:
- "bet*" or "win*" or "los*" or "wager*"
- "sport*" or "*ball"
- "over" or "under" or "over/under"
- "parlay*" or "comb*" or "multi*"
- "RFQ" or "Request for Quotation" or "Request for Quote"
- "market" and "mak*"
- "Sequoia" or "SIG"
- "office" or "hall" or "cub*" or "door" or "hq" or "headquarters"
- "feedback meeting"
- "wall"
- "order flow" or "order match*"
- "insid*" or "pref*" or "edge" or "advantag*" or "earl*" or "dela*"
- "public*" or "non-public*"
- "MNPI" or "material"
- "source code"
- "liquid*"
- "front"
- "tarek" or "luana" or "board" or "chief"
- "settl*" or "resol*" or "tim*"

We look forward to hearing from you and are available to meet and confer next week – please provide some windows that you are available.

Thank you,
Alex

_____

**Alexander S. Mendelson**
*Associate*
*Pronouns: he/him*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America
T +1 212 506 2152 | M +1 516 902 5416
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

**From:** Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>
**Sent:** Friday, January 2, 2026 5:16 PM
**To:** Alexander Mendelson <AMendelson@mayerbrown.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M. Beesley <JBeesley@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>
**Subject:** RE: Kalshi v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

Counsel,

We write in response to your December 16 and January 2 emails.

<u>With respect to Kalshi's discovery requests</u>:  We appreciate the update and look forward to receiving the detailed response next week.  In the detailed response, please provide us with a list of all search terms used and corresponding hit counts, including a list of terms generating a false number of hits.  For the terms that are indeed generating a voluminous number of false hits, we'd like the opportunity to propose additional narrowed terms.

On custodians, we are amenable to not pursuing Mr. Ford's files pending State Defendants amenability to using Brian Krolicki, George Assad, Chandeni Sendall, Rosa Solis-Rainey, George Markantonis, and Abbi Silver as custodians. We understand your point regarding duplicity, however, any concern regarding burden can be addressed with de-duping post-collection.

<u>With respect to State Defendant's discovery requests</u>:  As to Kalshi's upcoming productions, we will continue to keep you apprised on the status.  With respect to advertisements in particular, as explained on our most recent meet and confer, we are continuing to work with our client and the vendor to collect advertisements and expect to provide an update in the coming days.  Additionally, we will be producing a list of current contracts offered by Kalshi today under separate cover.

Finally, we note that we have identified a number of search terms that were overbroad as applied to the Slack collection, and will likewise provide a more detailed response on that next week.

Thank you,
Katie

Katie Cassidy-Ginsberg | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5030
KCassidy-Ginsberg@milbank.com | milbank.com

---

**From:** Alexander Mendelson <AMendelson@mayerbrown.com>
**Sent:** Friday, January 2, 2026 2:41 PM
**To:** Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M.

Beesley <JBeesley@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>
**Subject:** [EXT] RE: Kalshi v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

Counsel,

Further to our email below, we are continuing to receive additional custodial files from our clients and are continuing to evaluate the feasibility of adding the custodians and search terms that you have proposed below.

At this stage, we have identified a number of search terms that are clearly overbroad and which have resulted in an unduly burdensome volume of documents that are highly unlikely to be responsive.

We expect to provide a more detailed response next week, along with our availability to subsequently meet-and-confer to discuss.

Thank you,
Alex

_____

**Alexander S. Mendelson**
*Associate*
*Pronouns: he/him*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America
T +1 212 506 2152 | M +1 516 902 5416
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Alexander Mendelson
**Sent:** Tuesday, December 16, 2025 4:47 PM
**To:** 'Cassidy-Ginsberg, Katie' <KCassidy-Ginsberg@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M. Beesley <JBeesley@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>
**Subject:** RE: Kalshi v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

Counsel,

Thank you for your email. State Defendants accept your proposal to add Nicole Kagan and Lior Hirschfeld as custodians with respect to Requests 2, 5, and 7.

With respect to Kalshi's request for further information regarding the repositories searched, and proposed modifications to applicable search terms: State Defendants are in the process of collecting from the professional Office 365 accounts of the previously proposed custodians. State Defendants are also in the process of collecting from gmail accounts used by

8

certain custodians solely for Commission/Board-related business. Finally, State Defendants are searching and collecting from shared drives and network locations used by the Commission and Board in the ordinary course of business, and from a centralized document retention system, in order to identify any documents not otherwise included within custodial email files.

As previously noted, the search terms State Defendants proposed for their initial collection were intended to be over-inclusive. As a result, several terms (such as "AML or anti-money laundering" and "sportsbook") predictably led to a voluminous number of false hits and unresponsive documents. State Defendants will take Kalshi's proposed modified search terms under advisement and will confirm, depending on volume, the extent to which those modified terms, if any, are acceptable.

With respect to Kalshi's proposed modifications to State Defendants' custodians: *First*, State Defendants will not agree to collect or produce Attorney General Ford's custodial files. As Nevada's chief law enforcement officer, Mr. Ford is opposing counsel and oversees the litigating attorneys in this matter. As opposing counsel, Mr. Ford is not an appropriate custodian. Moreover, most if not all documents and communications in his possession are attorney-client privileged, constitute work product, or are otherwise subject to governmental privileges, including executive and deliberative process privileges. Accordingly, a search of Mr. Ford's documents would impose a significant expense and burden upon State Defendants, but would be exceedingly unlikely to yield any non-privileged, responsive results. Indeed, the same justifications that Kalshi cited to exclude Rick Heaslip and Elie Mishory as custodians from productions moving forward apply with equal if not greater force to Mr. Ford's files.

*Second*, Virginia Valentine and Derek Stevens are not affiliated with State Defendants, are not subject to the State Defendants' control, and are not appropriate State Defendant custodians. To the extent any non-privileged, responsive communications between proper State Defendant custodians and either Ms. Valentine or Mr. Stevens exist, they will not be excluded.

*Finally*, State Defendants included Chairs Dreitzer and Hendrick (of the Gaming Control Board) and Chair Togliatti (of the Gaming Commission) as custodians based on our understanding (and direction from our clients) that the Chairs of each entity were likely to have the most inclusive set of responsive and relevant documents. Given that any search of other individual Commissioners and Board Members files is thus likely to result in large part in duplicates, processing a collection from each custodian would impose an undue burden. Nevertheless, we will take your request under advisement, further evaluate the burden associated with undertaking such collections, and confirm whether we are willing to produce documents from the remaining individuals listed.

With respect to Request 27 and other outstanding requests: We confirm that we have received your production containing Kalshi's presentation to State Defendants on March 28, 2025, the Affiliate Safeguards Policy and Affiliate Trader Acknowledgment, and several other assorted policies and procedures. As we discussed during our most recent meet and confer, there are several additional outstanding discovery materials which we understand you expect to produce in the near term, including:
1. Advertisements (in connection with Requests 6 and 10) – agreement on parameters and production reached in October 2025.
2. Prior versions of Kalshi's Rulebook (Request 23) – Kalshi agreed to produce in written R&Os on October 15, 2025.
3. An initial production of documents and communications as directed by the Court (Requests 2, 5, and 7).

Please keep us apprised of the status of the timing and volume of these expected productions.

Finally, as discussed at our most recent meet and confer on December 12, in connection with State Defendants' Request No. 11 for a list of the event contracts offered on Kalshi, we are amenable to receiving in the first instance a list of the contracts that are currently available. As noted at our meet and confer, however, State Defendants remain of the view that a full list of previously offered contracts should be readily available from Kalshi's records and would not be unduly burdensome to produce. We look forward to receiving more information regarding that aspect of State Defendants' request.

Thank you,

Alex

_____

**Alexander S. Mendelson**
*Associate*
*Pronouns: he/him*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America
T +1 212 506 2152 | M +1 516 902 5416
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>
**Sent:** Thursday, December 11, 2025 9:33 PM
**To:** Alexander Mendelson <AMendelson@mayerbrown.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M. Beesley <JBeesley@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>
**Subject:** RE: RE: Kalshi v. Hendrick, et al., 2:25-cv-0575

Counsel,

**State Defendants' Proposed Search Parameters**
Please see below for our proposed edits and additions in red to your proposed custodians and search terms. Please also confirm which repositories will be searched for the below custodians.

Separately, we cannot agree at this time to State Defendants' using the "narrowed terms" set forth below. To the extent that any particular search term or search string is driving a significant number of hits, we believe the more appropriate course would be for the parties to meet and confer regarding ways to narrow the search terms and reduce the burden on State Defendants. Please confirm this is acceptable to State Defendants.

**Kalshi's Custodians for Request Nos. 2, 5, and 7**
With regards to Kalshi's custodians for Request Nos. 2 and 5, you asked whether Kalshi anticipated naming any additional custodians that are likely to have discussed self-certifications or potential financial, economic, or commercial consequences, as it was your understanding that "Kalshi was meant to propose replacement custodians for Elie Mishory and Rick Heaslip" and Kalshi's proposed "replacement" custodians, Marcus Lee and Sam Schwartz, were already contemplated custodians.

As an initial matter, Kalshi was not ordered to name "replacement" custodians for Mr. Heaslip or Mr. Mishori. Rather, Magistrate Judge Weksler ordered the parties to meet and confer regarding the proper custodians, after Kalshi explained that two of State Defendants' proposed custodians were attorneys whose internal communications were likely to be privileged. *See* Tr. 22:2-23:17. Thus, Kalshi was under no obligation to propose "replacement" custodians—a fact which State Defendants themselves expressly recognized during the hearing. Tr. 23:5-9 ("If Mr. Porter is representing that the, I think the ***three or four other custodians are the ones who would have most been likely to have communications about the self-certifications, then we have no objection***.") (emphasis added).

10

Nevertheless, after further discussions with our client, Kalshi also proposes to include Nicole Kagan, Markets, as a custodian, given we understand that she is likely to have discussed Kalshi's self-certifications and/or the potential financial, economic, or commercial consequences associated with Kalshi's event contracts.

With respect to Request No. 7 and your question regarding Mr. Sottile's declaration, Mr. Sottile's conversations with Kalshi's leadership and technical team to determine the feasibility of compliance were with Rick Heaslip, General Counsel and Chief Regulatory Officer; Elie Mishory, former General Counsel and Chief Regulatory Officer; and Lior Hirschfeld, an Engineer at Kalshi. In addition, Mr. Sottile may have consulted with Marcus Lee, the Head of Engineering at Kalshi. We have already proposed that two of these individuals be custodians—Mr. Sottile and Mr. Lee. In addition, we are willing to include Mr. Hirschfeld as a custodian for Request No. 7. However, we do not agree to include Mr. Heaslip or Mr. Mishory as custodians given that both are attorneys and their written communications with Mr. Sottile (or others) would almost certainly be privileged. Please confirm that this is acceptable to State Defendants.

**State Defendants' Request No. 27**
State Defendants' Request No. 27 requests the production of documents presented or used in meetings related to Event Contracts between Kalshi and any state regulator, including Kalshi's presentation to State Defendants on March 28, 2025. In response to this Request, we can confirm that we are willing to produce a copy of Kalshi's presentation to State Defendants on March 28, 2025.

Thank you,
Katie

Katie Cassidy-Ginsberg | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5030
KCassidy-Ginsberg@milbank.com | milbank.com

---

**From:** Mendelson, Alexander <AMendelson@mayerbrown.com>
**Sent:** Tuesday, December 2, 2025 9:13 AM
**To:** Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Havemann, Will <whavemann@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Valente, Nicole <nvalente@milbank.com>
**Cc:** Schneider, Rory K. <RSchneider@mayerbrown.com>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Sabrena K. Clinton <SClinton@ag.nv.gov>; Abigail L. Pace <APace@ag.nv.gov>; Jeny M. Beesley <JBeesley@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; ahosmerhenner@mcdonaldcarano.com; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>
**Subject:** [EXT] RE: Kalshi v. Hendrick, et al., 2:25-cv-0575

Counsel,

Hope you all had a nice Thanksgiving holiday. Following up on our meet and confer last week: below are the search terms that we are using for ESI collection. Pursuant to the ESI Protocol § II.A. and in consultation with our client, we are currently in the process of collecting emails using the following search terms, which are intended to capture responsive ESI. If we determine that these terms are ultimately overly broad, or that a review of documents hitting on these terms would be unduly burdensome, we reserve the right to modify the search terms as indicated below.

Additionally, we'd like to follow up on the proposed custodians for Request Nos. 2, 5, and 7. First, it was our understanding that Kalshi was meant to propose replacement custodians for Elie Mishory and Rick Heaslip – two attorneys whose internal communications may be more likely to be privileged. We understood from our conversation that you

11

proposed Marcus Lee and Sam Schwartz as replacements; however, Mr. Lee and Mr. Schwartz were already contemplated custodians. *See* ECF No. 138-6 at 9-10 (naming Xavier Sottile, Marcus Lee, Sam Schwartz, Elie Mishory, and Rick Heaslip as appropriate custodians for Request Nos. 1 and 2). Was this inadvertent, and do you anticipate naming any additional custodians who are likely to have discussed self-certifications or financial, economic, or commercial consequences?

Further, we wanted to confirm whether Mr. Lee and Mr. Schwartz are the members of the "technical" and "leadership" teams referenced by Mr. Sottile in his declaration, or whether anyone else is incorporated by reference. Our understanding following the conference was that Kalshi was directed to identify those individuals in order to help evaluate additional appropriate custodians.

Thank you,
Alex

\*\*\*

1. <u>Custodians:</u>
   - Chair Dreitzer
   - Chair Hendrick
   - Chair Togliatti
   - Brian Krolicki
   - George Assad
   - Virginia Valentine
   - Derek Stevens
   - Chandeni Sendall
   - Rosa Solis-Rainey
   - George Markantonis
   - Abbi Silver
   - Aaron Ford

2. <u>Date Range:</u>
   - January 1, 2024 to October 14, 2025

3. <u>Search Terms:</u>
   - "Kalshi" or "KalshiEx"
   - (sport OR elect*) and "risk mitigation"
   - (sport OR elect*) and "hedg*"
   - (sport OR elect*) and "price" and ("basing" or discovery")
   - Elect* or poli*
   - "polymarket" or "poly market"
   - "Crypto*"
   - "NADEX*" or "North American Derivative*"
   - "Robinhood*" or "Robin hood"
   - "event*" /5 "contract*"
   - "predict*" /5 "market*"
   - "contract*" /5 "market*"
   - "DCM*" or "designated contract market"
   - "swap*" or "commodit*"
   - "CFTC*" or "Commodity Futures Trading Commission"

- "Commodity Exchange Act" or "CEA"
- Sportsbook
- trib* or native*
- "cease and desist" or "C + D" or "C&D" or "C & D" or "cease-and-desist"
- "anti-money laundering" or "anti money laundering" or "AML" or "anti money-laundering"
- "Know-Your-Customer" or "KYC" or "know your customer"
- NRA or "Nevada Resort Association" or "Nevada Resorts Association"
- preempt*
- Jurisdiction and ("CFTC*" or "Commodity Futures Trading Commission" or "DCM" or "designated contract market" or "prediction market" or "contract market" or "event contract" or swap)
- geofenc* or geolocat*
- "core principles"
- consumer protect*
- Section 5c(c)
- "vig"
- ("nevada law" or (Nevada /5 (law or regulation)) or "state law" or (state /10 law)" or "state regulation" or (state /10 regulation) or "state gaming laws" or "state gambling laws") and ("CFTC*" or "Commodity Futures Trading Commission" or "DCM" or "designated contract market" or "contract market" or "prediction market" or "event contract" or swap or preempt* or jurisdiction or conflict*)
- ("nevada law" or (Nevada /5 (law or regulation)) or "state law" or (state /10 law) or "state regulation" or (state /10 regulation) or "state gaming laws" or "state gambling laws" or "gaming" or "gambling") and (compliance or compl* or appl*)
- ("federal law" or (federal /10 law) or "federal regulation" or (federal /10 regulation)) and ("DCM" or "designated contract market" or "prediction market" or "contract market" or "event contract" or swap or preempt* or jurisdiction or conflict* or compliance or comply*)
- ("nevada law" or (Nevada /5 (law or regulation)) or "state law" or (state /10 law) or "state regulation" or (state /10 regulation) or "state gaming laws" or "state gambling laws") and ("federal law" or (federal /10 law) or "federal regulation" or (federal /10 regulation))
- "7 U.S.C. § 1a(47)(A)(ii)" or "§ 1a(47)(A)(ii)" or "1a(47)(A)(ii)"
- "7 U.S.C. § 7a-2(c)(5)(C)" or "§ 7a-2(c)(5)(C)" or "7a-2(c)(5)(C)" or "special rule"
- ("tax revenue" or "tax" or "revenue" or "coffer*" or "fisc*" or "treasury") and ("impact" or "effect") and ("DCM" or "designated contract market" or "prediction market" or "contract market")
- ("protect" or "protection" or "responsible" or "problem") and ("gaming" or "gambling")
- **Exclusions**:
    - Emails from Sharla Ballinger (sballinger@gcb.nv.gov) (press clip compilation emails which are sent to the custodians daily but which are otherwise unresponsive)

4. <u>Narrowed terms</u>: (to be used in addition to the above terms, if the above terms are determined to be overly broad in scope)
    - Additional search terms for Requests 1-4, 6-10, 14:
        - "excluded commodities"
        - "designated contract market"
        - "swap"

13

- 7 U.S.C. 1a(47)(A)(ii)
- "Kalshi" and (event/5 contract) and "comply" and ("commodity exchange act" or "CEA")
- "Kalshi" and ((cease /5 desist) or "C&D" or "C+D" or "CD") and ("customers" or "consumers" or "traders") and ("harm" or "impact" or "effect")
- (prediction /5 market) and (("tax revenue" or "revenue" or "coffers" or "fisc" or "treasury") OR ("impact" or "effect") OR "sportsbook" OR ((compare OR contrast) and ("betting" or "gambling" or "gaming" or "wagering" or "bet" or "gamble" or "wager")) OR (("similar" or "same" or "identical" or "like" or "exact" or "exactly") and "sportsbook") OR (("different" or "dissimilar" or "dislike") and "sportsbook")) OR "handle" OR (("similar" or "same" or "identical" or "like" or "exact" or "exactly") and ("protect" or "protection" or "responsible" or "problem")) OR (("different" or "dissimilar" or "dislike") and ("protect" or "protection" or "responsible" or "problem")) OR "self-exclusion" OR "minimize" OR "mitigate"
- "Kalshi" and "federal law" and "Nevada" and ("apply" or "applies" or "conflict" or "conflicts" or "potential conflict" or "potentially conflict" or "potentially conflicts" or "potential conflicts")
- (event /5 contract) and (harm OR problem OR issue OR addict* OR disorder*)
- *@nevadaresorts.org AND ((cease /5 desist) or "C&D" or "C and D" or "C+D")

_____

**Alexander S. Mendelson**
*Associate*
*Pronouns: he/him*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America
T +1 212 506 2152 | M +1 516 902 5416
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.

===================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
===================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received

this message in error, please immediately notify the sender and delete this e-mail message from your computer.
====================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
====================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
====================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
====================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
====================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
====================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.