# EXHIBIT H
# 2/12/2026 – 3/11/2026
# Email Chain

**Jay Jung**

| | |
|---|---|
| **From:** | Rory K. Schneider |
| **Sent:** | Wednesday, March 11, 2026 5:47 PM |
| **To:** | Cassidy-Ginsberg, Katie; Fell, Katherine; Alexander Mendelson; Farag, Peter |
| **Cc:** | Minh Olivier Nguyen-Dang; Sabrena K. Clinton; Abigail L. Pace; Jeny M. Beesley; Miranda Z. Katz; Emily Kong; Jay Jung; Katrina E. Weil; A. G. Burnett; Jane E. Susskind; Thad Houston; Brian Grubb; Porter, Andrew; Baum, Rosa; Valente, Nicole; Laroche, Matthew; Mainland, Grant; Sterling, Josh; Havemann, Will; Dennis Kennedy; Paul Williams; Cummings, Camille; Jessica E. Whelan; Nicole A. Saharsky |
| **Subject:** | RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575 |

Katie,

Thanks for your email. We appreciate the proposal, but we intend to proceed with the motion.

First, Meta and Reddit are two of nine platforms covered by Kalshi's agreement to produce responsive advertisements. From our initial look, it appears that Reddit's public library is limited to "top performing ads" active within the last year. Our search for Kalshi's name yielded zero responsive advertisements in the library, including none of the Reddit advertisements included in your attachment. We were also unable to locate many of the Meta advertisements of which you sent screenshots. The attachment suggests, unsurprisingly, that Kalshi enjoys superior ability to compile its own advertisements.

Second, we asked on our last meet and confer for you to confirm that Kalshi had checked its accounts on the relevant social media platforms to see if prior posts that are no longer active are accessible. Katherine was unable to confirm then that that had been done, but she agreed to check with your team. We have received no such confirmation since. Our understanding is that Kalshi has that ability, and we fail to see why it has not taken that step given its longstanding agreement to produce representative advertisements from those platforms.

Third, in prior correspondence and again on the last meet and confer, we asked for further information regarding the tool Kalshi used and the supposed technological challenges associated with compiling advertisements created using the tool. You still have not identified that tool or offered details from the individuals with knowledge of the tool regarding the supposed inaccessibility of prior advertisements. It's difficult for us to accept newfound claims of undue burden without such information.

Fourth, Kalshi used our prior agreement on advertisements to avoid having to collect communications with, and advertisements prepared by, advertising agencies that Kalshi has used. Despite now reneging on its agreement to produce self-placed advertisements, Kalshi has never offered to at least collect and produce communications with and advertisements placed by those agencies using appropriate custodians and search terms.

Fifth, and finally, State Defendants will continue to abide by the terms of the Protective Order in this case and will not use any documents produced pursuant to the Protective Order for any purposes other than this litigation. Having said that, we note that there is an inherent contradiction in Kalshi's position that the advertisements are both publicly available and confidential and subject to a protective order.

If you would like to discuss further, we will make ourselves available.

**From:** Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>
**Sent:** Wednesday, March 11, 2026 10:00 AM
**To:** Schneider, Rory K. <RSchneider@mayerbrown.com>; Fell, Katherine <kfell@milbank.com>; Mendelson, Alexander

<AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>; Cummings, Camille <ccummings@milbank.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>
**Subject:** RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

> **CAUTION: External Email -** Only click on contents you know are safe.

Rory,

In an effort to avoid motion practice, we plan to promptly produce the attached screenshots of ads responsive to your requests.  The PDF is being shared with you now, as a courtesy, in light of today's deadline for filing motions to compel.

The attached reflects screenshots of ads placed on Meta and Reddit during the requested time periods, which Kalshi located by searching through its Meta and Reddit ad accounts.  We understand that Meta and Reddit are the primary platforms on which responsive ads would have been placed and that any ads that ultimately appeared on another platform are likely to be duplicative of anything distributed on Meta or Reddit. Please note that Kalshi does not have the ability to produce copies of these or other advertisements in any other format other than screenshots, as Kalshi does not maintain, in the ordinary course, an archive of "native files" containing of past advertisements.  Despite extensive efforts to obtain accurate copies of any such native, original files, we have been unable to do so, as we have described to you in correspondence and in numerous meet and confers.

Please note further that both Meta and Reddit, Kalshi's primary platforms for distributing advertisements, maintain a publicly available repository of advertisements, which contain both active and inactive advertisements.  Meta's repository goes back *seven years*. A search for Kalshi's ads on Meta's publicly available ad library yesterday returned ~1,300 results, approximately ~1,200 of which are inactive. The public repositories have built-in search tools, including date restriction, keyword, and topic filters, which make navigating these tools relatively straightforward. Although we have not done an exhaustive search of the thousands of advertisements that are publicly available through Kalshi's profiles on social media platforms or publicly available ad repositories, we expect that most, if not all, of Kalshi's advertisements with any conceivable relevance to this action are available publicly. We also note that other litigants, in other actions, have successfully used these public repositories to access certain inactive advertisements of Kalshi's that are similar to the ones requested by State Defendants here, and Kalshi is not under any obligation to produce information to State Defendants that is equally available to State Defendants (or other litigants) as it is to Kalshi. *See, e.g., Neal v. City of Bainbridge Island*, 2023 WL 2214245, at *4 (W.D. Wash. 2023) (collecting cases).

Nevertheless, we understand that you purport to be unable to find certain inactive advertisements, so we are producing the attached screenshots as a courtesy and for the avoidance of any doubt regarding Kalshi's intentions to be cooperative in discovery. Given the readily accessible nature of past advertisements on the internet, however, we will not be producing any other advertisements to State Defendants in this case unless you can identify a specific advertisement, state its relevance to this case, and explain the efforts that you undertook to locate it on the numerous publicly available sources for this kind of material.  Moreover, Kalshi maintains its continuing objection to the relevance of all of these materials, as well as its other objections in R&Os and as stated in prior meet and confers.

Finally, please note that these materials are shared with you now, and will be produced subject to, the protective order in this case.  Therefore, we expect that we will not see them appear in any other context, including but not limited to in the State Defendants' separate civil enforcement action against Kalshi.  Kalshi reserves all rights.

Best,
Katie

Katie Cassidy-Ginsberg | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5030
KCassidy-Ginsberg@milbank.com | milbank.com

---

**From:** Schneider, Rory K. <RSchneider@mayerbrown.com>
**Sent:** Monday, March 9, 2026 4:51 PM
**To:** Fell, Katherine <kfell@milbank.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>; Cummings, Camille <ccummings@milbank.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>
**Subject:** [EXT] RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

Katherine:  Following our recent meet and confer, we remembered that when the issue of advertisements was first broached, your team indicated that Kalshi had used a third-party advertising agency in addition to placing its own advertisements.  If that is the case, we'd be interested to understand if Kalshi has considered making a proposal for instead producing advertisements from that agency in light of the issues it has now raised with producing its self-placed advertisements.  As with other matters, we'd be open to considering such a proposal.  We're still interested in the questions about self-placed advertisements that you agreed to look into, but thought to also put this on your radar in parallel.  Thank you.

---

**From:** Fell, Katherine <kfell@milbank.com>
**Sent:** Sunday, March 8, 2026 5:33 PM
**To:** Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>; Cummings, Camille <ccummings@milbank.com>; Jessica E. Whelan

<jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>
**Subject:** Re: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

<span style="background-color: yellow">**CAUTION:** **External Email - Only click on contents you know are safe.**</span>

Counsel,

Please let us know when you have time for a final meet and confer on these matters ahead of
Wednesday's motion deadline.  We are available in these windows:

Monday: 3:00 pm ET to 5:00 pm ET
Tuesday: 11 am ET to 2:00 pm ET

Best,

Katherine


Katherine Kelly Fell  |  Milbank  |  Partner

Pronouns: she/her/hers
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5207
C: +1 646.939.2282
kfell@milbank.com | milbank.com

---

**From:** Alexander Mendelson <AMendelson@mayerbrown.com>
**Sent:** Wednesday, March 4, 2026 9:39:50 PM
**To:** Farag, Peter <pfarag@milbank.com>; Fell, Katherine <kfell@milbank.com>
**Cc:** Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail
L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Miranda Z. Katz <MZKatz@mayerbrown.com>;
Emily Kong <EKong@mayerbrown.com>; Jay Jung <Jay.Jung@mayerbrown.com>; Katrina E. Weil
<kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind
<jsusskind@mcdonaldcarano.com>; Rory K. Schneider <RSchneider@mayerbrown.com>; Thad Houston
<thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Porter, Andrew
<APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche,
Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh
<jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-
Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams
<pwilliams@baileykennedy.com>; Cummings, Camille <ccummings@milbank.com>; Jessica E. Whelan
<jwhelan@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>
**Subject:** [EXT] RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]


Counsel,

Please see the attached correspondence.

Thank you,
Alex

_____

**Alexander S. Mendelson**
*Associate*
*Pronouns: he/him*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America
T +1 212 506 2152 | M +1 516 902 5416
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Rory K. Schneider <RSchneider@mayerbrown.com>
**Sent:** Wednesday, March 4, 2026 11:50 AM
**To:** Farag, Peter <pfarag@milbank.com>; Fell, Katherine <kfell@milbank.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Emily Kong <EKong@mayerbrown.com>; Jay Jung <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Alexander Mendelson <AMendelson@mayerbrown.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>; Cummings, Camille <ccummings@milbank.com>
**Subject:** RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

Thanks for your email.  We expect to send a more fulsome response to your latest discovery correspondence soon.  We'd be happy to schedule a meet and confer once you've processed that response.

---

**From:** Farag, Peter <pfarag@milbank.com>
**Sent:** Tuesday, March 3, 2026 2:04 AM
**To:** Schneider, Rory K. <RSchneider@mayerbrown.com>; Fell, Katherine <kfell@milbank.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>; Cummings, Camille <ccummings@milbank.com>
**Subject:** RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

> **CAUTION: External Email - Only click on contents you know are safe.**

Counsel,

As you may have seen, the Court entered our proposed discovery schedule this afternoon.  Accordingly:

<u>Motion for Protective Order.</u> Given the schedule order, Kalshi will not file its motion for a protective order against State Defendants, related to the January 30 discovery, this evening, in deference to State Defendants' request from Friday that we continue to meet and confer on that issue. However, as reflected in the attached Responses and Objections to the document requests and interrogatories served on Kalshi on January 30, 2026, Kalshi intends to file its motion for protective order by March 11, 2026.  Accordingly, please let us know when you are available for a meet and confer this week to further discuss issues related to Kalshi's anticipated motion.

<u>Motion to Compel.</u> Similarly, given the schedule order, Kalshi will not file its anticipated motion to compel discovery by State Defendants, this evening, and will await State Defendants' completion of document discovery, on or before March 4, before filing such motion.  Please note that we are still waiting for the search term report and other information regarding State Defendants' collections and review processes, which we requested in our prior correspondence.  Let us know if you would like to meet and confer about that issue this week; otherwise, we will assume we have reached an impasse on that issue.

<u>Reciprocal Discovery.</u> As contemplated in the revised discovery schedule, please see attached for some additional discovery requests propounded on State Defendants regarding the topics in State Defendants' January 30 discovery to Kalshi.  As previously discussed, Kalshi does not believe the January 30 requests were served in good faith nor are the topics therein relevant or proportional to the needs of this action. However, Kalshi believes the discovery record should be fair and balanced on all issues, including those in the January 30 requests, should that discovery proceed. If State Defendants withdraw the January 30 discovery, Kalshi will similarly withdraw the attached requests.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** Schneider, Rory K. <RSchneider@mayerbrown.com>
**Sent:** Friday, February 27, 2026 7:45 PM
**To:** Fell, Katherine <kfell@milbank.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>
**Subject:** [EXT] RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

You may affix my signature on behalf of State Defendants.  Thank you.

---

**From:** Fell, Katherine <kfell@milbank.com>
**Sent:** Friday, February 27, 2026 7:19 PM

**To:** Schneider, Rory K. <RSchneider@mayerbrown.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>
**Subject:** RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

**CAUTION:** **External Email - Only click on contents you know are safe.**

Rory,

Thank you for your response. On the motion to extend time, your edits are fine with us.  Please see attached for a clean, revised version.  Let us know if we may slash sign for you and get this on file.

(For the avoidance of doubt, on your comment in the schedule draft about the last day for document production in response to requests served after January 1, we agree that, in the event that Kalshi answers the January 30 requests and Kalshi pursues reciprocal requests, we will meet and confer about a proportional amount of time for State Defendants to respond to Kalshi's requests as Kalshi has to respond to State Defendants' requests.)

@Adam Hosmer-Henner, would you please also confirm that NRA agrees to the proposed schedule and that we can sign for you?

As to the other issues in your email:

Protective Order Motion.  We disagree that we have not satisfied the meet and confer obligation regarding the discovery served on Kalshi on January 30.  The record speaks for itself in terms of our efforts to be transparent with you about our concerns and the bases for our anticipated motion.  We are not required to give you chapter and verse as to every detail and argument that we intend to include in our motion.  You are welcome to make your counterarguments in response to our forthcoming motion.  Further, as we previously noted, we are willing to withdraw our motion if we come to an agreement before the court takes up the motion. We aren't willing, however, to take the risk that a court would find our motion untimely, when all that is on offer from State Defendants, at this time, is additional meet and confers, which may not produce any agreement.  Moreover, we note that this timing issue is one of your own making, as you planned for our responses to the January 30 discovery to be due on Monday, the last day of fact discovery, which is also the last day to file such motions under the existing schedule.

We also acknowledge your responses to our contention that certain of the January 30 requests, while arguably relevant, are nonetheless impermissible because they are harassing, duplicative and cumulative.  Your arguments do not change our views of those requests; therefore, we confirm that we have reached an impasse on that issue.

Amendment to Protective Order. We also disagree that the request to amend the protective order is a new issue, because it is part of our objection to the January 30 discovery.  The amendment to the protective order is part of the relief we are seeking in response to our objections to that discovery, which objections we addressed in our February 13 meet and confer, in my February 24 letter to you, in my email dated February 26, and again in this email. It is directly related to our categorical objection to the January 30 discovery, which seeks documents and interrogatory responses on topics that we believe are irrelevant to this action but appear directly relevant the State Defendants' civil enforcement

action.  Further, it is common for protective orders to provide for participants in litigation, who wear two "hats," to be precluded from receiving certain materials.  It is not a denigration of any attorney's personal ethics to say that it is impossible for a person to "forget" information that the person has previously learned, when wearing their "hat" in a capacity where they are not entitled to such information.  And, because Nevada has Mayer Brown as outside counsel in this matter, who would be permitted, under our proposal, to continue to receive all discovery material, there is no prejudice to State Defendants in making this request.

As to the specific amendments to the protective order, we previously notified you that we will be asking for the Office of the Attorney General to be removed from the definition of Outside Counsel.  As to your question about the specific definition of Screened Information, we intend to propose that it be defined to include "any information that the producing party believes in good faith is (a) relevant and material to the civil enforcement action and (b) non-public, provided that Kalshi will not designate any material meeting the description in (a) and (b) as Screened Information if the information is provided in the ordinary course to the CFTC."  We believe that is a principled definition that protects Kalshi while giving the Office of the Attorney General the courtesy of producing confidential information that we disclose to our regulator.  This is also consistent with our prior positions on discovery in this litigation.

Advertisements. We further acknowledge that you intend to make a motion to compel production of Kalshi's archived advertisements. As we have advised you, while we initially committed to producing that information, we now believe that an archive of the nature that you are requesting simply does not exist and we have not been able, despite extensive efforts, to identify a way to produce to you archived material that accurately reflects what Kalshi advertised in the past.  If you move to compel, we will tell the court that. If the court nonetheless orders us to continue to try to produce the materials in response to the request, we will entertain your further questions about the third-party design product that Kalshi uses to create advertisements.

Search term report. As we have previously informed you, we plan to ask for production of your search term report because we have reason to believe that the search terms were insufficient to identify responsive materials, including materials responsive to a majority of our requests.  Your contention that we have not fulfilled our meet and confer obligation on this issue because we haven't "once identified an additional search that it maintains is merited" is tautological—the reason we have requested your search term report is to help us identify whether (and the extent to which) the negotiated search terms are insufficient.  For example, if we see that a search crafted to identify documents responsive to a particular request did not hit on any (or few) documents, we might ask State Defendants to modify it to see whether additional documents can be identified.

Finally, because our request for the search term report is based on specific deficiencies identified in State Defendants' productions, we do not think it is appropriate for you to condition the sharing of a search term report on our agreement to do the same (and, in particular, on a commitment by Kalshi to run additional searches). Kalshi's productions have dwarfed State Defendants' productions to date, and you have not identified any categorical deficiencies in our productions akin to those that we have identified in yours.  Kalshi is not going to agree to pay a "ransom" in the form of yet more cumulative and duplicative searches of its documents, just so it can receive relevant material responsive to the requests we served on State Defendants months ago.  If there are any areas (other than the archived advertisements, which we have addressed separately) of deficiencies in Kalshi's productions that you would like to discuss, please let us know—but to date, you have not identified any, so we do not believe you have any basis to make further demands of Kalshi of this nature.

Best,

Katherine

Katherine Kelly Fell | Milbank | Partner
Pronouns: she/her/hers
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5207
M: +1 646.939.2282

kfell@milbank.com | milbank.com

**From:** Schneider, Rory K. <RSchneider@mayerbrown.com>
**Sent:** Friday, February 27, 2026 3:34 PM
**To:** Fell, Katherine <kfell@milbank.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>
**Subject:** [EXT] RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

Counsel:

Attached are Defendants' proposed changes to the stipulation to amend the case schedule.

*Forthcoming Motion to Amend the Protective.* This is the first time you have mentioned revising the protective order. You have not even furnished us with a proposed amended protective order to consider. You have not satisfied the obligation to meet and confer, and we will notify the Court of your violation of the applicable rules in our opposition to your apparently imminent motion.

Your suggestion that State Defendants have or may use discovery in this matter in service of the State's enforcement action against Kalshi is baseless and offensive. As you acknowledge, there is a protective order that prohibits the use of information gathered in discovery for any purpose other than Kalshi's pending action against State Defendants. State Defendants and their attorneys have abided the protective order and will continue to do so even as the parallel enforcement action proceeds. There is nothing unusual about, and indeed it is common for, attorneys to litigate overlapping matters in parallel. Indeed, your firm is representing Kalshi in numerous related matters around the country, and we presume your attorneys are still able to abide the terms of the protective order's prohibition on the use of discovery in Kalshi's other actions. We will not agree to your suggestion that attorneys representing the State, against whom Kalshi instituted this suit, should be prevented from accessing material that Kalshi designated as attorneys' eyes only. If Kalshi seeks that relief, State Defendants will vet every past and future designation closely for adherence to the strict limits on attorneys' eyes only material, and make challenges as appropriate.

Without more information regarding your proposal to add an entirely new designation for "Screened Information," we're unable to meaningfully evaluate, much less agree to, it. Among other things, and perhaps most obviously, your email does not even provide us Kalshi's proposed definition of "Screened Information." Nor do you explain whether such a designation may be applied to information that has already been produced subject to the operative protective order. As we've continually demonstrated, State Defendants are willing to consider reasonable proposals and meet and confer regarding supported concerns that Kalshi raises.

*Forthcoming Motion for Protective Order.* We fail to understand your accusation that we've somehow "re-traded" on prior discovery agreements. The few examples you identify in your letter are extensions of prior requests that concern developments post-dating Kalshi's productions; as you know, there's a continuing obligation to produce responsive documents. Also, if certain of the January 30 requests are encompassed within agreements we've struck with Kalshi,

please identify them specifically and we will consider those points as we prepare our narrowing proposal—which it seems Kalshi has no intention on meaningfully considering in advance of commencing motions practice in any event.

Kalshi's accusation of a supposed "re-trade" is also deeply hypocritical given (1) Kalshi's desire now to change the search parameters to which the parties agreed long ago (addressed further below) and (2) Kalshi's about-face regarding production of its advertisements. As we'll explain in more detail in our forthcoming letter, in response to Kalshi's concerns regarding State Defendants' requests for production concerning advertisements and related communications, the parties reached a compromise pursuant to which Kalshi agreed to produce a limited set of advertisements in return for State Defendants agreeing to forego the remainder of that document request. That agreement was reached in October, and we presumed then that Kalshi had confirmed its ability to uphold the agreement it struck. Yet now in a footnote to your latest correspondence, Kalshi has gone back on its word after months of stringing us along by refusing to produce even the limited set of materials it agreed to produce. What is more, you have failed to provide any details to support Kalshi's supposed inability to access its own advertising materials. We expect to make a motion to compel absent further explanation. Please also identify the third party that Kalshi has repeatedly referred to as assisting in its advertisements so that State Defendants may issue a subpoena.

*Forthcoming Motion to Compel.* Your email is inaccurate in suggesting that State Defendants have simply ignored Kalshi's request for a hit report. As an initial matter, we provided hit counts for specific searches at your request during negotiations over search parameters. We also provided significant information about our document collection and review in our February 12 letter. And as we've said before, and say again, Kalshi has not provided a complete custodian-by-custodian hit report to State Defendants; there's no reason that you should be privy to that information and we should not. Discovery is a two-way street. If you'd like to discuss a mutual exchange of complete hit reports so that each party may consider the extent to which additional search terms may be merited, we're willing to have that discussion. Otherwise, we've confirmed for you that State Defendants reviewed thousands of hits on documents covered by the agreed-upon search parameters, reviewed them, and produced the responsive, non-privileged ones. Documents initially identified as privileged in part or in whole are currently being redacted for production and logged.

In addition, Kalshi has never once identified an additional search that it maintains is merited based on its review of the many documents State Defendants have produced. State Defendants' productions give Kalshi the ability to identify any supposed issues with the search terms—certainly more than a hit report—and yet Kalshi has declined to utilize that option. It's clear that Kalshi is committed to burdening the Court with unnecessary motions practice instead of using means readily available to it to identify additional search terms it maintains are appropriate. If you have search terms you'd like us to consider, again, we are willing to consider them. Should such searches appear for the first time in your forthcoming motion, we will notify the Court that you inexplicably never bothered to share them with us as part of the meet-and-confer process despite our invitation.

Finally, we don't agree that the current deadline for fact discovery is a legitimate justification for premature motions practice. It appears that Kalshi is committed to making some motion and is using that deadline to conceal its continued refusal to see if reasonable compromises could be struck. State Defendants are committed to continued engagement and would not envision objecting on timeliness grounds to a motion that follows the actual conclusion of a meaningful meet-and-confer process, especially given our mutual agreement that an extension of fact discovery is appropriate.

_____

**Rory K. Schneider**
*Partner*
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001
T +1 212 506 2157
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

**From:** Fell, Katherine <kfell@milbank.com>
**Sent:** Thursday, February 26, 2026 9:00 PM
**To:** Schneider, Rory K. <RSchneider@mayerbrown.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>
**Subject:** RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

> [!CAUTION]
> **CAUTION: External Email -** Only click on contents you know are safe.

Counsel,

Thank you for your proposal in response to our February 24 letter.  Please see below for some further responses.

Schedule.  We appreciate your cooperation on the schedule and agree to the proposed revised schedule. We believe it will be in the best interests of all the parties and third parties to extend the schedule in this manner, particularly considering that it is not likely to delay any merits phase of this case following the Ninth Circuit's decision on the pending appeal. We note that LR 26-3 requires us to make a motion to the court to extend the schedule, supported by good cause, because it is less than 21 days before the expiration of the existing close of discovery.  We have prepared the attached SAO for your review; we would propose to submit this to the Court tomorrow. Please let us know of any edits.

January 30 requests. With respect to the January 30 requests, we are still inclined to pursue a protective order prohibiting the discovery. We acknowledge your offer to continue to meet and confer on the requests, but our fundamental concern is that State Defendants have started to use the discovery process in this action for improper purposes, including to benefit their separate civil enforcement action. There is a serious risk of prejudice to Kalshi in connection with such conduct. We plan to ask the court to disallow the requests and to order an amendment of the existing confidentiality agreement and protective order (1) to permit Kalshi to designate certain material as "Screened Information," and to prohibit the sharing of such Screened Information with any employees of the State of Nevada, including attorneys from the Office of the Attorney General; and (2) to remove attorneys from the Office of the Attorney General from the definition of Outside Counsel under the protective order.  Because Ms. Whelan and her team are also prosecuting the civil enforcement action against Kalshi, Kalshi does not believe it is physically or psychologically possible for those attorneys to comply with the Protective Order's existing direction that "Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution, defense, and appeal of the Proceeding . . . ." ECF 128 para. 9.  This relief is necessary to protect Kalshi's rights in this and the separate civil enforcement action.

Moreover, while we acknowledged in our letter that 3 of the 23 requests in the January 30 requests are arguably relevant to this action, they are nonetheless harassing in that they re-trade on prior discovery agreements and seek cumulative and duplicative material.  We strongly believe that State Defendants already have everything they need to defend this action and, particularly given the 180-degree turn since the outset of this action in terms of potential harm to Kalshi from State overreach, the requests for additional information are not proportional to the needs of the action and are outweighed by the undue burden and risk of prejudice to Kalshi.

Because there is a risk that the Court will deny our joint motion to extend the schedule (or delay in granting it until after March 2), we plan to move for relief on the January 30 requests and seek an amendment of the protective order imminently (ahead of the existing close of fact discovery on Monday) to avoid a finding that our motion is untimely. However, please let us know ASAP if you change your mind and want to withdraw the January 30 requests and agree to amend the protective order to screen the Office of the Attorney General from certain information in our matter.  If you decide to agree to our proposals after we file, we will simply withdraw the motion.

<u>Motion to Compel</u>. We still have not heard from you on our request that you share the search term report reflecting the number of hits on the negotiated search terms, as applied to the files of the agreed-upon custodians.  We note that we previously made this request: (1) during the negotiation of the search terms, which request you denied; (2) again in my letter to you of February 9, a request to which you did not respond; and (3) a third time in my letter to you of February 24, a request to which you have not responded.  For the reasons set forth in my February 9 and February 24 letters, we have reason to suspect that the negotiated search terms were insufficient to capture all relevant communications, and we have yet to receive any documents or communications that are responsive to a majority of our requests.  We plan to ask the Court to order State Defendants to (1) produce the search term report; (2) to negotiate in good faith regarding supplemental searches specifically targeted at (a) identifying documents and communications responsive to topics for which we have not yet received any material, and (b) identifying responsive documents and communications from the files of custodians for whom we have not received any (or a meaningful number of) responsive communications; and (3) to produce any responsive, non-privileged results.

As with the protective order, we plan to file the motion to compel imminently, ahead of the existing close of fact discovery, to protect our rights in the event that the Court denies or delays in approving the motion to extend fact discovery.  However, if you change your mind and want to agree to the relief we are seeking from the court, please let us know ASAP.  Again, if you notify us after we have filed our motion, we will simply withdraw it.

Best,

Katherine

Katherine Kelly Fell | Milbank | Partner
Pronouns: she/her/hers
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5207
M: +1 646.939.2282
kfell@milbank.com | milbank.com

---

**From:** Fell, Katherine
**Sent:** Wednesday, February 25, 2026 6:02 PM
**To:** 'Schneider, Rory K.' <RSchneider@mayerbrown.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul

Williams <pwilliams@baileykennedy.com>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>
**Subject:** RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

Rory,

Thank you for your email.  We will consider overnight and get back to you.

(And apologies for missing what I think is an auto-dating issue when we pasted our table headers – you are correct that both the Feb. 17 and Feb. 23 references should reflect the date of the letter (February 24)).

Best,

Katherine

Katherine Kelly Fell | Milbank | Partner
Pronouns: she/her/hers
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5207
M: +1 646.939.2282
kfell@milbank.com | milbank.com

---

**From:** Schneider, Rory K. <RSchneider@mayerbrown.com>
**Sent:** Wednesday, February 25, 2026 2:53 PM
**To:** Fell, Katherine <kfell@milbank.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>
**Subject:** [EXT] RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

Counsel,

As noted below, we are in receipt of your email and your letter, and we will respond in due course.  We write now to specifically address the schedule going forward.

As an initial matter, State Defendants have no record of receiving a proposed schedule from Kalshi on February 17 or on February 23, as your email below indicates.  If we missed a communication, we'd appreciate if you could provide it to us.  Our records reflect that State Defendants proposed a schedule on February 9, and Kalshi indicated that it would provide a counterproposal following our most recent meet-and-confer on February 13.  The next we heard from you about the schedule was yesterday morning, February 24.

During that same meet-and-confer, we explained that Kalshi had not provided adequate justification for its demand that State Defendants withdraw their timely January 30 document requests wholesale. We did, however, indicate that we would consider any reasonable proposal offered by Kalshi to narrow those requests, including before the deadline for formal responses and objections. Your latest letter acknowledges that those requests were timely served and in several cases fall within even just the illustrative categories of appropriate discovery that Judge Weksler identified in her order denying Kalshi's motion for a stay of discovery. Yet you've declined our invitation to make a proposal for how to address Kalshi's concerns short of wholesale withdrawal.

State Defendants anticipate doing in the near term what Kalshi declined to do. We stand by each of the requests but are willing make a proposal to narrow them solely to obviate the need for motions practice. If based on the narrowed set of requests, Kalshi believes certain "protective reciprocal discovery requests" are still necessary and appropriate on the remaining topics, State Defendants will consider them in good faith despite their untimeliness, again in hopes of finding a compromise that avoids burdening the Court with a discovery dispute. State Defendants, however, reserve all rights with respect to objections to such reciprocal discovery requests.

State Defendants are otherwise amenable to the dates that Kalshi proposed for an amended schedule in the event State Defendants did not wholesale withdraw the January 30 requests. We've replicated that schedule below but accurately reflected that Kalshi made the proposal on February 24.

| Deadline | Kalshi Feb. 24 Alternative Proposal (Jan. 30 requests not withdrawn) |
|---|---|
| Last day for Kalshi to serve protective reciprocal discovery requests on the topics in the January 30 requests | March 2, 2026 |
| Last day for parties to complete document production in response to requests served before January 1, 2026 | March 4, 2026 |
| Last day to file discovery motions on requests to parties served before January 1, 2026 (other than on a privilege log produced after March 4, 2026) | March 11, 2026 |
| Last day for third parties to complete document production | March 18, 2026 |
| Last day to file discovery motions on third party subpoenas (other than on a privilege log produced after March 18, 2026) | March 25, 2026 |
| Last day for parties to complete production in response to requests served after January 1, 2026 | April 6, 2026 |
| Last day to file discovery motions on requests to parties served after January 1, 2026 (other than on a privilege log produced after April 6, 2026) | April 13, 2026 |
| Start of Depositions | April 27, 2026 |
| Close of fact discovery (unless extended by court pursuant to discovery motions) | May 29, 2026 |
| Initial Expert Disclosures | June 3, 2026 |
| Rebuttal Expert Disclosures | July 1, 2026 |
| Close of Expert Discovery | August 18, 2026 |
| Dispositive Motions | [vacated by court] |

_____

**Rory K. Schneider**
*Partner*
Mayer Brown LLP
1221 Avenue of the Americas

New York, New York 10020-1001
T +1 212 506 2157
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Schneider, Rory K.
**Sent:** Tuesday, February 24, 2026 1:00 PM
**To:** 'Fell, Katherine' <kfell@milbank.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@mayerbrown.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>
**Subject:** RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

Katherine:  Your list of asks is based on the lengthy letter you just sent.  We have not been discussing each of those items for weeks; we hadn't heard from you since we met and conferred on February 13.  And some of the issues you raised are being raised for the first time.  We're entitled to reasonable time to confer amongst ourselves and with our clients—no different than the week-and-a-half you took to respond to our February 12 letter.  As I already indicated, we'll endeavor to respond as expeditiously as possible.  I expect to at least send an interim response on the proposed schedule soon.  Should Kalshi make a motion before allowing us reasonable time to consider the other points, we'll inform the Court that the meet-and-confer process had not concluded and that Kalshi's motion is premature and an unnecessary use of judicial resources.  Thank you.

---

**From:** Fell, Katherine <kfell@milbank.com>
**Sent:** Tuesday, February 24, 2026 12:37 PM
**To:** Schneider, Rory K. <RSchneider@mayerbrown.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@mayerbrown.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>
**Subject:** Re: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

CAUTION: **External Email** - Only click on contents you know are safe.

Rory,

You do not need to respond to the entirety of the letter by tomorrow evening. The letter asked for responses on a few specific items, copied below. We'd welcome a longer response to the letter after tomorrow, but we need to know where we stand on some basic points—which we have been discussing for a few weeks now— before the existing close of fact discovery, which is less than a week away.

That said, you are welcome to respond whenever you'd like, but we will not wait beyond tomorrow to pursue court relief on the schedule, the January 30 requests, or Defendants' productions.

Best,

Katherine


*"By 5:00 pm Pacific on Wednesday, February 25, please provide us with the following:*
*• A response regarding whether State Defendants will withdraw the January 30 requests;*
*• A response as to whether State Defendants will make the corrections to their misstatements about Kalshi requested above;*
*• A response on Kalshi's revised proposed schedule extension, as set forth in the email accompanying this letter;*
*• A search term report showing the number of hits of each agreed-upon search term as applied to the custodial files of the State Defendant custodians described above;*
*• The information regarding the collection of personal email accounts described above;*
*• Replacement files for the deficient families noted above, or an approximate date by which you will provide such replacement files;*
*• Any additional information you can provide regarding the lack of responsive communications relating to Requests Request Nos. 2-13, 22, 25-29, and 31 and from the files of certain custodians."*


Katherine Kelly Fell | Milbank | Partner
Pronouns: she/her/hers
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5207
C: +1 646.939.2282
kfell@milbank.com | milbank.com

---

**From:** Schneider, Rory K. <RSchneider@mayerbrown.com>
**Sent:** Tuesday, February 24, 2026 7:04:15 AM
**To:** Fell, Katherine <kfell@milbank.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>; Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil

<kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind
<jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb
<bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter
<pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole
<nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant
<GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>;
Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul
Williams <pwilliams@baileykennedy.com>
**Subject:** [EXT] RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575

Katherine:  We will consider your email and the attached correspondence.  But your demand that we respond by the end
of the day tomorrow is not reasonable.  It took Kalshi a week and a half to respond to State Defendants' letter.  There's no
basis for Kalshi to nonetheless demand a response to its latest correspondence, which is fourteen pages long, in less than
two days.  Thank you.

---

**From:** Fell, Katherine <kfell@milbank.com>
**Sent:** Tuesday, February 24, 2026 9:30 AM
**To:** Jessica E. Whelan <jwhelan@ag.nv.gov>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Schneider, Rory K.
<RSchneider@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail
L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Katz, Miranda Z. <MZKatz@mayerbrown.com>;
Kong, Emily <EKong@mayerbrown.com>; Jung, Jay <Jay.Jung@mayerbrown.com>; Katrina E. Weil
<kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind
<jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb
<bgrubb@mcdonaldcarano.com>; Mendelson, Alexander <AMendelson@mayerbrown.com>; Farag, Peter
<pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole
<nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant
<GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>;
Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul
Williams <pwilliams@baileykennedy.com>
**Subject:** Re: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

**CAUTION: External Email - Only click on contents you know are safe.**

Counsel

Please see the attached correspondence.

As it relates to the discovery schedule, as previously discussed, both parties are in favor of extending
discovery deadlines in this matter. The parties' prior proposals from February 9 are summarized
below.  Kalshi cannot agree to State Defendants' counterproposal but proposes a middle ground
approach below, which extends the schedule to May 1, 2026, as Kalshi previously proposed, but
accedes to State Defendants' request to move up certain other interim deadlines.  If we cannot agree to
this schedule, or something very similar to it, Kalshi proposes that we submit our competing schedule
proposals to Judge Weksler.

Please note that Kalshi also considered the following factors in proposing the revised schedule below:

- Kalshi believes a more realistic extension of the schedule is warranted because, in light of the
  stay of dispositive motions and pretrial proceedings until after a Ninth Circuit decision on the
  currently pending appeal, there is no need to force the close of discovery on an artificial

timetable in a way that potentially prejudices Kalshi's (or any party's) rights. While the appeal is expedited, argument is not until April, and given the complexity and novelty of the issues, it is exceedingly unlikely that any decision will come down before the end of July 2026.  It is possible it could take longer—as State Defendants argued in their opposition to Kalshi's motion to stay these proceedings. ECF No. 260 at 8.

- As previewed for NRA and third-party counsel in our meet and confer on Friday, an extension is necessary to allow time for third parties to complete document production. The third-party subpoena recipients have required extensions on their deadlines to respond and object to the subpoenas, and Kalshi is negotiating with those parties in an effort to avoid any undue burden.  We may need to extend further such accommodations to the third parties, who are State licensees, without fear that we will run out of time to pursue court intervention should it prove necessary.  I am copying Adam (counsel for NRA and certain third party subpoena recipients) on this email.

- For reasons set forth in more detail in the attached correspondence, Kalshi will have very little time to prepare for depositions following completion of State Defendants' productions, compared to State Defendants, who received nearly all of Kalshi's materials by February 2. It also appears that Kalshi may not receive a privilege log from State Defendants until as late as April 2, which would be a mere 8 days before State Defendants' proposed close of fact discovery. If Kalshi determines to challenge any of the privilege calls in that privilege log, it would have only a week to meet and confer with State Defendants and move to compel. Even then, Kalshi would not receive the documents until after the close of fact discovery.

- Finally, State Defendants' proposal that we extend fact discovery only to allow State Defendants to complete their productions and to receive documents responsive to the January 30 requests—without a corresponding period in which Kalshi could request reciprocal discovery—is unfair and unworkable.  For the reasons set forth in the attached correspondence, while Kalshi believes that the January 30 requests should be withdrawn, it will not agree to any schedule extension that contemplates Kalshi responding to the January 30 requests *without* a corresponding provision for Kalshi to serve reciprocal discovery.

**Accordingly, the revised proposed schedule below assumes that State Defendants will withdraw the January 30 requests:**

| Deadline | Kalshi Feb. 9 Proposal | State Feb. 9 Proposal | Kalshi Feb. 17 Proposal |
|---|---|---|---|
| Last for parties to complete document production in response to requests served before January 1, 2026 | April 2, 2026 | March 4, 2026 | March 4, 2026 |
| Last day to file discovery motions on requests to parties served before January 1, 2026 (other than on a privilege log produced after March 4, 2026) | xx | xx | March 11, 2026 |

| Last day for third parties to complete document production | xx | xx | March 18, 2026 |
|---|---|---|---|
| Last day to file discovery motions on third party subpoenas (other than on a privilege log produced after March 18, 2026) | xx | xx | March 25, 2026 |
| Start of Depositions | April 9, 2026 | March 11, 2026 | March 30, 2026 |
| Close of fact discovery (unless extended by court pursuant to discovery motions) | May 1, 2026 | April 10, 2026 | May 1, 2026 |
| Initial Expert Disclosures | xx | April 18, 2026 | May 20, 2026 |
| Rebuttal Expert Disclosures | xx | May 26, 2026 | June 23, 2026 |
| Close of Expert Discovery | xx | June 16, 2026 | July 21, 2026 |
| Dispositive Motions | xx | July 14, 2026 | [vacated by court] |

**If State Defendants will not agree to withdraw the January 30 requests, Kalshi proposes in the alternative, the following revised proposed schedule:**

| Deadline | Kalshi Feb. 23Proposal (Jan. 30 requests withdrawn) | Kalshi Feb. 23Alternative Proposal (Jan. 30 requests not withdrawn) |
|---|---|---|
| *Last day for Kalshi to serve protective reciprocal discovery requests on the topics in the January 30 requests* | | *March 2, 2026* |
| Last for parties to complete document production in response to requests served before January 1, 2026 | March 4, 2026 | March 4, 2026 |
| Last day to file discovery motions on requests to parties served before January 1, 2026 (other than on a privilege log produced after March 4, 2026) | March 11, 2026 | March 11, 2026 |
| Last day for third parties to complete document production | March 18, 2026 | March 18, 2026 |
| Last day to file discovery motions on third party subpoenas (other than on a privilege log produced after March 18, 2026) | March 25, 2026 | March 25, 2026 |
| *Last day for parties to complete production in response to requests served after January 1, 2026* | | *April 6, 2026* |

| *Last day to file discovery motions on requests to parties served after January 1, 2026 (other than on a privilege log produced after April 6, 2026)* | | *April 13, 2026* |
|---|---|---|
| Start of Depositions | March 30, 2026 | April 27, 2026 |
| Close of fact discovery (unless extended by court pursuant to discovery motions) | May 1, 2026 | May 29, 2026 |
| Initial Expert Disclosures | May 20, 2026 | June 3, 2026 |
| Rebuttal Expert Disclosures | June 23, 2026 | July 1, 2026 |
| Close of Expert Discovery | July 21, 2026 | August 18, 2026 |
| Dispositive Motions | [vacated by court] | [vacated by court] |

Best,

Katherine

Katherine Kelly Fell | Milbank | Partner
Pronouns: she/her/hers
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5207
C: +1 646.939.2282
kfell@milbank.com | milbank.com

---

**From:** Alexander Mendelson <AMendelson@mayerbrown.com>
**Sent:** Thursday, February 12, 2026 6:27:12 PM
**To:** Fell, Katherine <kfell@milbank.com>; Farag, Peter <pfarag@milbank.com>; Porter, Andrew <APorter@milbank.com>; Cassidy-Ginsberg, Katie <KCassidy-Ginsberg@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Valente, Nicole <nvalente@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Havemann, Will <whavemann@milbank.com>; Dennis Kennedy <dkennedy@baileykennedy.com>; Paul Williams <pwilliams@baileykennedy.com>
**Cc:** Rory K. Schneider <RSchneider@mayerbrown.com>; Nicole A. Saharsky <NSaharsky@mayerbrown.com>; Minh Olivier Nguyen-Dang <MNguyen-Dang@mayerbrown.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Sabrena K. Clinton <sclinton@ag.nv.gov>; Abigail L. Pace <apace@ag.nv.gov>; Jeny M. Beesley <jbeesley@ag.nv.gov>; Miranda Z. Katz <MZKatz@mayerbrown.com>; Emily Kong <EKong@mayerbrown.com>; Jay Jung <Jay.Jung@mayerbrown.com>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>; Katrina E. Weil <kweil@mcdonaldcarano.com>; A. G. Burnett <agburnett@mcdonaldcarano.com>; Jane E. Susskind <jsusskind@mcdonaldcarano.com>; Thad Houston <thouston@mcdonaldcarano.com>; Brian Grubb <bgrubb@mcdonaldcarano.com>
**Subject:** [EXT] RE: Kalshiex, LLC v. Hendrick, et al., 2:25-cv-0575 [MB-AME.FID25904740]

Counsel,

Please see the attached correspondence in connection with the above-referenced matter.

Thank you,
Alex

**Alexander S. Mendelson**
*Associate*
*Pronouns: he/him*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America
T +1 212 506 2152 | M +1 516 902 5416
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.

====================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
====================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
====================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
====================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

===================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
===================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

===================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
===================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

===================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
===================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

===================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
===================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

===================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

===================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.