## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Kalshiex, LLC, | Case No. 2:25-cv-00575-APG-BNW |
| Plaintiff, | |
| vs. | **ORDER** |
| Kirk Hendrick, et al., | |
| Defendants. | |

Before this Court is State Defendants' motion to compel. ECF No. 268. Plaintiff opposed and State Defendants replied. ECF Nos. 274 and 277. This Court held a hearing on April 20, 2026. ECF No. 290. During that hearing, this Court ruled on several aspects of the arguments presented in the motion, leaving only the issue of proportionality for determination. The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to this Order.

### I.    Legal Standard

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).  "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017).

The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) *(citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## II.    Analysis

This Court starts with the requests themselves—Request for Productions Nos. 6 and 10. In essence, those requests sought all documents and communications encompassing sports bets or sports wagers. These requests were not limited by custodian, time frame, or specific advertising language. In an attempt to narrow the requests and strike a compromise, the parties met and conferred on these requests. Although the parties reached an "agreement," they appear to have materially different understandings of its scope. There is no question that on October 16, 2025, Plaintiff made clear that it would agree to only produce advertisements placed directly by Kalshi *on one of the specified platforms*. ECF No. 268-4 at 2. But there are other (previous) communications that suggest they agreed to search more than one platform.  For example, on October 1, 2025, Plaintiff's email explains that it is "continuing to review State Defendants' proposed *platforms*." *Id.* at 13. On October 7, 2025, Plaintiff agreed to run search terms on nine separate platforms, across four time periods. ECF No. 264-6 at 7. And on October 9, 2025, Plaintiff communicated to State Defendants that it was "amenable to using Defendants' search terms on ads placed by Kalshi with the identified *platforms*…". ECF No. 268-4 at 6. And Plaintiff's own declaration confirms it agreed to "conduct a reasonable search of its advertisements on nine social media and/or internet platforms, including five "Meta" Platforms (i.e., Facebook, Facebook Blue, Instagram, Whatsapp, and Threads), TikTok, Reddit, Twitter/X, Twitch, GoogleAds, Snapchat, LinkedIn, and Reddit (the "Requested Platforms"). ECF No. 274-2 at 3.

It was only afterward that Plaintiff discovered that the tool it was going to rely on to search for these advertisements—Figma—would not be as helpful as anticipated. *Id.* at 3-4. "Thus, when Kalshi agreed to conduct a search for responsive advertisements that appeared *on all*

*of the Requested Platforms*, Kalshi was concerned that a search of each of the individual Requested Platforms would not be feasible or would be unduly burdensome." ECF No. 274 at 4.

In short, Plaintiff agreed to search more than one platform but later discovered practical difficulties and explained that it would no longer be able to do so given the limitations of the Figma tool and the absence of search functionality on many of the platforms. While the parties reached that agreement in an effort to avoid motion practice (and this Court certainly appreciated all such efforts), it does not supplant this Court's obligation to independently evaluate the discoverability of the requested information under Rule 26 once motion practice is at play. As applicable here, that requires this Court to complete the proportionality analysis.

This Court has already explained that the advertisements are relevant to the issues of preemption and the balance-of-harms analysis underlying the request for injunctive relief. The ultimate disposition of this case will have significant economic consequences for one party or another. Based on Plaintiff's declaration, the primary advertising platforms Kalshiex uses for advertising are Meta and Reddit. ECF No. 274 at 3. Advertisements placed on other platforms are likely to be duplicative of the advertisements placed on Meta and/or Reddit. *Id*. at 4. While Meta and Reddit have search tools, most of those platforms do not. *Id*. at 3.

This Court finds that the 24 advertisements State Defendants have already received are sufficient to allow them to mount their preemption arguments, and that the production of additional advertisements would not materially strengthen those arguments.

As it relates to the balance of harms, this Court recognizes that State Defendants' original requests did not expressly reference an intent to discover whether advertisements targeted younger audiences, but the breadth of those requests—which would have included advertisements across all platforms and all communications concerning such advertising—reflects an effort to obtain such information. Moreover, State Defendants have focused on this issue from the outset of the litigation, arguing early on that individuals as young as 20 years old were placing bets.

This Court also recognizes there is possibility, based on Plaintiff's practices, that any advertisements placed on Tik Tok and/or Snapchat—which target younger audiences—may be duplicative of what has been located on Meta. State Defendants have received advertisements that

were placed on Instagram—which also target younger audiences. While Kalshiex may not have a repository of all ads, it can perform a search of their own platforms. This Court understands there may not be a search tool for these two platforms, but it also recognizes that the time periods in question are narrow: 2/1/25-2/10/25, 3/24/25-4/7/25, 6/8/25-6/22/25, 8/24/25-9/23/25. Ultimately, Plaintiff has not put forth sufficient specifics to explain why conducting a search of these two platforms would be overly burdensome. That is, other than explaining that other platforms do not have a search tool, this Court has no idea how many posts it would need to go through, the number of hours that would entail, etc. In short, requiring Plaintiff to search these two platforms that are most likely to target younger audiences (and not the remaining ones) for the specific time period in question strikes an appropriate balance between State Defendants' need for relevant discovery and the need to reduce the burden on Plaintiff.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Defendants' motion to compel (ECF No. 268) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** Plaintiff will have 14 days to complete the search and produce the ads found in Tik Tok and Snapchat.

DATED this 24th day of April, 2026.

_____

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE