**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

KALSHIEX LLC,
     Plaintiff,
v.

KIRK D. HENDRICK, in his official capacity as
Chairman of the Nevada Gaming Control Board,
et al.
     Defendants,

v.

NEVADA RESORT ASSOCIATION,
     Intervenor-Defendant.

Case No. 2:25-cv-00575-APG-BNW

**[PROPOSED] STIPULATED AMENDED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, certain documents and information may be sought, produced or exhibited by and between the parties to this proceeding (the "Proceeding"), which relate to the parties' financial information, competitive information, personnel information, or other kinds of commercially sensitive information that the party making the production deems confidential; and

WHEREAS, it has been agreed by the parties to the Proceeding, through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the District of Nevada;

IT IS STIPULATED AND AGREED THAT:

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party").

2. This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Protective Order. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

3. Any Supplying Party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL," and/or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" any document or information it produces or provides or any testimony given in this Proceeding that the Supplying Party believes constitutes, reflects, or discloses its confidential and/or confidential proprietary information ("Designated Material"), pursuant to the parameters contained herein.

4. "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" or "CONFIDENTIAL -OUTSIDE COUNSEL ONLY" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed. In designating material as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," the Supplying Party will make such designation only as to that material that it, in good faith, believes to be entitled to confidential treatment under Fed. R. Civ. P. 26(c)(1)(G).

5. Written Confidential Information, including documents and interrogatory answers, produced by a Supplying Party shall, if appropriate and where possible, be designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" by marking at least the first page of the document and, wherever possible, each subsequent page thereof containing Confidential Information as follows: "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

6. Any material produced or provided in the Proceeding for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of same by the Supplying Party to the Receiving Party.

7. Information disclosed at a deposition taken in connection with this Proceeding may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" by:

   a. any Party designating testimony as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" on the record during the taking of the deposition, in

Page **3** of **17**

which case the court reporter shall mark each page as provided in paragraph 5, above; or

b. any Party notifying all other parties in writing, within thirty (30) calendar days of receipt of the final transcript of a deposition of specific pages and lines of the transcript which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

c. Up to and through thirty (30) calendar days after receipt of the final transcript of a deposition, all deposition testimony shall be treated as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY." Following such thirty day period, only deposition testimony specifically designated pursuant to ¶¶ 7a and 7b above will be so treated.

8. Confidential Information shall be disclosed by any Receiving Party only to the following persons:

a. outside counsel and attorneys employed or retained by any Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such attorneys; and independent contractors (including litigation support services personnel) who are working on the Proceeding and under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

b. such members, directors, officers, and employees of any Receiving Party as have a need to have access to such information for the prosecution and/or defense of this Proceeding;

c. subject to the further provisions of paragraph 16, any outside consultant or expert(and his, her, or its staff) actually assisting in the Proceeding and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

d. the Court, including any magistrate judge, court-ordered mediators or mediators

agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court or mediators in this Proceeding;

e.  stenographic employees and court reporters recording or transcribing testimony in the Proceeding; and

f.  the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.

9.  Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution, defense, and appeal of the Proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 8 of this Protective Order subject to the provisions of paragraphs 10 and 11.

10. Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Supplying Party designating the material as "CONFIDENTIAL" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

11. Any party that is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must promptly give written notice of such subpoena or other notice to the original Supplying Party.  Upon receiving such notice, the original Supplying Party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

12. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and, subject to the provisions of paragraphs 10 and 11, will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13. The parties recognize that, in certain circumstances, a Supplying Party may possess

documents that contain sensitive confidential and/or confidential proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 8 above, may compromise and/or jeopardize the Supplying Party's (or a third party's) business interests ("Outside Counsel Information") such that the Supplying Party deems it necessary to require additional limitations on disclosure than are set forth in paragraph 8 above. A Supplying Party may designate such Outside Counsel Information in the manner provided in paragraphs 5 or 7, except that the legend applied to such information shall be: CONFIDENTIAL - OUTSIDE COUNSEL ONLY. The Supplying Party shall designate as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" only the material that it in good faith believes to be entitled to the treatment set forth below in paragraph 14, and not for the purpose of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information necessary for the prosecution or defense of this Proceeding. The parties therefore agree to limit use of the "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation to the maximum extent practicable. Nothing in the foregoing shall preclude third parties from using the "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation as set forth in this paragraph.

14. All the provisions set forth above applicable to Confidential Information shall apply equally to Outside Counsel Information, except that disclosure of Outside Counsel Information by the Receiving Party shall be limited to the following persons:

    a. outside counsel employed or retained by any Receiving Party who are actually assisting in the Proceeding (for purposes of this paragraph, counsel employed by the State of Nevada Office of the Attorney General shall be considered outside counsel for the State Defendants); paralegals, stenographic, clerical, and litigation support employees of such outside counsel; independent contractors who are working on the Proceeding and under the direction of such outside counsel and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

    b. subject to the further provisions of paragraph 17, any outside consultant or expert (and his, her, or its staff) actually assisting in the Proceeding and to whom it is

necessary to disclose Outside Counsel Information for the purpose of assisting in, or consulting with respect to, the prosecution or defense of this Proceeding;

c.  the Court, including any magistrate judge, court-ordered mediators or mediators agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Outside Counsel Information for the purpose of assisting the Court or mediators with respect to the Proceeding;

d.  stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and

e.  the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.

15. Persons having knowledge of Outside Counsel Information by virtue of their participation in the conduct of the Proceeding shall use that Outside Counsel Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Outside Counsel Information for any other purpose nor disclose such Outside Counsel Information to any person who is not listed in paragraph 14 of this Protective Order, subject to the provisions of paragraphs 10 and 11.

16. Counsel shall take all reasonable and necessary steps to assure the security of any Outside Counsel Information and will limit access to Outside Counsel Information to those persons listed in paragraph 14 of this Protective Order.  Outside Counsel Information produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession and/or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to paragraph 14 above.

17. Prior to the disclosure of any Designated Material to any person identified in paragraphs 8 or 14 above other than the Court and its staff, any counsel of record, any employee of the law firm of outside counsel of record, or stenographic employees and court reporters recording or transcribing testimony, such person shall be provided with a copy of this Protective Order, which he or she shall read and, upon reading, sign in the form of a

Certification in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera. Persons who come into contact with Designated Material for clerical or administrative purposes pursuant to the direction of a person identified in paragraphs 8 or 14 and who do not retain copies or extracts thereof, are not required to execute Certifications.

18. Any Supplying Party may designate or redesignate under paragraphs 5 and 7, or, if agreed to by the Receiving Party or permitted by the Court, 13 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall: (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order pursuant to the redesignation; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under the applicable paragraph governing disclosure of the Redesignated Material (either paragraph 8 or 14 above).

19. Any party may request at any time permission to disclose Designated Material (the "Requesting Party") to a person other than those permitted under the applicable paragraph governing disclosure of the Designated Material (either paragraph 8 or 14), or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel. Any such request shall state the Designated Material the party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and

purpose(s) therefor. The Supplying Party or its counsel shall thereafter respond to the request in writing (which shall include email) as soon as practicable, and no later than within five (5) business days of its receipt of such request, and if consent is withheld, it shall state the reasons why consent is being withheld. If the Requesting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Requesting Party shall be free to move the Court for an Order permitting the requested disclosure. On such a motion, it will be the burden of the Supplying Party to justify its reasons for withholding consent. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

20. Any party may object ("Objecting Party") to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" and/or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within five (5) business days, respond (by hand delivery, courier, or email transmission) to such objection in writing by either: (i) agreeing to remove or change the designation; or (ii) stating the reasons for such designation. Within (5) business days of such response, the Objecting Party shall either (i) withdraw its objection; or (ii) request to meet and confer to discuss its continuing objection. Any such meet and confer will be held no later than five (5) business days after the request, and no later than fifteen (15) business days after the Objecting Party's service of a written objection. If, following the meet and confer, the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion, it will be the burden of the party seeking to remove or modify the disputed designation to show good cause for modification of the designation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise. For the avoidance of doubt, any party may object to the propriety of a

motion seeking leave of the Court to designate a document or category of documents as Outside Counsel Information.

21. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's attorneys from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information or Outside Counsel Information, provided that in rendering such advice, the attorneys shall not disclose any other party's Confidential Information or Outside Counsel Information other than in a manner provided for in this Protective Order.

22. Production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or stop the Supplying Party from designating said document or information as "CONFIDENTIAL," or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" at a later date.  Disclosure of said document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to its receipt under paragraphs 8 or 14 above, pursuant to the redesignation.

23. The inadvertent production of any attorney-client privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof.  Each such party reserves the right to redesignate as privileged or exempt any materials that it inadvertently produces.  Upon receiving written notice, parties who have received materials redesignated as privileged shall, within five (5) business days, return, sequester, or destroy all copies of such materials in accordance with Fed. R. Civ. P. 26(b)(5)(B) and provide a certification of counsel of such treatment, and shall promptly attempt to obtain all copies of materials redesignated as privileged which were transmitted to other persons, firms, or entities.  Any Receiving Party that discovers it has received what

it thinks may be inadvertently produced privileged information must promptly inform the Supplying Party.

24. Except as agreed in writing by counsel of record or ordered by the Court, if a Receiving Party intends to incorporate, reflect, describe, or attach any Confidential Information or Outside Counsel Information (the "Sealed/Redacted Information"), in whole or in part, in any pleading, motion, memorandum, appendix, or other judicial filing (the "Filing"), counsel for the Receiving Party shall: (a) provide the Supplying Party with written notice of that intent at least five (5) judicial days before the anticipated Filing; (b) file the Sealed/Redacted Information under seal in compliance with Local Rule IA 10-5; and (c) if a publicly available version of the Filing is to be submitted, redact the Sealed/Redacted Information with burned-in redactions and remove all associated metadata to ensure that the Sealed/Redacted Information is not accessible. The Supplying Party shall then promptly move to maintain the seal and/or redactions in accordance with Local Rule IA 10-5 and the requirements set forth in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006). For clarity, any portion of a deposition transcript that reflects or contains Confidential Information or Outside Counsel Information is subject to this Protective Order and must likewise be filed under seal as Sealed/Redacted Information.

25. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

26. Upon the conclusion of the Proceeding, including any appeals, all Designated Material and any and all copies shall, at the Receiving Party's option and within thirty (30) calendar days of receipt of the request, either be destroyed or returned to the Supplying Party, provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information or Outside Counsel Information; such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. Any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, containing Designated Material shall deliver to the Supplying Party an affidavit certifying that, except

as otherwise provided herein, reasonable efforts have been made to assure that all such Designated Material and any copies thereof have been destroyed or delivered in accordance with the terms of this Protective Order. The provisions of this paragraph regarding destruction or return do not apply to Designated Material, copies thereof, or other documents containing Designated Material that the Receiving Party has a separate legal obligation to maintain or that exists solely in archival electronic back-up systems; such documents, however, shall remain subject to the terms of this Protective Order.

27. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

28. The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the parties and/or order of the Court. The parties shall be free to use any Designated Material at trial and any appeals related to this Proceeding, but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials. The Court shall issue any relief it finds necessary, upon motion or agreement of the parties, prior to trial or to the hearing in open court.

29. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information or Outside Counsel Information in any manner it sees fit, without prior consent of any party or the Court.

30. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this proceeding.

31. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

32. Data produced in electronic form may be designated as Confidential Information or Outside Counsel Information by marking the data storage medium with the appropriate legend set forth in paragraphs 5, 7, or 13 above.  In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend.  If the Receiving Party prints out electronic data that is Designated Material but that does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

33. Information received under this Protective Order may be used in connection with this Proceeding and any appeal.  Such information may not be used for any other purpose, or in any other proceedings, regardless of whether KalshiEX, LLC; the Nevada Gaming Control Board; the Nevada Gaming Commission; or the Nevada Resort Association are parties to such proceedings.

34. All Designated Material (including derivatives thereof) shall not be considered public records subject to disclosure under NRS Chapter 239 or any other similar disclosure laws or regulations. In the event a Receiving Party receives a public records request that includes Designated Material, the receiving party shall notify the Supplying Party of such request within one (1) business day. The Receiving Party shall not produce any Designated Material for at least three (3) business days following the notification to the Supplying Party. If the Supplying Party does not expressly approve—in writing—to the production of the Designated Material within the three (3) business day period, the Receiving Party shall notify the requesting party that it (the Receiving Party) must deny the public records request because the Designated Material is confidential pursuant to this Protective Order. See NRS 239.0107(d).

35.  In addition to the designations of "CONFIDENTIAL" and "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," any Supplying Party shall, through counsel, have the right to identify and designate as "SCREENED INFORMATION" any document or information that it produces or provides, or any testimony given in this Proceeding, that the Supplying Party believes in good faith is non-public and is relevant and material to the civil enforcement

action filed by the Nevada Gaming Control Board against KalshiEX LLC in the First Judicial District Court of the State of Nevada on February 17, 2026, captioned *State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*, Case No. 260C00050-IB (the "Enforcement Action"); provided, however, that (a) the Supplying Party shall not designate as Screened Information any information shared in the ordinary course with the Commodity Futures Trading Commission, and (b) the Screened Information designation shall apply on a go-forward basis only from the date of this Stipulated Amended Confidentiality Agreement and Protective Order, and shall not be used to redesignate any previously produced materials.

36. Screened Information shall be designated in the manner provided in paragraphs 5 or 7 above, except that the legend applied to such information shall be: "SCREENED INFORMATION." The Supplying Party shall designate as "SCREENED INFORMATION" only the material that it in good faith believes to be entitled to the treatment set forth in this paragraph and paragraphs 37 through 39 below, and not for the purpose of harassing the Receiving Party or unnecessarily restricting the Receiving Party's access to information necessary for the prosecution or defense of this Proceeding. The parties agree to limit use of the "SCREENED INFORMATION" designation to the maximum extent practicable.

37. All the provisions set forth above applicable to Confidential Information and Outside Counsel Information shall apply equally to Screened Information, except that disclosure of Screened Information by the Receiving Party shall be limited to the following persons: (a) for State Defendants, outside counsel from Mayer Brown LLP (or any other outside counsel for State Defendants other than counsel employed by the State of Nevada Office of the Attorney General) who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such outside counsel; and independent contractors who are working on the Proceeding under the direction of such outside counsel; (b) any outside consultant or expert (and his, her, or its staff) actually assisting in the Proceeding and to whom it is necessary to disclose Screened Information for the purpose of assisting in, or consulting with respect to, the prosecution or defense of this Proceeding, subject to the further provisions of paragraph 17; (c) the Court, including any magistrate

judge, court-ordered mediators or mediators agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Screened Information for the purpose of assisting the Court or mediators with respect to the Proceeding; (d) stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and (e) the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position. For the avoidance of doubt, attorneys and other employees of the State of Nevada Office of the Attorney General shall not be permitted to receive or review Screened Information.

38. Persons having knowledge of Screened Information by virtue of their participation in the conduct of the Proceeding shall use that Screened Information only in connection with the prosecution, defense, or appeal of the Proceeding, and shall neither use such Screened Information for any other purpose nor disclose such Screened Information to any person who is not listed in paragraph 37 of this Protective Order, subject to the provisions of paragraphs 10 and 11. For the avoidance of doubt, and absent further order of this Court, persons having knowledge of Screened Information by virtue of their participation in the conduct of this Proceeding shall not use that Screened Information in connection with the prosecution, defense, or appeal of any other proceeding, including but not limited to the Enforcement Action.

39. Any party may object to the propriety of a designation (or redesignation) of specific material as "SCREENED INFORMATION" pursuant to the procedures set forth in paragraph 20 above, and any such objection shall be resolved on a document-by-document basis. The parties shall meet and confer in good faith regarding a protocol for the handling of Screened Information and material designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" in connection with depositions in this Proceeding.

Respectfully submitted on May 4, 2026.

/s/ Paul C. Williams
Dennis L. Kennedy (Bar No. 1462)
Paul C. Williams (Bar No. 12524)
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, NV 89148
Telephone: (702) 562-8820
dkennedy@baileykennedy.com
pwilliams@baileykennedy.com

Neal Kumar Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
William E. Havemann (*pro hac vice*)
Milbank LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 835-7505
nkatyal@milbank.com
jsterling@milbank.com
whavemann@milbank.com

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
Katherine K. Fell (*pro hac vice*)
Nicole Valente (*pro hac vice*)
Katrin Cassidy-Ginsberg (*pro hac vice*)
Victor Hollenberg (*pro hac vice*)
Milbank LLP
55 Hudson Yards
New York, N.Y. 10001
Telephone: (212) 530-5000
gmainland@milbank.com
aporter@milbank.com
kfell@milbank.com
nvalente@milbank.com
kcassidy-ginsberg@milbank.com
vhollenberg@milbank.com

*Attorneys for Plaintiff KalshiEX LLC*

/s/ Rory K. Schneider
AARON D. FORD
Attorney General
Jessica E. Whelan (Bar No. 14781)
  Chief Deputy Solicitor General
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
Telephone: (702) 486-3420
jwhelan@ag.nv.gov
sclinton@ag.nv.gov

Nicole A. Saharsky (*pro hac vice*)
Minh Nguyen-Dang (*pro hac vice*)
Mayer Brown LLP
1999 K Street NW
Washington, D.C. 20006
Telephone: (202) 263-5282
nsaharsky@mayerbrown.com
mnguyen-Dang@mayerbrown.com

Rory K. Schneider (*pro hac vice*)
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
rschneider@mayerbrown.com

*Attorneys for State Defendants*

/s/ Adam Hosmer-Henner
Adam Hosmer-Henner (Bar. No. 12779)
A.G. Burnett (Bar No. 5895)
Jane Susskind (Bar No. 15099)
Katrina Weil (Bar No. 16152)
McDonald Carano LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-200
ahosmerhenner@mcdonaldcarano.com
agburnett@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
kweil@mcdonaldcarano.com

*Attorneys for Intervenor-Defendant*

## ORDER

This Court GRANTS parties' proposed confidentiality agreement and protective order as stipulated to above.

_____

UNITED STATES MAGISTRATE JUDGE

Dated: May 5, 2026