# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

Kalshiex, LLC.,

          Plaintiffs,

    v.

Mike Dreitzer, et al.,

          Defendants.

Case No. 2:25-cv-00575-APG-BNW

**ORDER**

Before this Court is State Defendants' motion to seal. ECF No. 284. Kalshiex has not filed a responsive brief. For the reasons discussed below, this Court denies the motion to seal without prejudice. Should Kalshiex wish to maintain the documents in question under seal, it must file a new motion to seal by June 8, 2026.

## I.    DISCUSSION

### A.  Motion to Seal

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify

private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Stipulated protective orders alone do not justify sealing court records. *Kamakana*, 447 F.3d at 1183; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause). Stipulated protective orders "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1183. Because judges sign off on these protective orders without making individualized findings, they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Id.*; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

Here, State Defendants move to redact portions of their Motion to Compel, dated April 13, and to file under seal two exhibits to the Declaration of Rory K. Schneider in support of their motion.[1] State Defendants explain that Kalshiex has designated the information in question as confidential pursuant to the Stipulated Protective Order. But Kalshiex has not provided any arguments constituting good cause for the redaction/sealing of the information in quetsion.

As a result, the motion to seal is denied without prejudice. If Kalshiex wishes to maintain this information under seal, it must file a new motion in which it advances arguments in support of the need to redact/seal this information under the applicable standards. Such motion will be due June 8, 2026. In the interim, this Court will maintain ECF No. 283 under seal. Should no motion be filed by then, this Court will assume Kalshiex does not oppose the unsealing of these documents.

## II.    CONCLUSION

**IT IS ORDERED** that State Defendants' motion to seal (ECF No. 284) is **DENIED** without prejudice. However, the Clerk's Office is directed to maintain ECF No. 283 under seal until further orders from this Court.

DATED: May 6, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] The redacted motion to compel is at ECF No. 282. The unredacted and sealed version is at ECF No. 283.